| | |
|---|---|
| 1 | James J. Elacqua (State Bar No.: 187897) |
| | Jeannine Yoo Sano (State Bar No.: 174190) |
| 2 | DEWEY BALLANTINE LLP |
| | 1950 University Avenue, Suite 500 |
| 3 | East Palo Alto, California 94303-2225 |
| | Telephone: (650) 845-7000 |
| 4 | Facsimile: (650) 845-7333 |

ORIGINAL FILED

JAN 2 5 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

5  Kevin S. Kudlac (*pro hac vice* application filed)
   Pierre J. Hubert (*pro hac vice* application filed)
6  Brian K. Erickson (*pro hac vice* application filed)
   DEWEY BALLANTINE LLP
7  401 Congress Avenue, Suite 3200
   Austin, Texas 78701
8  Telephone: (512) 226-0300
   Facsimile: (512) 226-0333
9
   Attorneys for Plaintiff
10 RAMBUS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

E-filing

C 05   00334  EDL

| | | |
|---|---|---|
| 14 | RAMBUS INC., | |
| 15 | Plaintiff, | Case No. _____ |
| 16 | v. | **COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND** |
| 17 | HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC., | |
| 19 | INFINEON TECHNOLOGIES AG, INFINEON TECHNOLOGIES NORTH AMERICA CORP., | |
| 21 | NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A., | |
| 23 | INOTERA MEMORIES, INC., | |
| 24 | Defendants. | |

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

26  Plaintiff Rambus Inc. states the following as its Complaint against Defendants Hynix
27  Semiconductor Inc., Hynix Semiconductor America Inc., Hynix Semiconductor Manufacturing
28  America Inc., Infineon Technologies AG, Infineon Technologies North America Corp., Nanya

Technology Corporation, Nanya Technology Corporation U.S.A., and Inotera Memories, Inc. (collectively "Defendants").

## THE PARTIES

1. Rambus is a corporation organized and existing under the laws of Delaware, with its principal place of business in Los Altos, California. Rambus is a technology leader in developing chip-to-chip interface solutions that enable higher performance and system bandwidth for a broad range of consumer electronic, computing and networking applications. Rambus memory and logic interface products provide the connection from chip-to-chip, system-to-system and person-to-person, enabling state-of-the-art performance for users of PCs, video game consoles, printers, digital TVs, set-top boxes, printers, video projectors, network switches and routers.

2. Upon information and belief, Defendant Hynix Semiconductor Inc. is a corporation organized and existing under the laws of Korea, with its headquarters located at San 136-1, Ami-Ri Bubal-eub Ichon-si Kyoungki-do, Korea 467-860. Defendant Hynix Semiconductor America Inc., a wholly owned subsidiary of Hynix Semiconductor Inc., is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 3101 North First Street, San Jose, California 95134. Defendant Hynix Semiconductor Manufacturing America Inc. is a California corporation, having its principal place of business at 1830 Willow Creek Circle, Eugene, Oregon 97402. Defendants Hynix Semiconductor Inc., Hynix Semiconductor America Inc., and Hynix Semiconductor Manufacturing America Inc. (collectively "Hynix") transact substantial business, either directly or through their agents, on an ongoing basis in this judicial district and elsewhere in the United States.

3. Upon information and belief, Defendant Infineon Technologies AG is a corporation organized and existing under the laws of Germany, with its headquarters located at St.-Martin-Str. 53, 81669 Munich, Germany. Defendant Infineon Technologies North America Corp., a wholly owned subsidiary of Infineon Technologies AG, is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 1730 North

First Street, San Jose, California 95112. Defendants Infineon Technologies AG and Infineon Technologies North America Corp. (collectively "Infineon") transact substantial business, either directly or through their agents, on an ongoing basis in this judicial district and elsewhere in the United States.

