WILLIAM L. ANTHONY, JR. (STATE BAR NO. 106908)
KAI TSENG (STATE BAR NO. 193756)
VICKIE L. FEEMAN (STATE BAR NO. 177487)
CRAIG R. KAUFMAN (STATE BAR NO. 159458)
JASON S. ANGELL (STATE BAR NO. 221607)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:    650-614-7400
Facsimile:     650-614-7401

DAVIN M. STOCKWELL (STATE BAR NO. 212957)
MARK J. SHEAN (STATE BAR NO. 217671)
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92514-2558
Telephone:    949-567-6700
Facsimile:     949-567-6710

Attorneys for Defendants and Counterclaim Plaintiffs
NANYA TECHNOLOGY CORPORATION and
NANYA TECHNOLOGY CORPORATION U.S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

*E-FILED - 12/6/05*

| | |
|---|---|
| RAMBUS INC., | Case No. CV-05-00334 RMW |
| Plaintiff and Counterdefendant, | **ORDER REGARDING PRODUCTION OF DOCUMENTS SUBJECT TO PRIVILEGE PIERCING ORDERS IN RELATED CASE** |
| v. | |
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA, INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC., | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P., | |
| NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A., | |
| Defendants and Counterclaimants. | |


At the hearing before the Court on November 18, 2005, Nanya Technology Corporation and Nanya Technology Corporation U.S.A. (collectively, "Nanya") advised that they intend to seek in discovery in this matter certain documents that Rambus Inc. ("Rambus") contends are privileged but were subject to several orders of the Court in *Hynix Semiconductor Inc. et al. v. Rambus Inc.,* Case No. CV-00-20905 RMW ("*Hynix*") overruling Rambus's privilege claims – specifically documents subject to Orders in *Hynix* dated February 26, 2004, January 31, 2005, and August 26, 2005 (as clarified by the Order issued on October 4, 2005) (collectively, "the Privileged Documents"). Rambus continues to assert that the Privileged Documents are privileged and protected from discovery, including in this litigation.

Notwithstanding Rambus's continued objection to the production of the Privileged Documents, for the reasons set forth in the prior Orders in *Hynix* identified above,

IT IS HEREBY ORDERED that Rambus's attorney-client privilege and work product objections to the production of the Privileged Documents are overruled. The Privileged Documents shall not be withheld from Nanya by Rambus on grounds of privilege during the normal course of discovery ordered by the Court and shall be produced to Nanya within 10 days of entry of this Order without the need for further requests by Nanya for such production. Rambus's obligation under this Order to produce such Privileged Documents is not contingent upon the entry of a Protective Order in this action. Rambus may, however, produce such Privileged documents to Nanya on an outside counsel only basis, subject to the protections available under Patent Local Rule 2-2, until a Protective Order is entered in this action. Nanya will be thereafter required to accord the Privileged Documents the highest protection available under the Protective Order to be entered in this action.

**IT IS SO ORDERED.**

Dated:  12/1/05

/S/ RONALD M. WHYTE
The Honorable Ronald M. Whyte
United States District Court Judge