1

2

3

4                                                          **E-FILED**:  4/24/07

5

6

7

8                        UNITED STATES DISTRICT COURT
                         NORTHERN DISTRICT OF CALIFORNIA
9                             SAN JOSE DIVISION

10  HYNIX SEMICONDUCTOR INC.; HYNIX          CASE NO. C 00-20905 RMW
    SEMICONDUCTOR AMERICA, INC.; HYNIX
11  SEMICONDUCTOR U.K. LTD.; and HYNIX       **JOINT CASE MANAGEMENT**
    SEMICONDUCTOR DEUTSCHLAND GmbH,          **ORDER**
12
                  Plaintiffs,
13                                           Judge:      Hon. Ronald M. Whyte
            vs.
14
    RAMBUS INC.,
15
                  Defendant.
16
    RAMBUS INC.,                             CASE NO. C 05-00334 RMW
17
                  Plaintiff,
18
            v.
19
    HYNIX SEMICONDUCTOR INC., HYNIX
20  SEMICONDUCTOR AMERICA INC., HYNIX
    SEMICONDUCTOR MANUFACTURING
21  AMERICA INC.,

22  SAMSUNG ELECTRONICS CO., LTD.,
    SAMSUNG ELECTRONICS AMERICA, INC.,
23  SAMSUNG SEMICONDUCTOR, INC.,
    SAMSUNG AUSTIN SEMICONDUCTOR, L.P.,
24
    NANYA TECHNOLOGY CORPORATION,
25  NANYA TECHNOLOGY CORPORATION U.S.A.,

26                Defendants.

27

28

    2786638.1

| | |
|---|---|
| 1 | RAMBUS INC., | CASE NO. C 05-02298 RMW |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P., | |

1   RAMBUS INC.,                                          CASE NO. C 05-02298 RMW

2                    Plaintiff,

3         v.

4   SAMSUNG ELECTRONICS CO., LTD., SAMSUNG
    ELECTRONICS AMERICA, INC., SAMSUNG
5   SEMICONDUCTOR, INC., SAMSUNG AUSTIN
    SEMICONDUCTOR, L.P.,
6
7                    Defendants.

8   RAMBUS INC.,                                          CASE NO. C 06-00244 RMW

                     Plaintiff,
9
10        vs.

11  MICRON TECHNOLOGY, INC., and MICRON
    SEMICONDUCTOR PRODUCTS, INC.,
12
                     Defendants.
13

Having considered the comments and proposals presented by the parties in advance of the April 4, 2007 case management conference and during that conference, and in recognition of the need for a detailed Case Management Order to adopt special procedures for managing the complex issues and multiple parties in future proceedings for Case Nos. 00-20905, 05-00334, 05-02298, and 06-00244 pursuant to Federal Rule of Civil Procedure 16(c)(12) and the court's inherent powers, the court ORDERS:

1.  **Trial Phasing**

    a.  *January 22 Trial in Rambus NDCal Cases.*

        (1)  Case Nos. 00-20905, 05-00334, 05-02298, and 06-00244 (the "Rambus NDCal Cases") shall have a consolidated trial of the common claims and defenses identified in Attachment A.[1]  These claims and defenses for all parties in the Rambus NDCal Cases shall be tried together in a trial commencing on January 22, 2008 (hereinafter the "January 22 Trial"). Attachment A identifies the claims and defenses in the parties' current pleadings that shall be tried in the January 22 Trial.[2]  Attachment B delineates the pretrial schedule for the January 22 Trial that was agreed upon at the April 4, 2007 Case Management Conference.

        (2)  It is the court's intention that Case No. 00-20905 will be ready for entry of final judgment shortly after the conclusion of the January 22 Trial, subject to post-trial motions.

---

[1]     Rambus, Micron, and Samsung have objected to this trial format.  The submission of the proposed case management order by these parties does not constitute a waiver of such parties' objections to a consolidated trial.  However, in light of the court's decision to conduct a consolidated trial on common issues, the parties have agreed as to the claims and defenses to be tried in the trial commencing January 22, 2008 and the claims and defenses that will be part of subsequent proceedings, as well as certain corresponding pretrial schedules.

[2]     Certain issues, such as spoliation, will not be included in the January 22 Trial even if they are referred to in the pleadings.  To the extent a claim or defense includes multiple bases, only some of which are included in the January 22 Trial, resolution of a portion of the claim or defense in the January 22 Trial will not operate as a bar under res judicata or similar principles to resolution of the balance of such claim or defense in a later trial in the 05-06 Cases.  Any issue resolved during the January 22 Trial will, of course, be resolved for purposes of such later trial.

b.   *Patent and Other Remaining Claims In 05-06 Cases*.  Claims and defenses in Case Nos. 05-00334, 05-02298, and 06-00244 (the "05-06 Cases") that are not part of the January 22 Trial are not stayed and shall proceed with pretrial preparation (i.e., discovery, claim construction, dispositive motions) on all claims and defenses.  To that end, a joint schedule for the 05-06 Cases through claim construction that was agreed upon at the April 4, 2007 Case Management Conference is attached hereto as Attachment C.

(1)   *Patent Infringement and Related Defenses.*  Attachment D(1) delineates the claims and defenses related to Rambus's allegations of patent infringement that shall be considered part of the subsequent patent trial or trials (hereinafter the "05-06 Patent Trial(s)").

(2)   *Samsung-Unique Claims in Case Nos. 05-00334 and 05-02298 (hereinafter the "Samsung-Unique Claims").*  The Samsung-Unique Claims are delineated in Attachment D(2).

