**E-FILED on** 6/19/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RAMBUS INC.,

Plaintiff,

v.

HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC.,

SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P.,

NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A.,

Defendants.

No. C-05-00334 RMW

ORDER DENYING RAMBUS'S MOTION TO DISMISS COUNTERCLAIM 3 OF HYNIX'S FIRST AMENDED COUNTERCLAIMS

**[Re Docket No. 151]**

Plaintiff Rambus Inc. ("Rambus") moves to dismiss "Counterclaim 3" of the First Amended Answer to First Amended Complaint and First Amended Counterclaims ("FAA") filed by defendants Hynix Semiconductor Inc., Hynix Semiconductor America Inc., and Hynix



United States District Court
For the Northern District of California

Semiconductor Manufacturing America Inc. (collectively "Hynix"). Rambus argues that Counterclaim 3, which alleges violation of Cal. Bus. & Prof. Code section 17200, is time-barred. Hynix opposes the motion. The court has read the moving and opposing papers and considered the arguments of counsel. For the reasons set forth below, the court DENIES Rambus's motion to dismiss.

In its counterclaims, Hynix alleges improper conduct on Rambus's part with respect to patent claims and patent enforcement. In the 1990's, Rambus joined the Joint Electronic Devices Engineering Council ("JEDEC"), a non-profit standard-setting organization for, *inter alia*, the DRAM chip industry. FAA ¶¶ 199.10, 199.14. According to Hynix, Rambus participated in JEDEC with the goal of acquiring information about the developing standards for SDRAM. *Id.* ¶ 199.25. Rambus used this information to plan a "patent 'ambush'" whereby it would have the power to exclude competitors from implementing the pending JEDEC SDRAM standard and subsequent improvements. *Id.* ¶¶ 199.26-27, 199.31. Without disclosing its amendment activity to JEDEC members, Rambus amended its patent applications to cover the JEDEC standard. *Id.* ¶¶ 199.31, 214.3. Hynix alleges that Rambus then deliberately chose not to assert its claimed patent rights until Hynix and other industry participants had significantly invested in products compatible with the JEDEC standard. *Id.* ¶¶ 199.87, 214.4. Therefore, Hynix asserts, Rambus acquired the market power, or a dangerous probability of obtaining market power, over the market for DRAM memory. *Id.* ¶ 202.

In alleging a continuing antitrust violation, "an overt act by the defendant is required to restart the statute of limitations." *Pace Indus. v. Three Phoenix Co.*, 813 F.2d 234, 237 (9th Cir. 1987). An overt act has two elements: "1) [i]t must be a new and independent act that is not merely a reaffirmation of a previous act; and 2) it must inflict new and accumulating injury on the plaintiff." *Id.* at 238. If an initial act or decision occurs outside the limitations period, "separate violations . . . not controlled by the previous act or decision" restart the statute of limitations, but mere continuing injury does not. *Id.*

Here, Hynix argues that the issuance of, *inter alia*, Rambus's patents-in-suit between January 30, 2001 and October 19, 2004, constitute overt acts within the statute of limitations. Rambus's

**United States District Court**
For the Northern District of California

antitrust efforts are alleged to include the amendment of patents to cover the JEDEC standard and its foreseeable extensions and improvements, which include the SDRAM interfaces currently in use. *See* FAA ¶¶ 199.26-27, 214.3. Because the statute of limitations is measured from the last occurrence of an overt act in furtherance of the alleged antitrust scheme underlying its section 17200 claim, Hynix argues that these allegations place its section 17200 claim within the statute of limitations. The court agrees. The asserted amendment of the patents-in-suit in furtherance of the alleged antitrust scheme (which is alleged to stem from, *inter alia*, the conduct at JEDEC and attempts to amend patents to cover JEDEC-compliant products), if accepted as true, brings the alleged course of conduct in violation of section 17200 within the four year statute of limitations. *See Hennegan v. Pacifico Creative Serv., Inc.*, 787 F.2d 1299, 1300-02 (9th Cir. 1986) (holding that affirmative acts inflicting new injury restarted the statute of limitations, even when taken pursuant to an agreement made prior to the limitations period); *Suh v. Yang*, 987 F. Supp. 783, 795-96 (N.D. Cal. 1997).

Rambus argues that no dates are specified as to the allegations regarding prosecution of patents. However, the lack of dates does not render Hynix's pleadings deficient. Where, as here, the allegations involve a continuous course of wrongful conduct in violation of section 17200, fact-specific pleading is not required. *See Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 46-47 (1998) (rejecting the requirement that a plaintiff make "specific factual allegations in addition to pleading the elements of the alleged unlawful act"); *People v. Superior Court (Jayhill Corp.)*, 9 Cal. 3d 283, 287-88 (1973) (holding that specific pleadings of time and place were unnecessary where plaintiffs alleged a scheme to mislead customers and that such details were properly the subject of discovery). It is sufficient that Hynix's pleadings indicate that the patents-in-suit, issued within the limitations period, are part of the alleged wrongful course of conduct.

**III. ORDER**

For the foregoing reasons, the court DENIES Rambus's motion to dismiss.

DATED: 6/18/07

Ronald M Whyte

RONALD M. WHYTE
United States District Judge

**United States District Court**
For the Northern District of California

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Jeannine Y. Sano | sanoj@howrey.com |
| Brian K. Erickson | berickson@dbllp.com |
| Burton Alexander Gross, Esq | Burton.Gross@mto.com |
| Carolyn Hoecker Luedtke | carolyn.luedtke@mto.com |
| Craig N. Tolliver | ctolliver@mckoolsmith.com |
| David C. Vondle | dvondle@akingump.com |
| Gregory P. Stone | gregory.stone@mto.com |
| Peter A. Detre | detrepa@mto.com |
| Pierre J. Hubert | phubert@mckoolsmith.com |
| Steven McCall Perry | steven.perry@mto.com |

**Counsel for Defendants:**

| | |
|---|---|
| Jason Sheffield Angell | jangell@orrick.com |
| Theodore G. Brown, III | tgbrown@townsend.com |
| Vickie L. Feeman | vfeeman@orrick.com |
| Daniel J. Furniss | djfurniss@townsend.com |
| David J. Healey | david.healey@weil.com |
| Jordan Trent Jones | jtjones@townsend.com |
| Ana Elena Kadala | anita.kadala@weil.com |
| Patrick Lynch | plynch@omm.com |
| Kenneth L. Nissly | kennissly@thelenreid.com |
| Kenneth R. O'Rourke | korourke@omm.com |
| Matthew D. Powers | matthew.powers@weil.com |
| Edward R. Reines | Edward.Reines@weil.com |
| Mark Shean | mshean@orrick.com |
| Kaiwen Tseng | ktseng@orrick.com |
| Geoffrey H. Yost | gyost@thelenreid.com |
| Susan Gregory van Keulen | svankeulen@thelenreid.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 6/1807

SPT
**Chambers of Judge Whyte**