**E-FILED on**    6/19/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAMBUS INC., <br><br>        Plaintiff, <br><br>    v. <br><br>HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC., <br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P., <br><br>NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A., <br><br>        Defendants. | No. C-05-00334 RMW <br><br>ORDER DENYING RAMBUS'S MOTION TO DISMISS NANYA'S FOURTH COUNTERCLAIM <br><br>**[Re Docket No. 149]** |

    Plaintiff Rambus Inc. ("Rambus") moves to dismiss "Counterclaim 4" in the Answer, Affirmative Defenses, and Counterclaims ("Ans.") filed by defendants Nanya Technology Corporation and Nanya Technology Corporation U.S.A. (collectively "Nanya"). Rambus argues that Counterclaim 4, which alleges violation of Cal. Bus. & Prof. Code section 17200, is time-barred.

ORDER DENYING RAMBUS'S MOTION TO DISMISS NANYA'S FOURTH COUNTERCLAIM—No. C-05-0334 RMW
LJP

1  Nanya opposes the motion.  The court has read the moving and opposing papers and considered the
2  arguments of counsel.  For the reasons set forth below, the court DENIES Rambus's motion to
3  dismiss.

4  In its counterclaims, Nanya alleges improper conduct on Rambus's part with respect to patent
5  claims and patent enforcement.  In the 1990's, Rambus joined the Joint Electronic Devices
6  Engineering Council ("JEDEC"), a non-profit standard-setting organization for, *inter alia*, the
7  DRAM chip industry.  Ans. ¶¶ 191.10, 191.14.  According to Nanya, Rambus participated in JEDEC
8  with the goal of acquiring information about the developing standards for SDRAM.  *Id.* ¶ 191.25.
9  Rambus used this information to plan a "patent 'ambush'" whereby it would have the power to
10 exclude competitors from implementing the pending JEDEC SDRAM standard and subsequent
11 improvements.  *Id.* ¶¶ 191.26-191.27, 191.31.  Without disclosing its amendment activity to JEDEC
12 members, Rambus amended its patent applications to cover the JEDEC standard.  *Id.* ¶¶ 191.31,
13 205.3.  Nanya alleges that Rambus then deliberately chose not to assert its claimed patent rights until
14 Nanya and other industry participants had significantly invested in products compatible with the
15 JEDEC standard.  *Id.* ¶¶ 191.64, 205.4.  Therefore, Nanya asserts, Rambus acquired the market
16 power, or a dangerous probability of obtaining market power, over the market for DRAM memory.
17 *Id.* ¶ 192.

18 In alleging a continuing antitrust violation, "an overt act by the defendant is required to
19 restart the statute of limitations."  *Pace Indus. v. Three Phoenix Co.*, 813 F.2d 234, 237 (9th Cir.
20 1987).  An overt act has two elements: "1) [i]t must be a new and independent act that is not merely
21 a reaffirmation of a previous act; and 2) it must inflict new and accumulating injury on the plaintiff."
22 *Id.* at 238.  If an initial act or decision occurs outside the limitations period, "separate violations . . .
23 not controlled by the previous act or decision" restart the statute of limitations, but mere continuing
24 injury does not.  *Id.*

25 Here, Nanya argues that attempts to extract royalties based Rambus's patents-in-suit, which
26 were issued between January 30, 2001 and October 19, 2004, constitute overt acts within the statute
27 of limitations.  Rambus's antitrust efforts are alleged to include the amendment of patents to cover
28 the JEDEC standard and its foreseeable extensions and improvements, including the SDRAM

ORDER DENYING RAMBUS'S MOTION TO DISMISS NANYA'S FOURTH COUNTERCLAIM—No. C-05-0334 RMW
LJP                                                                              2

