1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

E-filed:_____11/13/07_____

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RAMBUS INC.,

        Plaintiff,

    v.

SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA,
INC., SAMSUNG SEMICONDUCTOR, INC.,
SAMSUNG AUSTIN SEMICONDUCTOR,
L.P.,

        Defendants.

RAMBUS INC.,

        Plaintiff,

    v.

HYNIX SEMICONDUCTOR INC., HYNIX
SEMICONDUCTOR AMERICA INC.,
HYNIX SEMICONDUCTOR
MANUFACTURING AMERICA INC.,

SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA,
INC., SAMSUNG SEMICONDUCTOR, INC.,
SAMSUNG AUSTIN SEMICONDUCTOR,
L.P.,

NANYA TECHNOLOGY CORPORATION,
NANYA TECHNOLOGY CORPORATION
U.S.A.,

        Defendants.

No. C-05-02298 RMW

ORDER SUSTAINING IN PART AND
OVERRULING IN PART SAMSUNG'S
OBJECTIONS TO IMPLIED WAIVER
ORDER

**[Re Docket No.  368]**

No. C-05-00334 RMW

**[Re Docket No.  517]**

ORDER SUSTAINING IN PART AND OVERRULING IN PART SAMSUNG'S OBJECTIONS TO IMPLIED WAIVER
ORDER—C-05-00334; C-05-02298 RMW
TSF

1   Samsung[1] objects to an order of the Special Master that granted Rambus' motion to compel

2   Samsung to produce privileged documents relating to Samsung's knowledge concerning Neil

3   Steinberg's work for Rambus and the confidential information belonging to Samsung that he

4   allegedly used on behalf of Rambus.  Rambus opposes Samsung's objection.  The court has reviewed

5   the papers and considered the arguments of counsel heard on November 7, 2007.  For the reasons set

6   forth below, the court sustains Samsung's objections to the implied waiver order with regard to the

7   scope of production.  The court overrules Samsung's objections to the remainder of the implied

8   waiver order.

9                                    **I.   BACKGROUND**

10      On April 24, 2007, the court appointed the Honorable Read Ambler (Retired) as Special

11  Master to (1) hear and resolve all discovery disputes, and (2) hear and resolve all disputes regarding

12  protective orders and confidentiality designations.  Joint Case Management Order, Case Nos. 00-

13  20905, 05-00334, 05-02298, 06-00244, ¶¶ 2(a)-2(b) (N.D. Cal. April 24, 2007) ("JCMO").  The

14  order states that the parties stipulate that the Special Master's orders will be reviewed as magistrate

15  judges' orders are, i.e., only if clearly erroneous or contrary to law.  *Id.* ¶¶ 2a, 2c.  Judge Ambler is

16  not new to this litigation; he has served admirably since being appointed in *Hynix v. Rambus*, Case

17  No. 00-20905 in April, 2001.  This is the first time that a party has objected to his rulings in 05-

18  00334 or 05-02298.

19      Samsung's Second Amended Answer in these two actions (05-00334 and 05-02298) includes

20  the following counterclaims against Rambus: aiding and abetting a breach of fiduciary duty by Neil

21  Steinberg while Steinberg worked for Samsung (count IV), aiding and abetting a breach of fiduciary

22  duty by Neil Steinberg after he left Samsung (count V), intentional interference with Steinberg's

23  employment contract with Samsung (count VI), and unfair competition under Section 17200 arising

24  from these violations and other wrongdoing (count VII).  *See, e.g.,* Second Amended Answer,

25

26

27      [1]      "Samsung" collectively refers to all of the Samsung entities sued in these cases, namely Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Semiconductor, Inc., and

28  Samsung Austin Semiconductor, L.P.

ORDER SUSTAINING IN PART AND OVERRULING IN PART SAMSUNG'S OBJECTIONS TO IMPLIED WAIVER
ORDER—C-05-00334; C-05-02298 RMW
TSF                                                      2