4.    Upon information and belief, Defendant Nanya Technology Corporation is a corporation organized and existing under the laws of Taiwan, with a principal place of business located at Hwa Ya Technology Park 669 Fu Hsing 3rd Road, Kueishan, Taoyuan, Taiwan R.O.C. Defendant Nanya Technology Corporation U.S.A. is a wholly owned subsidiary of Nanya Technology Corporation, with its principal place of business at 675 East Brokaw Road, San Jose, California 95112. Defendants Nanya Technology Corporation and Nanya Technology Corporation U.S.A. (collectively "Nanya") transact substantial business, either directly or through their agents, on an ongoing basis in this judicial district and elsewhere in the United States.

5.    Upon information and belief, Defendant Inotera Memories, Inc. ("Inotera"), a corporation organized and existing under the laws of Taiwan with its headquarters located at Hwa Ya Technology Park, 667 Fu Hsing 3rd Road, Kueishan, Taoyuan, Taiwan R.O.C., is a joint venture between Infineon and Nanya, which transacts substantial business, either directly or through its agents, on an ongoing basis in this judicial district and elsewhere in the United States.

6.    Unless specifically stated otherwise, the acts complained of herein were committed by, on behalf of, and/or for the benefit of Defendants.

## NATURE OF THE ACTION

7.    This is an action for patent infringement.

8.    Hynix, Infineon, Nanya, and Inotera have infringed and continue to infringe, contribute to the infringement of, and/or actively induce others to infringe Rambus' U.S. Patent No. 6,182,184 ("the '184 Patent"), U.S. Patent No. 6,260,097 ("the '097 Patent"), U.S. Patent No. 6,266,285 ("the '285 Patent"), U.S. Patent No. 6,314,051 ("the '051 Patent"), U.S. Patent No. 6,493,789 ("the '789 Patent"), U.S. Patent No. 6,496,897 ("the '897 Patent"), U.S. Patent No. 6,546,446 ("the '6,446 Patent"), U.S. Patent No. 6,564,281 ("the '281 Patent"), U.S. Patent

No. 6,584,037 ("the '037 Patent"), U.S. Patent No. 6,697,295 ("the '295 Patent"), U.S. Patent No. 6,701,446 ("the '1,446 Patent"), U.S. Patent No. 6,715,020 ("the '5,020 Patent"), U.S. Patent No. 6,751,696 ("the '696 Patent"), and/or U.S. Patent No. 6,807,598 ("the '598 Patent") (collectively "Patents Asserted Against Defendants"). In addition, Infineon, Nanya, and Inotera have infringed and continue to infringe, contribute to the infringement of, and/or actively induce others to infringe Rambus' U.S. Patent No. 6,324,120 ("the '120 Patent"), U.S. Patent No. 6,378,020 ("the '8,020 Patent"), U.S. Patent No. 6,426,916 ("the '916 Patent"), and U.S. Patent No. 6,452,863 ("the '863 Patent") (collectively "Patents Asserted Against Infineon, Nanya, and Inotera"). Hereinafter, all patents in suit are collectively referred to as the "Rambus Patents."

## JURISDICTION AND VENUE

9. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over Defendants because Defendants conduct business in the State of California and have infringed, have contributed to the infringement of, have actively induced, continue to infringe, continue to contribute to the infringement of, and/or continue to actively induce others to infringe Rambus Patents as alleged below.

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d) and/or 1400(b) because a substantial part of the events giving rise to Rambus' claims occurred in the Northern District of California and because each defendant is either resident in or otherwise subject to personal jurisdiction in the Northern District of California.

## FACTUAL BACKGROUND

12. Rambus is one of the world's leading designers of memory technologies used in computers, consumer electronics and network systems. Rambus also licenses its technology to various consumers, which incorporate Rambus memory technologies into various products, including memory components, memory modules, memory controllers and memory systems.

13. Upon information and belief, Defendants are in the business of, *inter alia*, making, using, selling, importing and/or offering for sale products in the United States that

-4-

1 consist of or include: DDR2 (Double Data Rate 2), GDDR2 (Graphics Double Data Rate 2), and/or GDDR3 (Graphics Double Data Rate 3) memory components; DDR2 memory modules; and/or DDR2, GDDR2, and/or GDDR3 memory controllers (collectively "Accused Products").