(3)   *Spoliation Issues.*  Any claim or defense, or part thereof, in the 05-06 Cases that is based on allegations of Rambus's destruction of documents, litigation misconduct, or spoliation of evidence (hereinafter the "Spoliation Issues") shall be adjudicated separately from the January 22 Trial and the 05-06 Patent Trial(s).  The Spoliation Issues still pending are delineated in Attachment D(3).  Although they are not presently aware of any, the Manufacturers reserve the right to seek to identify issues, in addition to Spoliation Issues, that they contend are encompassed by the pleadings but that do not fit in the January 22 Trial, the 05-06 Patent Trial(s), or the Samsung-specific claims, for inclusion in Attachment D(3), and Rambus reserves the right to oppose any such effort.

c.   To the extent a claim or defense includes multiple bases, only some of which are included in the January 22 Trial, nothing in this order shall preclude the court from

1    considering evidence admitted during the January 22 Trial to the extent it is

2    relevant to consideration of the claim during a later trial in the 05-06 Cases.

3    d.    Ten (10) court days after Rambus files its replies to the current counterclaims,

4    Rambus and the Manufacturers shall file with the court, as to each defense asserted

5    therein, a statement identifying the phase of the proceedings in which that defense

6    shall be tried.

7    e.    Discovery in the 05-06 Cases shall be stayed between December 15, 2007 and the

8    end of the January 22 Trial.

9    2.    **Appointment of Special Master**

10   a.    In light of the special circumstances of the Rambus NDCal Cases and the

11   stipulation of the parties at the April 4, 2007 case management conference, the

12   court hereby appoints the Hon. Read Ambler (Ret.) as Special Master pursuant to

13   Federal Rule of Civil Procedure 53(b).

14   b.    The duties of the Special Master shall include:

15   (1)    Hearing and resolving all discovery disputes, either informally or by formal

16   motion; and

17   (2)    Hearing and resolving any dispute concerning the terms of an appropriate

18   protective order for the case and any subsequent challenges to the

19   designation of materials pursuant to that protective order.

20   c.    Pursuant to the Federal Rules of Civil Procedure dealing with review of magistrate

21   judges' orders, decisions of the Special Master shall be reviewable by the court

22   only if clearly erroneous or contrary to law or upon a request by the Special Master

23   for review of a particular issue or ruling.

24   d.    The Special Master may communicate *ex parte* with the court but *ex parte*

25   communications with parties shall be in writing (such as by e-mail) and shall be

26   limited to non-substantive, logistical matters such as the delivery (or failure of

27   delivery) of documents or the temporary inability to call in to a previously

28   scheduled conference call.  Notwithstanding the foregoing, the parties are not

prohibited from communicating *ex parte* with the Special Master's staff regarding the scheduling of hearings, the service or filing of papers, and any other logistical matters related to the Special Master's appointment.

e.    The following process shall govern the parties' discovery disputes before the Special Master:

(1)    Any party desiring to have a hearing before the Special Master to have a discovery matter resolved by motion shall prior to filing any such motion:

(a)    meet and confer with counsel for the opposing party regarding an appropriate hearing date for the subject discovery motion;

(b)    arrange with the Special Master to set the hearing no sooner than twelve court days after the filing and service of the moving papers; and

(c )    promptly give notice to the opposing party of the date and time of the hearing arranged with the Special Master.

Any opposition to such a motion shall be served and filed at least five court days before the hearing arranged under subparagraph (b) above, and any reply shall be filed and served at least two court days before that hearing.

(2)    Should a party seek to have resolved by motion to the Special Master any discovery matter without a hearing, that party may file and serve its moving papers without first complying with the provisions of Paragraph 1 above.  The party opposing the motion shall file and serve its response to the motion within seven court days after filing and service of the moving papers.  Any reply in support of the motion shall be filed and served within three court days after the filing and service of the opposition.  Should the opposing party desire a hearing on the subject motion, that party shall first comply with the provisions of subparagraphs (a) through (c) to Paragraph 1 above.  Otherwise, the parties agree that the Special Master may decide the matter without a hearing.  The setting of a hearing at the request of the

- 4 -

1  party opposing the motion shall not affect the briefing schedule required by

2  this paragraph.

3   (3) For purposes of proceedings pursuant to this stipulation, service shall be by

4    facsimile, personal delivery, and/or email.  If there are voluminous

5    exhibits, these shall be served by overnight delivery.

6   (4) Nothing in this stipulation and order shall prevent the parties from

7    stipulating to or applying to the Special Master for a different hearing

8    and/or briefing schedule than those set forth in Paragraphs 1 and 2 above.

9   (5) Nothing in this stipulation and order shall prevent either party from

10    contacting the Special Master by telephone during a deposition and seeking

11    immediate rulings on any dispute relating to the deposition.

12   f. For a dispute involving all parties to the Rambus NDCal Cases, the Special

13    Master's fees and costs shall be shared equally by the parties.  For a dispute

14    involving less than all of the parties, the Special Master's fees and costs shall be

15    shared equally by the parties involved in that dispute.  The Special Master may

16    decide in his discretion who is "involved" in a discovery dispute for purposes of

17    allocating his fees and costs.  The Special Master's rate shall be his standard rate

18    as set by JAMS.

19  3. **Collateral Estoppel Issues**

20  This order itself shall not be used by any party to argue that any verdict, finding,

21  judgment, or order of the court entered with respect to non-consolidated claims in *Hynix I*,

22  or any verdict, finding, judgment, or order of the court previously entered with respect to

23  consolidated claims in *Hynix I*, binds any other party.  However, this order does not

24  preclude any argument that a particular claim or issue is barred by the doctrine of res

25  judicata, collateral estoppel, law of the case or similar principles.

26

27

28

1    4.    **Appointment of Lead Counsel**

2         a.    By or before May 1, 2007 the Manufacturers shall appoint a single firm to act as

3              "lead counsel" with the court and Rambus solely for scheduling and coordination

4              of discovery and motions and related administrative matters.[3]

5         b.    Lead counsel shall:

6              (1)    coordinate the initiation and conduct of discovery on behalf of

7                   Manufacturers consistent with the requirements of Fed. R. Civ. P 26(b)(1),

8                   26(2), and 26(g), including the preparation of joint discovery where

9                   required by this order and the scheduling of witnesses for depositions; and

10             (2)    coordinate the briefing on common issues in all motions so that those

11                  issues are all briefed in a single motion or opposition.