1 interfaces currently in use, and attempts to extract royalties from Nanya and other industry
2 participants. *See* FAA ¶¶ 199.26-27, 214.3-4. Because the statute of limitations is measured from
3 the last occurrence of an overt act in furtherance of the alleged antitrust scheme underlying its
4 section 17200 claim, Nanya argues that these allegations place its section 17200 claim within the
5 statute of limitations. The court agrees. The asserted amendment of and attempts to license the
6 patents-in-suit in furtherance of the alleged antitrust scheme (which is alleged to stem from, *inter
7 alia*, the conduct at JEDEC and attempts to amend patents to cover JEDEC-compliant products), if
8 accepted as true, brings the alleged course of conduct in violation of section 17200 within the four
9 year statute of limitations. *See Hennegan v. Pacifico Creative Serv., Inc.*, 787 F.2d 1299, 1300-02
10 (9th Cir. 1986) (holding that affirmative acts inflicting new injury restarted the statute of limitations,
11 even when taken pursuant to an agreement made prior to the limitations period); *Suh v. Yang*, 987 F.
12 Supp. 783, 795-96 (N.D. Cal. 1997).

13 Rambus argues that no dates are specified as to the allegations regarding prosecution of
14 patents. However, the lack of dates does not render Nanya's pleadings deficient. Where, as here, the
15 allegations involve a continuous course of wrongful conduct in violation of section 17200, fact-
16 specific pleading is not required. *See Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26,
17 46-47 (1998) (rejecting the requirement that a plaintiff make "specific factual allegations in addition
18 to pleading the elements of the alleged unlawful act"); *People v. Superior Court (Jayhill Corp.)*, 9
19 Cal. 3d 283, 287-88 (1973) (holding that specific pleadings of time and place were unnecessary
20 where plaintiffs alleged a scheme to mislead customers and that such details were properly the
21 subject of discovery). It is sufficient that Nanya's pleadings indicate that the patents-in-suit, issued
22 within the limitations period, are part of the alleged wrongful course of conduct.

### III. ORDER

For the foregoing reasons, the court DENIES Rambus's motion to dismiss.

DATED:    6/18/07

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER DENYING RAMBUS'S MOTION TO DISMISS NANYA'S FOURTH COUNTERCLAIM—No. C-05-0334 RMW
LJP                                                      3

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Jeannine Y. Sano | sanoj@howrey.com |
| Brian K. Erickson | berickson@dbllp.com |
| Burton Alexander Gross, Esq | Burton.Gross@mto.com |
| Carolyn Hoecker Luedtke | carolyn.luedtke@mto.com |
| Craig N. Tolliver | ctolliver@mckoolsmith.com |
| David C. Vondle | dvondle@akingump.com |
| Gregory P. Stone | gregory.stone@mto.com |
| Peter A. Detre | detrepa@mto.com |
| Pierre J. Hubert | phubert@mckoolsmith.com |
| Steven McCall Perry | steven.perry@mto.com |

**Counsel for Defendants:**

| | |
|---|---|
| Jason Sheffield Angell | jangell@orrick.com |
| Theodore G. Brown, III | tgbrown@townsend.com |
| Vickie L. Feeman | vfeeman@orrick.com |
| Daniel J. Furniss | djfurniss@townsend.com |
| David J. Healey | david.healey@weil.com |
| Jordan Trent Jones | jtjones@townsend.com |
| Ana Elena Kadala | anita.kadala@weil.com |
| Patrick Lynch | plynch@omm.com |
| Kenneth L. Nissly | kennissly@thelenreid.com |
| Kenneth R. O'Rourke | korourke@omm.com |
| Matthew D. Powers | matthew.powers@weil.com |
| Edward R. Reines | Edward.Reines@weil.com |
| Mark Shean | mshean@orrick.com |
| Kaiwen Tseng | ktseng@orrick.com |
| Geoffrey H. Yost | gyost@thelenreid.com |
| Susan Gregory van Keulen | svankeulen@thelenreid.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   6/19/07                               SPT
                                          **Chambers of Judge Whyte**

**United States District Court**
For the Northern District of California

ORDER DENYING RAMBUS'S MOTION TO DISMISS NANYA'S FOURTH COUNTERCLAIM—No. C-05-0334 RMW LJP
4