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

Docket No. 144, C-05-00334-RMW (N.D. Cal. Jan. 31, 2007) ("SAA").[2]  Rambus' third requests for production of documents included a number of requests for documents relating to these four counterclaims.  *See* Order Granting Rambus Inc.'s Motion to Compel Regarding Samsung's Privilege Waiver By Claim Assertion, Docket No. 473, C-05-00334-RMW, at 6 (N.D. Cal. Oct. 1, 2007) ("Waiver Order").  Samsung agreed to produce all non-privileged documents responsive to the requests, and appears to have done so.  *Id.*  Samsung also produced a third revised privilege log of documents responsive to the requests.  *Id.* at 7; *see* Gross Decl., Ex. G ("Samsung's Log of Steinberg Privileged Documents – 10/19/2007").  The current version of the privilege log contains hundreds of entries, including some identifying documents created after Steinberg had left Samsung that include mental impressions regarding litigation.  *See* Gross Decl., Ex. G at 55; *compare with* Waiver Order at 8.  Rambus believes that Samsung had impliedly waived its privileges with respect to these documents by (1) claiming that Steinberg possessed confidential information that Rambus later used, i.e., Counts IV-VII, and (2) alleging that the statutes of limitations for counts IV-VII were tolled.  *Id.* at 6-8.  When attempts to meet and confer failed, Rambus filed a motion to compel on September 4, 2007.  *Id.* at 8.

The Special Master held a hearing on September 20, 2007 and issued a 17-page order on September 26.  The order considered the various legal tests for implied waiver, and applied the *Hearn* test to Rambus' motion.  *Id.* at 13 (citing *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975)).  The Special Master then held that:

> By affirmative [sic] asserting both the discovery rule and equitable tolling in its counterclaims and in its briefing and oral argument on Rambus's motion to dismiss, Samsung has placed the issue of what it knew about Steinberg's work at Rambus at issue in this litigation.  Samsung has also placed the timing and scope of its investigation of these claims at issue by alleging that it did not and could not investigate potential claims until 2005.

*Id.* at 14-15.  This information was deemed both relevant and "vital" to Rambus's defense.  *Id.* at 15.  Accordingly, the Special Master found that Samsung has waived its attorney-client and work-

---

[2]     The court recently converted Rambus' motions to dismiss these four claims on statute of limitations grounds into motions for summary judgment. *See, e.g.,* Docket No. 655, C-05-00334 (N.D. Cal. Nov. 2, 2007).  These motions to dismiss were pending when Judge Ambler ruled on Rambus' motion to compel.

1    product privileges "as to the facts, circumstances and documents in Samsung's possession, custody,

2    or control that discuss, refer or relate to Samsung's knowledge of Steinberg's work for Rambus." *Id.*

3         The Special Master similarly found that Samsung has waived various privileges with respect

4    to Steinberg's access to confidential information:

5               By affirmative [sic] asserting that Steinberg's legal work at Samsung gave him
              confidential Samsung information he purportedly misused at Rambus, and relying

6               upon Steinberg's work (and knowledge) at Samsung as a basis for its breach of
              fiduciary and contractual duty claims against Steinberg and Rambus, Samsung has

7               placed at issue of the specific nature of Steinberg's work at Samsung, and whether
              it gave Steinberg access to confidential Samsung information that was useful to

8               Rambus.

9    *Id.* at 16. This information was also deemed both relevant and "vital" to Rambus' defense. *Id.* The

10    Special Master therefore found that Samsung has waived its privileges "as to the facts,

11    circumstances and documents in Samsung's possession, custody or control that discuss, refer or

12    relate to the work Steinberg performed for Samsung that purportedly gave him access to the

13    information Samsung claims he later misused at Rambus." *Id.*

14         The Special Master therefore granted Rambus' motion to compel and ordered Samsung to

15    produce "any and all documents in its possession, custody or control that discuss, refer, or relate to:

16    (a) Mr. Steinberg's work for Rambus; and (b) the work Mr. Steinberg performed for Samsung that

17    purportedly gave him access to the information Samsung claims he later misused at Rambus." *Id.* at

18    17. The order did not make any provision for *in camera* review, though Samsung did not raise the

19    issue in its opposition briefing. *See generally* Docket No. 402, C-05-00334-RMW (N.D. Cal. Sept.

20    13, 2007).

21         Samsung now objects to the order on a variety of grounds. The order was stayed pending the

22    resolution of Samsung's objections.

23                       **II.   ANALYSIS**

24    **A.**      **Standard of Review**

25         This court's review of the Special Master's orders is highly deferential. The court will only

26    "modify or set aside" an order by a magistrate judge if it is "clearly erroneous or contrary to law."