14. Upon information and belief, Hynix has made, used, sold, imported and/or offered for sale products consisting of or including Accused Products.

15. Upon information and belief, Infineon has made, used, sold, imported and/or offered for sale products consisting of or including Accused Products.

16. Upon information and belief, Nanya has made, used, sold, imported and/or offered for sale products consisting of or including Accused Products.

17. Upon information and belief, Inotera has made, used, sold, imported and/or offered for sale products consisting of or including Accused Products.

18. On January 30, 2001, U.S. Patent No. 6,182,184 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Method of Operating a Memory Device Having a Variable Data Input Length." A true and correct copy of the '184 Patent is attached as Exhibit A and incorporated herein by reference.

19. On July 10, 2001, U.S. Patent No. 6,260,097 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Method and Apparatus for Controlling a Synchronous Memory Device." A true and correct copy of the '097 Patent is attached as Exhibit B and incorporated herein by reference.

20. On July 24, 2001, U.S. Patent No. 6,266,285 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Method of Operating a Memory Device Having Write Latency." A true and correct copy of the '285 Patent is attached as Exhibit C and incorporated herein by reference.

21. On November 6, 2001, U.S. Patent No. 6,314,051 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Memory Device Having Write Latency." A true and correct copy of the '051 Patent is attached as Exhibit D and incorporated herein by reference.

22. On November 27, 2001, U.S. Patent No. 6,324,120 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Memory Device Having a Variable Data Output Length." A true and correct copy of the '120 Patent is attached as Exhibit E and incorporated herein by reference.

23. On April 23, 2002, U.S. Patent No. 6,378,020 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "System Having Double Data Transfer Rate and Intergrated Circuit Therefor." A true and correct copy of the '8,020 Patent is attached as Exhibit F and incorporated herein by reference.

24. On July 30, 2002, U.S. Patent No. 6,426,916 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Memory Device Having a Variable Data Output Length and a Programmable Register." A true and correct copy of the '916 Patent is attached as Exhibit G and incorporated herein by reference.

25. On September 17, 2002, U.S. Patent No. 6,452,863 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Method of Operating a Memory Device Having a Variable Data Input Length." A true and correct copy of the '863 Patent is attached as Exhibit H and incorporated herein by reference.

26. On December 10, 2002, U.S. Patent No. 6,493,789 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Memory Device Which Receives Write Masking and Automatic Precharge Information." A true and correct copy of the '789 Patent is attached as Exhibit I and incorporated herein by reference.

27. On December 17, 2002, U.S. Patent No. 6,496,897 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Semiconductor Memory Device Which Receives Write Masking Information." A true and correct copy of the '897 Patent is attached as Exhibit J and incorporated herein by reference.

28. On April 8, 2003, U.S. Patent No. 6,546,446 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Synchronous Memory Device Having Automatic Precharge." A true and correct copy of the '6,446 Patent is attached as Exhibit K and incorporated herein by reference.

29. On May 13, 2003, U.S. Patent No. 6,564,281 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Synchronous Memory Device Having Automatic Precharge." A true and correct copy of the '281 Patent is attached as Exhibit L and incorporated herein by reference.

30. On June 24, 2003, U.S. Patent No. 6,584,037 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Memory Device Which Samples Data After an Amount of Time Transpires." A true and correct copy of the '037 Patent is attached as Exhibit M and incorporated herein by reference.

31. On February 24, 2004, U.S. Patent No. 6,697,295 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Memory Device Having a Programmable Register." A true and correct copy of the '295 Patent is attached as Exhibit N and incorporated herein by reference.

32. On March 2, 2004, U.S. Patent No. 6,701,446 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Power Control System for Synchronous Memory Device." A true and correct copy of the '1,446 Patent is attached as Exhibit O and incorporated herein by reference.

33. On March 30, 2004, U.S. Patent No. 6,715,020 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Synchronous Integrated Circuit Device." A true and correct copy of the '5,020 Patent is attached as Exhibit P and incorporated herein by reference.