12        c.    No communication among Manufacturers' counsel or on their behalf for purposes

13             of carrying out the responsibilities of lead counsel shall be taken as a waiver of any

14             privilege or protection to which they would otherwise be entitled.

15   5.    **Discovery**

16        a.    Discovery for purposes of Case No. 00-20905 is closed.  Discovery for purposes of

17             the 05-06 Cases shall be conducted to avoid unnecessary duplication of efforts and

18             burden on the parties, witnesses, and third parties.  This Case Management Order

19             and the discovery procedures and limits set forth herein shall apply to all claims

20             and defenses in the 05-06 Cases.

21        b.    Cross-Use of Discovery

22             (1)    All documents, responses to interrogatories, and responses to requests for

23                  admission produced or served in the Rambus Related Actions (set forth in

24                  Attachment E) shall be produced in the Rambus NDCal Cases, with the

25                  exception of documents over which a party continues to maintain a claim

26                  of privilege that has not been pierced or overruled in Case No. 00-20905,

27   _____

[3]       Samsung and Nanya object to the appointment of liaison counsel, and their objections are

28   overruled.

JOINT CASE MANAGEMENT ORDER, CASE NOS. 00-
20905, 05-00334, 05-02298, AND 06-00244

1    05-00334, 05-02298, or 06-00244.  For documents produced in the

2    Rambus Related Actions by entities or individuals not a party to the

3    Rambus NDCal Cases ("third party"), those documents are ordered

4    produced and the parties in the Rambus NDCal Cases shall jointly give

5    notice to the third party and provide a copy of this Case Management Order

6    and the Protective Order entered in this case.  If the third party objects to

7    the court's ordered production of documents previously produced in one or

8    more Rambus Related Actions, disputes over that production shall be

9    brought promptly to the attention of the Special Master.

10   (2)   All depositions or other sworn testimony in the Rambus Related Actions

11         may be used by any party in the Rambus NDCal Cases as if taken in each

12         of the Rambus NDCal Cases.  A party shall be allowed to take a further

13         deposition with respect to new issues with which it is concerned.  A party

14         shall not repeat prior lines of questioning of a deponent.

15   (3)   To facilitate the provisions of Paragraph (b)(2), each Party is ordered to

16         produce by May 8, 2007 transcripts and deposition exhibits for all non-

17         privileged prior depositions or other sworn testimony of its current or

18         former officers or employees as well as all depositions of its experts in the

19         Rambus Related Cases.  For testimony from witnesses not affiliated with

20         any party to the Rambus NDCal Cases (i.e., third parties), the parties shall

21         meet and confer to promptly agree upon a process for disseminating

22         transcripts of such third-party testimony to parties not in possession of

23         those transcripts.

24   (4)   Upon written notice from the party producing any deposition pursuant to

25         Paragraphs b.2. and b.3. above, the party requesting the deposition shall

26         treat the deposition and its exhibits according to any confidentiality

27         designation previously given under the applicable protective order from the

28         action in which the deposition was taken.

- 7 -

c.     Depositions

(1)     This court recognizes the significant volume of testimony previously elicited from current and former Rambus officers, directors, and employees in the various Rambus Related Actions.  In light of this extensive record, the court is setting limits on further deposition discovery.

(2)     The Manufacturers collectively shall be limited to 125 additional hours of depositions that the Manufacturers may take in the Rambus NDCal Cases. These 125 hours may be allocated at the Manufacturers' discretion between the claims and defenses in listed in Attachment A (the January 22 Trial), Attachment D(1) (the 05-06 Patent Trial(s)), and Attachment D(3).  In addition, Samsung individually shall be allocated an additional 50 hours of depositions for purposes of the party-unique issues in the Samsung-Unique Claims delineated in Attachment D(2).

(3)     Rambus shall be limited to 300 additional hours of depositions that Rambus may take in the Rambus NDCal Cases, with no more than 90 hours being taken of current or former Samsung officers, directors, employees, or agents, no more than 90 hours being taken of former Nanya officers, directors, employees, or agents, no more than 75 hours being taken of current or former Micron officers, directors, employees, or agents, and no more than 45 hours of current or former Hynix officers directors, employees, or agents.  In addition, Rambus shall be allocated an additional 50 hours of depositions for purposes of the party-unique issues in the Samsung-Unique Claims delineated in Attachment D(2).

(4)     The deposition limits outlined in Paragraphs (c)(2) & (3) do not include expert deposition time.

- 8 -

(5)     All deposition time spent by a party in the Other Rambus Actions,[4] after entry of this order, shall not count against the time limits set forth above. However, any party can apply to the Special Master for an appropriate time deduction if time is spent in those depositions on issues that are common to those in the Rambus NDCal Cases before this court.

(6)     For all depositions conducted with an English-language translator, two hours of deposition time will only count as one hour towards the deposition time limits to account for the slower pace of a translated deposition.

(7)     These time limits apply to depositions involving issues related to all claims and defenses in the 05-06 Cases, and are not limited to the issues to be tried in the January 22 Trial.

(8)     The parties may notice a witness for only one individual deposition in the 05-06 Cases, and, if that person has previously been deposed in one or more of the Rambus Related Actions, shall not repeat prior lines of questioning of such person.  A prior individual deposition of a witness includes the deposition of a Rule 30(b)(6) designee on the designated subject.  During that deposition, the noticing side (i.e., the Manufacturers or Rambus) shall cover all questions related to all claims and defenses that it wishes to ask the deponent, regardless of the "phase" of the trial in which those claims and defenses are being tried.  A party shall not conduct a second deposition of a person in the 05-06 Cases without leave of the court upon a showing of good cause.  The Special Master shall hear and decide any disputes concerning the scope of this paragraph and the scope of proper questioning.