27    *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). As discussed, the Joint Case Management

28

ORDER SUSTAINING IN PART AND OVERRULING IN PART SAMSUNG'S OBJECTIONS TO IMPLIED WAIVER
ORDER—C-05-00334; C-05-02298 RMW
TSF                             4

1    Order provides that Judge Ambler's orders will be reviewed pursuant to this standard.  JCMO ¶¶ 2a,

2    2c; Fed. R. Civ. P. 53(g)(3)(A); Fed. R. Civ. P. 53(g)(4).  The parties argue considerably about the

3    proper standard of review, but they do not actually disagree.  The Special Master's factual findings

4    are reviewed for clear error, while the Special Master's legal determinations are reviewed *de novo*.

5          **B.      Conduct Constituting "Assertion"**

6          Samsung argues that the Special Master erred in finding that merely pleading equitable

7    tolling and the discovery rule in connection with its counterclaims constituted an affirmative act that

8    can permit finding an implied waiver.  Waiver Objections at 7-11.  Samsung suggests that the "fact-

9    intensive, implied-waiver analysis is simply impossible" on the basis of pleadings alone, and that the

10   case is still too "premature" for determining whether Samsung has taken an affirmative step to place

11   the privileged material at issue in these cases.

12         The *Hearn* test for finding an implied waiver requires that:

13         (1) assertion of the privilege was a result of some affirmative act, such as filing suit,
           by the asserting party; (2) through this affirmative act, the asserting party put the
14         protected information at issue by making it relevant to the case; and (3) application
           of the privilege would have denied the opposing party access to information vital to
15         his defense.

16   68 F.R.D. at 581; *see also Home Indem. Co. v. Lane Powell Moss and Miller*, 43 F.3d 1322, 1326

17   (9th Cir. 1995) (adopting the *Hearn* test for the Ninth Circuit); *United States v. Amlani*, 169 F.3d

18   1189, 1195 (9th Cir. 1999) (same).  By allowing "filing suit" to constitute an affirmative act, the

19   *Hearn* test explicitly contemplates allowing a party's pleadings to raise an issue giving rise to an

20   implied privilege waiver.  Similarly, alleging a basis for avoiding a statute of limitations constitutes

21   an affirmative act under the *Hearn* test.  *In re Imperial Corp. of Am.*, 179 F.R.D. 286, 289-90 (S.D.

22   Cal. 1998); *Aloe Vera of Am., Inc. v. United States*, 2003 WL 22429082, at *3 (D. Ariz. 2003)

23   ("Plaintiffs have asserted privilege as the result of an affirmative act-by filing a suit in which a

24   statute of limitations defense is available."). Respected treatises agree.  *See* PAUL R. RICE, 2

25   ATTORNEY-CLIENT PRIVILEGE IN AMERICA § 9:53 (2d. ed. 1999, rev. 2007); EDNA SELAN EPSTEIN,

26   THE ATTORNEY-CLIENT PRIVILEGE AND THE WORK-PRODUCT DOCTRINE, at 544 (5th ed. 2007)

27   ("[E]ach time a plaintiff brings a suit, he tacitly puts into issue the question of whether the statute of

28

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1  limitations [has] run.").

2    Samsung cites case law suggesting that pleading alone is not enough, but that a party must

3  attempt to utilize privileged material to advance a claim or defense before the privilege can be found

4  impliedly waived.  *See, e.g., Beneficial Franchise Co., Inc. v. Bank One, N.A.*, 205 F.R.D. 212, 216-

5  17 (N.D. Ill. 2001).  The *Beneficial Franchise* case is readily distinguished, as it relies on another

6  jurisdiction's implied waiver test, not the *Hearn* test.  *Id.* at 216 (citing *Rhone-Poulenc Rorer, Inc. v.*

7  *Home Indemnity Co.*, 32 F.3d 851, 863 (3d Cir.1994)).  In addition to requiring assertion of a claim

8  or defense, the *Rhone-Poulenc* analysis requires the party impliedly waiving privilege to try "to

9  prove that claim or defense by disclosing or describing an attorney-client communication." 32 F.3d

10  at 863.  This is not an element of the *Hearn* test.  Samsung's reliance on *Beneficial Franchise* is also

11  misplaced because the court there explicitly recognized that pleading "asserts" an issue before

12  deciding that *Rhone-Poulenc* requires affirmative conduct in addition to "assertion" to waive the

13  privilege.  Samsung's argument that pleading alone is insufficient to "assert" an issue for the first

14  element of the *Hearn* test therefore fails.  The Special Master did not err in finding that Samsung

15  had asserted the privilege as a result of affirmatively pleading that it was entitled to tolling and that

16  Steinberg had taken confidential information.

17    **C.    Relevance of Samsung's Subjective Knowledge**

18    Samsung next objects to the production of privileged documents regarding its knowledge of

19  Steinberg's work at Rambus by arguing that "an objective standard governs resolution of Samsung's

20  equitable tolling and discovery-rule assertions, making Samsung's subjective knowledge . . .