34. On June 15, 2004, U.S. Patent No. 6,751,696 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Memory Device Having a Programmable Register." A true and correct copy of the '696 Patent is attached as Exhibit Q and incorporated herein by reference.

35. On October 19, 2004, U.S. Patent No. 6,807,598 was duly and legally issued to and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Integrated Circuit Device Having Double Data Rate Capability." A true and correct copy of the '598 Patent is attached as Exhibit R and incorporated herein by reference.

36. At all relevant times, Rambus has been the owner of the entire right, title, and interest in each of the Rambus Patents.

37. Rambus is entitled to recover from Defendants the actual damages sustained by Rambus as a result of Defendants' wrongful acts alleged herein under 35 U.S.C. § 284 in an amount to be proven at trial, together with interest and costs.

38. Upon information and belief, Defendants' infringement of the Rambus Patents as set forth herein is willful, deliberate and in disregard of Rambus' patent rights, and Rambus is therefore entitled to increased damages up to three times the amount of actual damages and attorneys' fees, pursuant to 35 U.S.C. §§ 284, 285.

## COUNT I
### Against All Defendants
### (Patent Infringement of U.S. Patent No. 6,182,184 Under 35 U.S.C. § 271, *et. seq.*)

39. Rambus incorporates by reference and realleges paragraphs 1 through 38 above as though fully restated herein.

40. Upon information and belief, Defendants (1) have infringed and continue to infringe the '184 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '184 Patent, and/or actively induced others to infringe the '184 Patent, in this district and elsewhere in the United States.

## COUNT II
### Against All Defendants
### (Patent Infringement of U.S. Patent No. 6,260,097 Under 35 U.S.C. § 271, *et. seq.*)

41. Rambus incorporates by reference and realleges paragraphs 1 through 40 above as though fully restated herein.

42. Upon information and belief, Defendants (1) have infringed and continue to infringe the '097 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused

Products, and/or (2) have contributed to the infringement of the '097 Patent, and/or actively induced others to infringe the '097 Patent, in this district and elsewhere in the United States.

## COUNT III
### Against All Defendants
### (Patent Infringement of U.S. Patent No. 6,266,285 Under 35 U.S.C. § 271, *et. seq.*)

43. Rambus incorporates by reference and realleges paragraphs 1 through 42 above as though fully restated herein.

44. Upon information and belief, Defendants (1) have infringed and continue to infringe the '285 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '285 Patent, and/or actively induced others to infringe the '285 Patent, in this district and elsewhere in the United States.

## COUNT IV
### Against All Defendants
### (Patent Infringement of U.S. Patent No. 6,314,051 Under 35 U.S.C. § 271, *et. seq.*)

45. Rambus incorporates by reference and realleges paragraphs 1 through 44 above as though fully restated herein.

46. Upon information and belief, Defendants (1) have infringed and continue to infringe the '051 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '051 Patent, and/or actively induced others to infringe the '051 Patent, in this district and elsewhere in the United States.

## COUNT V
### Against Infineon, Nanya, and Inotera Only
### (Patent Infringement of U.S. Patent No. 6,324,120 Under 35 U.S.C. § 271, *et. seq.*)

47. Rambus incorporates by reference and realleges paragraphs 1 through 46 above as though fully restated herein.

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

48. Upon information and belief, Infineon, Nanya, and Inotera (1) have infringed and continue to infringe the '120 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '120 Patent, and/or actively induced others to infringe the '120 Patent, in this district and elsewhere in the United States.

## COUNT VI
**Against Infineon, Nanya, and Inotera Only**
**(Patent Infringement of U.S. Patent No. 6,378,020**
**Under 35 U.S.C. § 271, *et. seq.*)**

49. Rambus incorporates by reference and realleges paragraphs 1 through 48 above as though fully restated herein.

50. Upon information and belief, Infineon, Nanya, and Inotera (1) have infringed and continue to infringe the '8,020 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '8,020 Patent, and/or actively induced others to infringe the '8,020 Patent, in this district and elsewhere in the United States.