---

[4]      *Rambus Inc. v. Micron Technology, Inc., et al.*, Case No. 04-431105 (San Francisco Superior Court); *Micron Technology, Inc. v. Rambus Inc.*, Case No. 00-792-JJF (D. Del.); and *Samsung Electronics Co. Ltd. et al v. Rambus Inc.*, Case No. 1454-N (Delaware Chancery Court) shall be referred to collectively as "the Other Rambus Actions."

d.   Supplemental Rule 26 Disclosures

(1)   In light of the January 22 Trial of the common claims and defenses in Attachment A and the discovery limits set forth below, each party to the Rambus NDCal Cases shall supplement its Rule 26(a)(1)(A) witness disclosures by July 9, 2007.  In addition, by August 17, 2007, each party shall identify those persons in its supplemental witness disclosures whom it is reasonably likely to call to provide trial testimony in the January 22 Trial.

(2)   If any Manufacturer identifies a total of more than fifteen witnesses as reasonably likely to provide trial testimony and who have not previously testified in any Rambus Related Action on the subject matter for which the witness is identified, then Rambus has a presumptive right to additional deposition time from that Manufacturer beyond the limits outlined below. If Rambus identifies a total of more than fifteen witnesses as reasonably likely to provide trial testimony and who have not previously testified on the subject matter for which the witness is identified, then the Manufacturers have a presumptive right to additional deposition time beyond the limits outlined below.[5]  A party may seek additional deposition time pursuant to this paragraph by stipulation of the parties, or by noticed motion to the Special Master.

e.   Interrogatories and Requests for Admission

(1)   The court recognizes the significant volume of written discovery and document productions that have been previously exchanged in the various

---

[5]   These totals shall be for all trials and proceedings combined.  For example, if Rambus discloses eight witnesses (who have not previously given testimony on the subjects disclosed) as reasonably likely to provide trial testimony in the January 22, 2008 trial, and then later discloses an additional eight witnesses (who have not previously given testimony on the subjects disclosed) as reasonably likely to provide trial testimony in the 05-06 Patent Trial(s), then the Manufacturers shall have a presumptive right to additional deposition time through stipulation or noticed motion since the total number of potential trial witnesses exceeded fifteen.

Rambus Related Actions.  In light of this extensive paper record from the Rambus Related Actions, the court is setting limits on further interrogatories and requests for admission.

    (2)    The Manufacturers collectively may propound up to 10 additional interrogatories and 10 requests for admission in the 05-06 Cases beyond those already propounded in the 05-06 Cases.  The Manufacturers may, in addition, each propound up to 5 additional individualized interrogatories. These limits apply to all claims and defenses, and are not limited to the issues to be tried in the January 22 Trial.

    (3)    Rambus may propound up to 10 additional interrogatories and 5 requests for admission on each of the Manufacturers in the 05-06 Cases beyond those already propounded in the 05-06 Cases, for a total of 40 additional interrogatories and 20 additional requests for admission in the 05-06 Cases. These limits apply to all claims and defenses, and are not limited to the issues to be tried in the January 22 Trial.

f.    Confidentiality Order

    (1)    The parties shall provide to the court a single, common Protective Order governing the 05-06 Cases.  If the parties are unable to agree upon a form of protective order, they shall bring their dispute regarding the form of protective order to the attention of the Special Master no later than May 1, 2007 for prompt resolution.

g.    Documents

    (1)    *Limits on Requests*. Document requests, although unlimited in number, must be narrowly tailored.

    (2)    *Rolling Production*. The parties must produce documents to which they have not raised an objection on a rolling basis rather than waiting until all documents responsive to a request have been gathered.

1           (3)    *Avoidance of Multiple Requests and Coordination of Document Requests*.

2                The Manufacturers shall coordinate their future requests for production to

3                eliminate requests that are duplicative of one another, and all parties shall

4                coordinate future requests for production to eliminate requests that are

5                duplicative of the requests for production already served in the Rambus

6                Related Cases.

7           (4)    *Documents Produced in Rambus NDCal Cases*. By May 8, each party shall

8                produce all of the documents they have produced to date in any of the

9                Rambus NDCal Cases to all other parties to the Rambus NDCal Cases,

10               except where the other parties are already in possession of such documents.

11          (5)    *Third Party Documents in Rambus NDCal Cases*. By May 21, each party

12               shall (a) complete any notice period required to be given to third parties

13               under any applicable protective order regarding the production of third

14               party documents and (b) produce all third party documents obtained by

15               subpoena in the Rambus NDCal Cases to all other parties to the Rambus

16               NDCal Cases, except where the other parties are already in possession of

17               such documents.

18          (6)    *Privilege*. A party who, relying on any privilege or on the work product

19               doctrine, does not produce all relevant or requested documents in response

20               to a request for production of documents or a subpoena must identify and

21               describe the documents withheld in sufficient detail to enable the

22               requesting party to assess the applicability of the privilege or doctrine.  A

23               privilege log should be in form suggested by Form 11:A in Schwarzer,

24               Tashima & Wagstaffe, CAL. PRACTICE GUIDE: FED. CIV. PRO. BEFORE

25               TRIAL (The Rutter Group 2007), p. 11-309.

26

27

28

1        h.     Amendments to Discovery Rules

2              The discovery limits set forth in this order may be amended only upon good cause

3              shown and brought by a written, noticed motion to the Special Master for

4              determination.

5    6.    **Experts**

6        a.     To facilitate prompt and efficient preparation for the January 22 Trial, Hynix shall

7              share with Manufacturers the materials related to Hynix's experts who were to

8              testify in the August 2006 "Phase III" trial in the 00-20905 Case and who Hynix

9              may still call as witnesses and Micron shall share with Manufacturers the materials

10             related to Micron's experts who were to testify in the May 2001 trial in the 00-

11             792-JJF case in the District of Delaware and who Micron may still call as

12             witnesses.