21  irrelevant." Waiver Objections at 11-12.  Samsung is simply wrong to the extent it says subjective

22  knowledge is irrelevant.  Samsung's Second Amended Answer alleges fraudulent concealment to

23  support its argument that equitable tolling should apply to Counts IV-VII.  *See* SAA, ¶¶ 246-49,

24  264-67, 281-84, 293-95.  California law clearly considers a plaintiff's subjective knowledge relevant

25  to the fraudulent concealment inquiry.  *Snapp & Associates Ins. Services, Inc. v. Malcolm Bruce*

26  *Burlingame Robertson*, 96 Cal. App. 4th 884, 890-91 (2002).  Similarly, the discovery rule can be

27  triggered by subjective knowledge of a claim.  *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110 (1988)

28

1   ("Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects or

2   should suspect that her injury was caused by wrongdoing, that someone has done something wrong

3   to her.").  To be sure, an objective test can also trigger the start of the limitations period; however,

4   the objective test is not the only test for determining when the limitations period began.  Because

5   Samsung's subjective knowledge regarding Steinberg's work for Rambus is relevant to both its

6   discovery rule and equitable tolling defenses to the statute of limitations, the protected information

7   is relevant to this case and satisfies the second prong of the *Hearn* test.  The Special Master's ruling

8   with respect to relevance is correct.

9          **D.      Requested Documents are "Vital"**

10         Samsung's third argument attacks the third prong of the *Hearn* test, arguing that the Special

11  Master misapplied the test.  The third *Hearn* factor is that "application of the privilege [must] den[y]

12  the opposing party access to information vital to his defense."  68 F.R.D. at 581.  Samsung first

13  argues that the Special Master erred by applying a "relevance" standard, instead of the "vital to the

14  defense" standard.  Waiver Objections at 13.  In shaping its objections to portray the Special

15  Master's order as legally erroneous, Samsung quotes the Special Master's order, which stated, "[t]he

16  information is clearly relevant to Samsung's claims."  Waiver Order at 16.  Samsung neglects to

17  quote the next line of the Special Master's order, which stated, "Allowing Samsung to assert the

18  attorney-client [sic] would deny Rambus access to information vital to its defense."  *Id.* Samsung

19  only acknowledges the Special Master's finding that the information is vital much later in its

20  briefing.  Waiver Objections at 14.  Even a cursory review of Judge Ambler's order reveals that he

21  applied the *Hearn* test.  The only question on review then is whether his application of the test to the

22  facts was clearly erroneous.  Samsung cannot selectively quote and twist the Special Master's order

23  to generate a *de novo* review where a deferential review is appropriate.

24         Once finally conceding that the Special Master found the privileged documents "vital" to

25  Rambus' case, Samsung criticizes the order for "fail[ing] to provide any demonstrative analysis" of

26  why the information is vital.  Samsung's objections fail to suggest why the information is not vital,

27  however, merely echoing its prior argument that it is too early in this litigation to tell.  Samsung's

28

**United States District Court**
For the Northern District of California

only other suggestion is that depositions of Joel Karp and Neil Steinberg could supply this

information.  As neither worked at Samsung during the time Samsung claims to have been unaware

of its potential claims against Steinberg and Rambus, the court fails to see how they could be an

alternative source for that information.  The other category of privileged information is "the work

Mr. Steinberg performed for Samsung that purportedly gave him access to information Samsung

claims he later misused at Rambus."  Only Samsung knows what information it claims Steinberg

misused; it cannot conceal what allegedly "confidential" information Steinberg misappropriated

while simultaneously accusing Rambus of misusing it.  The Special Master's findings that both

categories of information are vital to Rambus' case was not clearly erroneous; far from it, the Special

Master's findings were correct.

**E.      Scope of Production**

Samsung's final grounds for objection relate to the scope of the ordered production.