## COUNT VII
**Against Infineon, Nanya, and Inotera Only**
**(Patent Infringement of U.S. Patent No. 6,426,916**
**Under 35 U.S.C. § 271, *et. seq.*)**

51. Rambus incorporates by reference and realleges paragraphs 1 through 50 above as though fully restated herein.

52. Upon information and belief, Infineon, Nanya, and Inotera (1) have infringed and continue to infringe the '916 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '916 Patent, and/or actively induced others to infringe the '916 Patent, in this district and elsewhere in the United States.

## COUNT VIII
### Against Infineon, Nanya, and Inotera Only
### (Patent Infringement of U.S. Patent No. 6,452,863
### Under 35 U.S.C. § 271, *et. seq.*)

53. Rambus incorporates by reference and realleges paragraphs 1 through 52 above as though fully restated herein.

54. Upon information and belief, Infineon, Nanya, and Inotera (1) have infringed and continue to infringe the '863 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '863 Patent, and/or actively induced others to infringe the '863 Patent, in this district and elsewhere in the United States.

## COUNT IX
### Against All Defendants
### (Patent Infringement of U.S. Patent No. 6,493,789
### Under 35 U.S.C. § 271, *et. seq.*)

55. Rambus incorporates by reference and realleges paragraphs 1 through 54 above as though fully restated herein.

56. Upon information and belief, Defendants (1) have infringed and continue to infringe the '789 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '789 Patent, and/or actively induced others to infringe the '789 Patent, in this district and elsewhere in the United States.

## COUNT X
### Against All Defendants
### (Patent Infringement of U.S. Patent No. 6,496,897
### Under 35 U.S.C. § 271, *et. seq.*)

57. Rambus incorporates by reference and realleges paragraphs 1 through 56 above as though fully restated herein.

58. Upon information and belief, Defendants (1) have infringed and continue to infringe the '897 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused

Products, and/or (2) have contributed to the infringement of the '897 Patent, and/or actively induced others to infringe the '897 Patent, in this district and elsewhere in the United States.

### COUNT XI
**Against All Defendants**
**(Patent Infringement of U.S. Patent No. 6,546,446**
**Under 35 U.S.C. § 271, *et. seq.*)**

59. Rambus incorporates by reference and realleges paragraphs 1 through 58 above as though fully restated herein.

60. Upon information and belief, Defendants (1) have infringed and continue to infringe the '6,446 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '6,446 Patent, and/or actively induced others to infringe the '6,446 Patent, in this district and elsewhere in the United States.

### COUNT XII
**Against All Defendants**
**(Patent Infringement of U.S. Patent No. 6,564,281**
**Under 35 U.S.C. § 271, *et. seq.*)**

61. Rambus incorporates by reference and realleges paragraphs 1 through 60 above as though fully restated herein.

62. Upon information and belief, Defendants (1) have infringed and continue to infringe the '281 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '281 Patent, and/or actively induced others to infringe the '281 Patent, in this district and elsewhere in the United States.

### COUNT XIII
**Against All Defendants**
**(Patent Infringement of U.S. Patent No. 6,584,037**
**Under 35 U.S.C. § 271, *et. seq.*)**

63. Rambus incorporates by reference and realleges paragraphs 1 through 62 above as though fully restated herein.

64. Upon information and belief, Defendants (1) have infringed and continue to infringe the '037 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '037 Patent, and/or actively induced others to infringe the '037 Patent, in this district and elsewhere in the United States.

### COUNT XIV
### Against All Defendants
### (Patent Infringement of U.S. Patent No. 6,697,295 Under 35 U.S.C. § 271, *et. seq.*)

65. Rambus incorporates by reference and realleges paragraphs 1 through 64 above as though fully restated herein.

66. Upon information and belief, Defendants (1) have infringed and continue to infringe the '295 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '295 Patent, and/or actively induced others to infringe the '295 Patent, in this district and elsewhere in the United States.