13        b.     Rambus shall disclose only one testifying expert on any particular issue.  The

14             Manufacturers shall agree on, disclose, and offer only one testifying expert on any

15             particular issue common to one or more of the Manufacturers that is to be the

16             subject of expert testimony, so as to avoid cumulative testimony.  If the

17             Manufacturers are unable to agree on a single expert for a particular issue, they

18             may seek leave of court to offer more than one expert upon a showing of prejudice

19             to one or more party's interests.  Rambus may similarly seek leave to offer more

20             than one expert on a subject matter upon a showing of prejudice if it were not

21             allowed to do so.

22        c.     On or before June 22, 2007, the party or parties with the burden of proof on an

23             issue shall provide expert disclosures with respect to each issue as to which such

24             party or parties bear the burden of proof.  On or before July 20, 2007, the party or

25             parties with the burden of proof on an issue shall provide an expert report

26             addressing that issue.  On or before August 17, 2007, the parties shall provide

27             rebuttal expert disclosures and reports.  Depositions of experts identified may

28             commence at a mutually convenient time immediately after service of all reports.

- 13 -

1          The schedule for disclosure of expert and rebuttal expert reports is contained in

2          Attachment B.

3    7.    **Amendments of Pleadings and This Order**

4          No further amendments to the pleadings or this order shall be allowed in any of the

5          Rambus NDCal Cases, except where a pleading or amendment to an existing pleading

6          may be filed as of right or unless a party obtains permission to modify this order upon a

7          showing of good cause.  *See* Fed. R. Civ. P. 16(b).  To the extent new claims or defenses

8          are asserted in a pleading permitted by this section, the parties shall promptly file with the

9          court, as to each such claim or defense, a statement identifying the phase of the

10         proceedings in which such claim or defense shall be tried.

11   8.    **Further Status Conferences**

12         a.   *Regularly Scheduled Conferences*. The court will convene a status conference in

13              this litigation on May 24, 2007 at 2 p.m., July 20, 2007 at 10:30 a.m. and October

14              26, 2007 at 10:30 a.m.  The parties shall submit a Joint Status Conference

15              Statement no later than three business days prior to each status conference.  The

16              parties shall set all motions, to the extent reasonably possible, on dates on which

17              there is a regularly scheduled status conference.  Parties should make every effort

18              not to notice depositions for days on which status conferences are scheduled, and

19              no deposition shall go forward on such days without prior leave of court.

20         b.   *Identification of Claims*. Before the status conference on May 24, 2007, the parties

21              shall meet and confer regarding the identification of the claims to be included in

22              the 05-06 Patent Trial.  If they cannot agree on the claims that will be at issue,

23              each party should be prepared to propose how to select a reasonable number of

24              representative claims to be tried.  The court intends to significantly limit the

25              number of claims at issue as it is unreasonable to have near the number that

26              Rambus currently asserts in one case.

27         c.   *Hynix I Orders and Pending Motions*. Before the status conference on May 24,

28              2007 Rambus is to identify for any applicable Manufacturer any order in the Hynix

1   00-20905 litigation that it intends to move to broaden so it applies to that

2   Manufacturer in the January 22 Trial.  The Manufacturers are to identify for

3   Rambus any submitted but not yet ruled upon motion affecting the January 22

4   Trial on which any Manufacturer wants to submit argument.  The parties are to be

5   prepared to propose a briefing schedule for any such motions.

6       d.   *Order and Scheduling of Remaining Issues*. The parties should be prepared at the

7   May 24, 2007 status conference to propose the order in which the issues remaining

8   after the January 22 Trial should be tried and tentative dates for those trials.  The

9   court does not intend to set a date for any subsequent trials but the parties will be

10   expected to reserve potential dates.

11

12

13   Dated: _____4/24/07_____   _____/s/ Ronald M. Whyte_____
RONALD M. WHYTE

14   United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT A**

**Joint Submission of Claims and Defenses For January 22, 2008 Trial**

The following are the claims and defenses in the parties' current pleadings that will be tried in the January 22 Trial.  This list of claims and defenses is without prejudice to pending or future motions.[6]

| Claim Or Defense: | Reference in Pleadings: |
|---|---|
| **SAMSUNG**: | |
| Prosecution Laches | 4th Affirmative Defense |
| Equitable Estoppel | 6th Affirmative Defense |
| Estoppel ** | 7th Affirmative Defense |
| Implied License ** | 8th Affirmative Defense |
| Declaratory Judgment of Unenforceability ** | Claim X |
| Section 17200  ** | Claim VII |
| **NANYA:** | |
| Prosecution Laches | 8th Affirmative Defense |
| Estoppel | 9th Affirmative Defense |
| Laches | 11th Affirmative Defense |
| Equitable estoppel | 12th Affirmative Defense |
| Waiver | 13th Affirmative Defense |
| Patent misuse | 16th Affirmative Defense |
| Monopolization | Counterclaim 1 |
| Attempted Monopolization | Counterclaim 3 |

** Indicates that a claim or defense has allegations arising from or related to Rambus's conduct that will not be tried in the January 22 Trial.

---

[6] Samsung and Micron propose that this list of claims and defenses should be without prejudice to pending or future motions or to any other relief that the parties may seek pursuant to the Federal Rules of Civil Procedure or other applicable law.