Samsung first argues that the Special Master's order fails to "closely tailor" the production.

Samsung also argues that the Special Master erred by ordering production without conducting an *in*

*camera* review.

As a preliminary matter, Rambus argues that Samsung waived any objection to the scope of

the ordered production by not raising the issue before the Special Master.  *See* Waiver Opposition at

fn. 8 & 23; *compare with* Samsung's Opposition to Rambus' Motion to Compel Regarding

Samsung's Privilege Waiver, Docket No. 402, C-05-00334-RMW (N.D. Cal. Sept. 13, 2007).

Samsung's original opposition made no mention of the need to narrowly tailor an implied privilege

waiver, nor did it suggest submitting the materials for *in camera* review.  In a footnote to its "reply

in support," Samsung argues that it did not waive the issue because "[t]he Special Master failed in

his duty" to tailor the production order as narrowly as possible.  Waiver Reply at 6 & fn. 7.

Samsung improperly blames the Special Master for Samsung's failure to raise the issue of the proper

scope of relief.  Nonetheless, the district court has discretion to decide whether to deem an argument

waived.  *See Greenhow v. Secretary of Health & Human Serv*., 863 F.2d 633, 638-39 (9th Cir.1988),

*overruled on other grounds*, *United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir.1992);

United States District Court

For the Northern District of California

*Stephens v. Tolbert*, 471 F.3d 1173, 1175-76 (11th Cir. 2006) (holding district court did not abuse its discretion in deciding to hear issue not raised before magistrate judge). As the scope of the Special Master's order does raise some concerns, the court considers the merits of Samsung's objection.

The Ninth Circuit has established guidelines regarding the implied waiver doctrine. Courts that find an implied waiver "[do] not order disclosure of the materials categorically; rather, the court directs the party holding the privilege to produce the privileged materials *if* it wishes to go forward with its claims implicating them." *Bittaker v. Woodford*, 331 F.3d 715, 720-21 (9th Cir. 2003) (en banc) (emphasis in original). The Special Master's order states that Samsung "shall produce" the documents. Waiver Order at 17. While it is unlikely Samsung will choose to retract its claims implicating the waiver, i.e., Counts IV through VII of its Second Amended Answer, Samsung is entitled to the option to do so to avoid producing the privileged materials. *Bittaker*, 331 F.3d at 721.

Furthermore, the court "must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *Bittaker*, 331 F.3d at 720. To be clear, the implied waiver doctrine requires, "closely tailor[ing] the scope of the waiver to the needs of the opposing party." *Id.* Here, the Special Master ordered Samsung to produce "any and all documents in its possession, custody or control that discuss, refer, or relate to: (a) Mr. Steinberg's work for Rambus; and (b) the work Mr. Steinberg performed for Samsung that purportedly gave him access to the information Samsung claims he later misused at Rambus." Waiver Order at 17. The "any and all documents . . . that discuss, refer, or relate to" language does not demonstrate narrow tailoring. Such an order produces all relevant materials, but fairness, not relevance, is the touchstone of the scope of the implied waiver doctrine.

Finally, a court finding an implied waiver and ordering production must define the contours of the production and the privilege waiver. *Bittaker*, 331 F.3d at 721; *see also Transamerica Computer Co. v. IBM Corp.*, 573 F.2d 646-652-53 (9th Cir. 1978) (approving district order ordering disclosure while preserving privilege claims). "It follows that the court imposing the waiver must be able to bind the party receiving the privileged materials to the court's limitations and conditions." *Bittaker*, 331 F.3d at 721. The court may therefore order the party receiving the privileged materials

**United States District Court**

For the Northern District of California

1   to protect their confidentiality.  *Id.*; *cf. Aronson v. McKesson HBOC, Inc.*, 2005 WL 934331 (N.D.

2   Cal. 2005) (preserving confidentiality of privileged materials produced pursuant to a confidentiality

3   agreement).  The Special Master's order does not clearly state that Samsung's production is subject

4   to a protective order, and therefore raises concerns that the order could result in a broader waiver

5   than intended.

6         As Samsung belatedly suggests, an *in camera* review of the documents would have permitted

7   the court to find the privilege waived, yet limit production to the extent fairness (not relevance)

8   requires.  *See*, *e.g.*, *Starsight Telecast, Inc. v. Gemstar Dev. Corp.*, 158 F.R.D. 650, 654-55 (N.D.