### COUNT XV
### Against All Defendants
### (Patent Infringement of U.S. Patent No. 6,701,446 Under 35 U.S.C. § 271, *et. seq.*)

67. Rambus incorporates by reference and realleges paragraphs 1 through 66 above as though fully restated herein.

68. Upon information and belief, Defendants (1) have infringed and continue to infringe the '1,446 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '1,446 Patent, and/or actively induced others to infringe the '1,446 Patent, in this district and elsewhere in the United States.

## COUNT XVI
**Against All Defendants**
**(Patent Infringement of U.S. Patent No. 6,715,020**
**Under 35 U.S.C. § 271, *et. seq.*)**

69.     Rambus incorporates by reference and realleges paragraphs 1 through 68 above as though fully restated herein.

70.     Upon information and belief, Defendants (1) have infringed and continue to infringe the '5,020 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '5,020 Patent, and/or actively induced others to infringe the '5,020 Patent, in this district and elsewhere in the United States.

## COUNT XVII
**Against All Defendants**
**(Patent Infringement of U.S. Patent No. 6,751,696**
**Under 35 U.S.C. § 271, *et. seq.*)**

71.     Rambus incorporates by reference and realleges paragraphs 1 through 70 above as though fully restated herein.

72.     Upon information and belief, Defendants (1) have infringed and continue to infringe the '696 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '696 Patent, and/or actively induced others to infringe the '696 Patent, in this district and elsewhere in the United States.

## COUNT XVIII
**Against All Defendants**
**(Patent Infringement of U.S. Patent No. 6,807,598**
**Under 35 U.S.C. § 271, *et. seq.*)**

73.     Rambus incorporates by reference and realleges paragraphs 1 through 72 above as though fully restated herein.

74.     Upon information and belief, Defendants (1) have infringed and continue to infringe the '598 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused

1  Products, and/or (2) have contributed to the infringement of the '598 Patent, and/or actively
2  induced others to infringe the '598 Patent, in this district and elsewhere in the United States.

### PRAYER FOR RELIEF

WHEREFORE, Rambus asks this Court to enter judgment in its favor against Defendants and grant the following relief:

A. An adjudication that Defendants have infringed and continue to infringe the Rambus Patents as alleged above;

B. An accounting of all damages sustained by Rambus as a result of Defendants' acts of infringement;

C. An award to Rambus of actual damages adequate to compensate Rambus for Defendants' acts of patent infringement, together with prejudgment interest;

D. An award to Rambus of enhanced damages, up to and including trebling of Rambus' damages pursuant to 35 U.S.C. § 284 for Defendants' willful infringement;

E. An award of Rambus' costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

F. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining Hynix, Infineon, Nanya, and Inotera, and each of their agents, servants, employees, principals, officers, attorneys, successors, assignees, and all those in active concert or participation with them, including related individuals and entities, customers, representatives, OEMs, dealers, and distributors from further acts of (1) infringement, (2) contributory infringement, and (3) active inducement to infringe with respect to the claims of the Patents Asserted Against Defendants; and enjoining Infineon, Nanya, and Inotera, and each of their agents, servants, employees, principals, officers, attorneys, successors, assignees, and all those in active concert or participation with them, including related individuals and entities, customers, representatives, OEMs, dealers, and distributors from further acts of (1) infringement, (2) contributory infringement, and (3) active inducement to infringe with respect to the claims of the Patents Asserted Against Infineon, Nanya, and Inotera;

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

-15-

Complaint for Patent Infringement
and Jury Demand

G. Any further relief that this Court deems just and proper.

Respectfully submitted,

DATED: January 25, 2005

DEWEY BALLANTINE LLP

By: _____
Jeannine Sano

Attorneys for Plaintiff
RAMBUS INC.

## DEMAND FOR A JURY TRIAL

Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure and in accordance with Civil Local Rule 3-6, Rambus demands a trial by jury of all issues so triable in this matter.

Respectfully submitted,

DATED: January 25, 2005

DEWEY BALLANTINE LLP

By: _____
Jeannine Sano

Attorneys for Plaintiff
RAMBUS INC.