1

2

**ATTACHMENT A**
**PAGE 2**

3

4

5

6

7

8

9

| *Claim Or Defense:* | *Reference in Pleadings:* |
| --- | --- |
| **NANYA (CONT.):** | |
| Abuse of Standards Setting Process[7] | Counterclaim 3 |
| Section 17200 | Counterclaim 4 |
| Fraud and Deceit | Counterclaim 5 |
| Declaratory Judgment of Unenforceability ** | Counterclaim 8 |

** Indicates that a claim or defense has allegations arising from or related to Rambus's conduct that will not be tried in the January 22 Trial.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[7]        In 2005, Rambus moved to dismiss Nanya's Counterclaim 3.  The Court heard oral argument on this motion on October 28, 2005, and indicated that it was inclined to grant the motion to dismiss, with leave to amend.  A Minute Order dated October 28, 2005 stated that the Court's tentative ruling was to grant the motion to dismiss with leave to amend within 20 days and that the Court would issue a final ruling to the parties.  The Court has yet to issue such a ruling.  Nanya did not file an amended version of Counterclaim 3.

- 2 -

**ATTACHMENT A**
**PAGE 3**

| MICRON:[8] | |
|---|---|
| Unenforceability  ** <br><br> patent misuse <br><br> equitable estoppel <br><br> waiver <br><br> laches ** <br><br> laches in the PTO <br><br> violations of the antitrust laws ** <br><br> violation of the unfair competition laws ** | Sixth Defense (portions) |
| Implied License | Ninth Defense |
| Declaratory Judgment of Unenforceability as to each identified patent  ** | Counterclaim Counts I-XIV    (portions – see "Unenforceability" def. above) |
| Monopolization and Attempted Monopolization ** | Counterclaim Count XV |
| Breach of Contract | Counterclaim Count XVII |
| Fraud | Counterclaim Count XVIII |
| Equitable Estoppel | Counterclaim Count XIX |
| Negligent Misrepresentation | Counterclaim Count XX |
| Unfair Competition  ** | Counterclaim Count XXI |

** Indicates that a claim or defense has allegations arising from or related to Rambus's conduct that will not be tried in the January 22 Trial.

---

[8] Micron believes that the basis (excluding Patent and Spoliation Issues) for its Sixth Defense shares a substantial overlap in evidence with the other issues the Court has identified for inclusion in the January 22 Trial.

**ATTACHMENT A**
**PAGE 4**

| *Claim Or Defense:* | *Reference in Pleadings:* |
|---|---|
| **HYNIX:** | |
| Monopolization | Count 1 ('905)<br>Counterclaim 1 ('334) |
| Attempted Monopolization | Counterclaim 2 ('334) |
| § 17200 | Count 3 ('905)<br>Counterclaim 3 ('334) |
| Fraud | Count 8 ('905)<br>Counterclaim 4 ('334) |
| Prosecution Laches | 9th Affirmative Defense ('905)<br>8th Affirmative Defense ('334) |
| Equitable Estoppel | 6th Affirmative Defense ('905)<br>10th Affirmative Defense ('334) |
| Estoppel re JEDEC | 9th Affirmative Defense ('334) |
| Estoppel – Other DRAM | 6th Affirmative Defense ('905)<br>10th Affirmative Defense ('334) |
| Laches ** | 13th Affirmative Defense ('334) |
| Waiver[9] | 7th Affirmative Defense  ('905)<br>11th Affirmative Defense ('334) |
| Unclean Hands ** | 11th Affirmative Defense ('905)<br>12th Affirmative Defense ('334) |
| Declaratory Judgment of Unenforceability ** | Counterclaim 7 ('334) |

** Indicates that a claim or defense has allegations arising from or related to Rambus's conduct that will not be tried in the January 22 Trial.

---

[9]     Hynix currently believes that its waiver defense (excluding any Spoliation Issues) shares a substantial overlap in evidence with the other Manufacturers' claims that are identified for inclusion in the January 22 Trial.

JOINT CASE MANAGEMENT ORDER, CASE NOS. 00-20905, 05-00334, 05-02298, AND 06-00244

1

**ATTACHMENT B**

2

**Pretrial Schedule for January 22, 2008 Trial**

3

4

5

6

7

8

9

10

11

12

| May 24, 2007 | Hearing on Rambus motions to dismiss 17200 and Samsung-Steinberg claims and Samsung motion for summary judgment (collateral estoppel) |
| June 22, 2007 | Expert disclosures (party with burden of proof) |
| July 20, 2007 | Expert reports (party with burden of proof) |
| August 17, 2007 | Rebuttal reports and disclosures |
| September 17, 2007 | Last day for expert discovery |
| October 1, 2007 | Last day to file summary judgment and Daubert motions |
| December 13-14, 2007 | Pretrial conference |
| January 22, 2008 | Trial |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**ATTACHMENT C**

2

**Pretrial Schedule Up To Claim Construction For 05-06 Patent Trial(s)**

3

4

| EVENT | DATE |
|-------|------|
| Manufacturers' Preliminary Invalidity Contentions | May 11, 2007 |
| Exchange Proposed Terms and Claim Elements for Construction | May 25, 2007 |
| Exchange Preliminary Claim Constructions, Including Preliminary Identification of Extrinsic Evidence | June 22, 2007 |
| Joint Claim Construction and Prehearing Statement | July 11, 2007 |
| Opening Claim Construction Briefs | August 24, 2007 |
| Responsive Claim Construction Briefs | September 14, 2007 |
| Claim Construction Reply Briefs | September 28, 2007 |
| Summary Judgment Motions that Depend on Claim Construction Issues | October 5, 2007 |
| Oppositions to Summary Judgment Motions that Depend on Claim Construction Issues | November 2, 2007 |
| Replies in Support of Summary Judgment Motions that Depend on Claim Construction Issues | November 16, 2007 |
| Patent Expert Discovery Cut-Off | December 15, 2007 |
| Claim Construction Hearing | TBD |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