9   Cal. 1994) (Infante, Mag. J.).  Of particular concern, the court notes that some of the documents

10   ordered to be produced may contain Samsung's attorneys' mental impressions of the pending

11   litigation against Rambus.  *See* Gross Decl. Ex. G, pp. 56-57 (for example, Privilege Document No.

12   SSP 1713, dated 6/7/2005 contains legal advice regarding litigation; SSP 1675, dated 1/28/2003

13   contains legal advice regarding litigation and was cc'ed to David Healey, one of Samsung's attorneys

14   in this action).  At the hearing on this objection, Samsung's counsel suggested that one document

15   contains Samsung's attorneys' mental impressions of the *Infineon* litigation.  These mental

16   impressions most likely should  not be disclosed to Rambus.  *See Hickman v. Taylor*, 329 U.S. 495,

17   510-11 (1947). An *in camera* review will allow them to be redacted while still allowing Rambus

18   access to the vital information it is entitled to know to defend against Samsung's claims.

19         Based on these concerns, the court sustains Samsung's objections to the implied waiver order

20   as to scope alone.  The Special Master should first give Samsung the option of declining to proceed

21   with its claims.  If Samsung chooses to proceed, the Special Master should conduct an *in camera*

22   review of the documents affected by the implied waiver.  The eventual production should be closely

23   tailored to produce only (1) documents demonstrating Samsung's subjective knowledge of

24   Steinberg's work for Rambus, or the objective circumstances relating to Steinberg's work for

25   Rambus, prior to the critical date(s) for Samsung's tolling allegations. and (2) documents

26   demonstrating the confidential information that Steinberg knew which Samsung now alleges

27   Steinberg and Rambus misused in breach of Steinberg's fiduciary duties.  Only documents vital to

28

1   Rambus' ability to fairly present its case should be produced.  Finally, these documents should be

2   produced under a protective order to otherwise preserve Samsung's attorney-client and work-product

3   privileges.

### III.  ORDER

5          For the foregoing reasons, the court sustains Samsung's objections to the implied waiver

6   order with regard to the scope of production.  The court overrules Samsung's objections to the

7   remainder of the implied waiver order.

8

9   DATED:  _____11/13/07_____

                                                          _____
10                                                        RONALD M. WHYTE
                                                          United States District Judge

United States District Court
For the Northern District of California

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**

| | |
|---|---|
| Craig N. Tolliver | ctolliver@mckoolsmith.com |
| Pierre J. Hubert | phubert@mckoolsmith.com |
| Brian K. Erickson | berickson@dbllp.com, |
| David C. Vondle | dvondle@akingump.com |
| Gregory P. Stone | gregory.stone@mto.com |
| Carolyn Hoecker Luedtke | luedtkech@mto.com |
| Peter A. Detre | detrepa@mto.com |
| Burton Alexander Gross | burton.gross@mto.com, |
| Steven McCall Perry | steven.perry@mto.com |
| Jeannine Y. Sano | sanoj@howrey.com |

**Counsel for Defendant(s):**

| | |
|---|---|
| Matthew D. Powers | matthew.powers@weil.com |
| David J. Healey | david.healey@weil.com |
| Edward R. Reines | Edward.Reines@weil.com |
| John D Beynon | john.beynon@weil.com |
| Jared Bobrow | jared.bobrow@weil.com |
| Leeron Kalay | leeron.kalay@weil.com |
| Theodore G. Brown, III | tgbrown@townsend.com |
| Daniel J. Furniss | djfurniss@townsend.com |
| Jordan Trent Jones | jtjones@townsend.com |
| Kenneth L. Nissly | kennissly@thelenreid.com |
| Geoffrey H. Yost | gyost@thelenreid.com |
| Susan Gregory van Keulen | svankeulen@thelenreid.com |
| Patrick Lynch | plynch@omm.com |
| Jason Sheffield Angell | jangell@orrick.com |
| Vickie L. Feeman | vfeeman@orrick.com |
| Mark Shean | mshean@orrick.com |
| Kai Tseng | hlee@orrick.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     11/13/07                                   TSF
                                                    **Chambers of Judge Whyte**

ORDER SUSTAINING IN PART AND OVERRULING IN PART SAMSUNG'S OBJECTIONS TO IMPLIED WAIVER
ORDER—C-05-00334; C-05-02298 RMW
TSF                                                12