**ATTACHMENT D(1)**
**Joint Submission of Claims and Defenses For 05-06 Patent Trial(s)**

The following are the claims and defenses in the parties' current pleadings that will be tried in the 05-06 Patent Trial(s) after the January 22 Trial.  This list of claims and defenses is without prejudice to pending or future motions.[10]

| *Claim Or Defense:* | *Reference in Pleadings:* |
|---|---|
| **SAMSUNG**: | |
| Failure To State A Claim | First Affirmative Defense |
| Noninfringement | Second Affirmative Defense |
| Patent Invalidity | Third Affirmative Defense |
| Equitable Estoppel | Sixth Affirmative Defense |
| Marking and Limitations | Ninth Affirmative Defense |
| Declaratory Judgment of Noninfringement | Count VIII |
| Decl. Judg't of Invalidity | Count IX |
| Declaratory Judgment of Unenforceability ** | Count X |
| **NANYA:** | |
| Failure to state a claim | 1st Affirmative Defense |
| Non-infringement | 2nd Affirmative Defense |
| Invalidity | 3rd Affirmative Defense |
| Failure to mark | 4th Affirmative Defense |
| Prosecution history estoppel | 5th Affirmative Defense |
| Limitation on damages and costs | 6th Affirmative Defense |
| Inequitable conduct | 7th Affirmative Defense |

** Indicates that a claim or defense has allegations that will also be tried in the January 22 Trial or in any subsequent proceedings related to the Spoliation Issues.

---

[10]     Samsung and Micron propose that this list of claims and defenses should be without prejudice to pending or future motions or to any other relief that the parties may seek pursuant to the Federal Rules of Civil Procedure or other applicable law.

- 1 -

**ATTACHMENT D(1)**
**PAGE 2**

| **NANYA (CONT.):** | |
|---|---|
| Implied license (based on Intel license) | 14th Affirmative Defense |
| Patent exhaustion (based on Intel license) | 15th Affirmative Defense |
| Declaratory judgment of non-infringement | Counterclaim 6 |
| Declaratory judgment of invalidity | Counterclaim 7 |
| Counterclaim 8 – Declaratory judgment of unenforceability ** | Counterclaim 8 |
| **MICRON:** | |
| Lack of Standing | First Defense |
| Non-infringement | Second Defense |
| Invalidity under 102 and 103 | Third Defense |
| Invalidity under 112 | Fourth Defense |
| Invalidity under 116 | Fifth Defense |
| Inequitable Conduct | Seventh Defense |
| License | Eighth Defense |
| Failure to Mark | Tenth Defense |
| Exceptional Case | Eleventh Defense |
| Declaratory Judgment of Invalidity and Noninfringement as to each identified patent ** | Counterclaim Counts I-XIV (portions) |
| Monopolization and Attempted Monopolization -- Walker Process | Counterclaim Count XVI |

** Indicates that a claim or defense has allegations that will also be tried in the January 22 Trial or in any subsequent proceedings related to the Spoliation Issues.

1

**ATTACHMENT D(1)**
**PAGE 3**

| **HYNIX:** | |
|---|---|
| Failure to state a claim | 1st Affirmative Defense ('334) |
| Non-infringement | 2nd Affirmative Defense ('334) |
| Invalidity | 3rd Affirmative Defense ('334) |
| Failure to mark | 4th Affirmative Defense ('334) |
| Prosecution history estoppel | 5th Affirmative Defense ('334) |
| Limitation on damages and costs | 6th Affirmative Defense ('334) |
| Inequitable conduct | 7th Affirmative Defense ('334) |
| Implied license (based on Intel and AMD licenses) | 15th Affirmative Defense ('334) |
| Patent exhaustion (based on Intel and AMD licenses) | 16th Affirmative Defense ('334) |
| Declaratory judgment of non-infringement | Counterclaim 5 ('334) |
| Declaratory judgment of invalidity | Counterclaim 6 ('334) |
| Declaratory judgment of unenforceability ** | Counterclaim 7 ('334) |

** Indicates that a claim or defense has allegations that will also be tried in the January 22 Trial or in any subsequent proceedings related to the Spoliation Issues.

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT D(2)**

**Joint List of Samsung-Unique Claims**

The following are Samsung's unique Counterclaims and Defenses in its current pleadings that do not fit within the January 22 Trial or the 05-06 Patent Trial(s) outlined in Attachments A and D(1).  This list of claims is without prejudice to pending or future motions.  To the extent these Samsung-Unique Claims proceed to trial in this court, they will be adjudicated following the January 22 Trial and the 05-06 Patent Trial(s).[11]

| *Claims:* | *Reference in Pleadings:* |
|---|---|
| **SAMSUNG:** | |
| Breach of Section 3.8 of the SDR/DDR License | Count I |
| Breach of Section 8.5 of the SDR/DDR License | Count II |
| Breach of the Duty of Good Faith and Fair Dealing of Section 3.8 and 8.5 of the SDR/DDR License | Count III |
| Aiding and Abetting Breach of Fiduciary Duty to a Current Client | Count IV |
| Aiding and Abetting Breach of Fiduciary Duty to a Former Client | Count V |
| Intentional Interference with Contract | Count VI |
| Violation of Bus. & Prof. Code Section 17200 ** | Count VII |
| Estoppel ** | 7th Affirmative Defense |
| Implied License ** | 8th Affirmative Defense |

** Indicates that a claim has Samsung-specific allegations that will not be part of the January 22 Trial combined with other allegations that will be part of the January 22 Trial.

---

[11]    Samsung and Micron propose that this list of claims and defenses should be without prejudice to pending or future motions or to any other relief that the parties may seek pursuant to the Federal Rules of Civil Procedure or other applicable law.

- 1 -

**ATTACHMENT D(3)**

**Joint Submission of Claims and Defenses Not Otherwise Accounted For**

The following are claims and defenses that the Manufacturers have advised include Spoliation Issues; to that limited extent, these claims and defenses do not fit within the January 22 Trial or the 05-06 Patent Trial(s) outlined in Attachments A and D(1), nor are they Samsung-specific claims that would properly fall within the claims in Attachment D(2). This list of claims and defenses is without prejudice to pending or future motions. Although they are not presently aware of any, the Manufacturers reserve the right to seek to identify issues, in addition to Spoliation Issues, that they contend are encompassed by the pleadings but that do not fit in the January 22 Trial, the 05-06 Patent Trial(s), or the Samsung-specific claims, for inclusion on this list, and Rambus reserves the right to oppose any such effort.[12]

| *Claim Or Defense (Spoliation Issues only):* | *Reference in Pleadings:* |
| --- | --- |
| **SAMSUNG:** | |
| Section 17200 | Count VII |
| Declaratory Judgment of Unenforceability | Count X |
| Unclean Hands | 5th Affirmative Defense |
| **NANYA:** | |
| Declaratory Judgment of Unenforceability | Counterclaim 8 |
| Unclean Hands | 10th Affirmative Defense |

---

[12] Samsung and Micron propose that this list of claims and defenses should be without prejudice to pending or future motions or to any other relief that the parties may seek pursuant to the Federal Rules of Civil Procedure or other applicable law.

2786638.1

- 1 -

**ATTACHMENT D(3)**
**PAGE 2**

| **MICRON:** | |
|---|---|
| Unenforceability<br>      unclean hands<br>      violation of the unfair competition laws<br>      violations of the antitrust laws<br>      laches | Sixth Defense (portions) |
| Declaratory Judgment of Unenforceability as to each identified patent | Counterclaim Counts I-XIV (portions – see "Unenforceability" defense above) |
| Monopolization | Counterclaim Count XV |
| Section 17200 | Counterclaim Count XXI |
| **HYNIX:** | |
| Unclean Hands | 12th Affirmative Defense ('334) |
| Laches | 13th Affirmative Defense ('334) |
| Collateral Estoppel | 14th Affirmative Defense ('334) |
| Declaratory Judgment of Unenforceability | Counterclaim 7 ('334) |

**ATTACHMENT E**

**List of "Rambus Related Actions"**

1.      *Rambus Inc. v. Hynix Semiconductor Inc.,* et al.; Samsung Electronics Co., et al.; and Nanya Technology Corporation, et al., Case No. C 05-00334 RMW in the District Court for the Northern District of California;

2.      *Rambus Inc. v. Samsung Electronics Co., et al.*, Case No. C 05-02298 RMW in the District Court for the Northern District of California;

3.      *Rambus Inc. v. Micron Technology, Inc., et al.*, Case No. C 05-00244 RMW in the District Court for the Northern District of California;

4.      *Hynix Semiconductor Inc., et al. v. Rambus Inc.*, Case No. C 00-20905 RMW in the District Court for the Northern District of California;

5.      *Rambus Inc. v. Infineon Technologies AG, et al.*, Case No. 3:00CV524 in the District Court for the Eastern District of Virginia;

6.      *Micron Technology, Inc. v. Rambus Inc.*, Case No. 00-792-JJF in the District Court for the District of Delaware;

7.      *Samsung Electronics Co. Ltd. et al v. Rambus Inc.*, Court of Chancery of the State of Delaware, Case No. 1454-N;

8.      *Samsung Electronics Co. Ltd. et al v. Rambus Inc.* Case No. 3:05-cv-00406-REP in the District Court for the Eastern District of Virginia;

9.      *Alberta Telecommunications Research Centre v. Rambus Inc.*, U.S. District Court for the Northern District of California, Case No. C-06-02595;

10.     *Rambus Inc. v. Micron Technology, Inc., et al.*, Case No. 04-431105 in the Superior Court of the State of California; and

11.     *In the Matter of Rambus Inc.*, Docket No. 9302 before the Federal Trade Commission.

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**

| | |
|---|---|
| Gregory P. Stone | gregory.stone@mto.com |
| Peter A. Detre | detrepa@mto.com |
| Carolyn Hoecker Luedtke | luedtkech@mto.com |
| Burton Alexander Gross | grossba@mto.com |
| Steven McCall Perry | steven.perry@mto.com |

| | |
|---|---|
| Jeannine Y. Sano | jsano@dbllp.com |
| Craig N. Tolliver | ctolliver@deweyballantine.com |
| James J. Elacqua | jelacqua@deweyballantine.com |
| Kevin S. Kudlac | kkudlac@dbllp.com |
| Pierre J. Hubert | phubert@dbllp.com |
| Brian K. Erickson | berickson@dbllp.com, |
| Saxon S. Noh | snoh@dbllp.com |
| David C. Vondle | dvondle@deweyballantine.com |

| | |
|---|---|
| James E. Lyons | jlyons@skadden.com |
| Raoul D. Kennedy | rkennedy@skadden.com |
| Jeffrey G. Randall | Jrandall@skadden.com |

**Counsel for Defendant(s):**

| | |
|---|---|
| Matthew D. Powers | matthew.powers@weil.com |
| David J. Healey | david.healey@weil.com |
| Edward R. Reines | Edward.Reines@weil.com |
| John D Beynon | john.beynon@weil.com |
| Jared Bobrow | jared.bobrow@weil.com |
| Leeron Kalay | leeron.kalay@weil.com |

| | |
|---|---|
| Theodore G. Brown, III | tgbrown@townsend.com |
| Daniel J. Furniss | djfurniss@townsend.com |
| Jordan Trent Jones | jtjones@townsend.com |

| | |
|---|---|
| Kenneth L. Nissly | kennissly@thelenreid.com |
| Geoffrey H. Yost | gyost@thelenreid.com |
| Susan Gregory van Keulen | svankeulen@thelenreid.com |

| | |
|---|---|
| Patrick Lynch | plynch@omm.com |

| | |
|---|---|
| Jason Sheffield Angell | jangell@orrick.com |
| Vickie L. Feeman | vfeeman@orrick.com |
| Mark Shean | mshean@orrick.com |
| Kai Tseng | hlee@orrick.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** _____4/24/07_____          _____SPT_____
                                                    **Chambers of Judge Whyte**