**E-filed:** 2/13/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>RAMBUS INC.,<br><br>Defendant. | No. CV-00-20905 RMW<br><br>ORDER DENYING RAMBUS'S MOTION *IN LIMINE* No. 8 TO EXCLUDE CERTAIN TESTIMONY OF GRAHAM ALLAN<br><br>**[Re Docket No. 2652]** |
| RAMBUS INC.,<br><br>Plaintiff,<br><br>v.<br><br>HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC.,<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P.,<br><br>NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A.,<br><br>Defendants. | No. C-05-00334 RMW<br><br>**[Re Docket No. 558]** |

Rambus moves to exclude Graham Allan from testifying "on the DRAM industry's perception of Rambus's interface technology ("RIT") and to its perfect ignorance of the possibility that Rambus might obtain patents reading on JEDEC standards." Mot. at 1. Rambus's argument focuses on Allan's alleged lack of qualifications to express such opinions and his alleged inadequate factual basis for his conclusions. Hynix[1] argues that Allan is qualified to render an opinion on the perspective of a reasonable memory technology engineer with regard to RIT and on the features of the RIT that were well known in the memory technology industry and therefore a part of a reasonable memory technology engineer's "toolbox." Opp. at 3. The court denies the motion on the grounds made but amplifies on its ruling on Rambus's motion *in limine* No. 1 as it pertains to Allan.

## I. LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony. An expert must be qualified by virtue of their "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. An expert witness' testimony must also be based on "sufficient facts or data." *Id.* While the court has broad discretion in deciding whether that standard has been met, the court cannot shirk its gatekeeper duties. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 142, 146 (1997); *compare with id.* at 148 (Breyer, J., concurring).

## II. ANALYSIS

### A. Mr. Allan's Qualifications

Graham Allan is an electrical engineer who attended JEDEC JC-42.3 meetings on behalf of MOSAID Technologies, Inc. while Rambus was also a member of JC-42.3 Luedtke Decl., Ex. A at 3 (hereinafter "Allan Report"). Rambus argues that Mr. Allan is not qualified to offer an opinion regarding the state of mind of a reasonable memory technology engineer.

Rambus argues that Mr. Allan is not qualified to testify to what a reasonable memory technology engineer during the nineties thought about Rambus's technology because he has no

---

[1] For purposes of this order, "Hynix" refers to the Hynix entities in these actions.

ORDER DENYING RAMBUS'S MOTION *IN LIMINE* No. 8 TO EXCLUDE CERTAIN TESTIMONY OF GRAHAM ALLAN
C-00-20905; C-05-00334 RMW
TSF 2

"specialized training in history or the social sciences" that would enable him "to conduct fact-intensive primary research into the actual mental state of industry members, then analyze this data using reliable social science methodologies." Mot. 8 at 4 (citing *Prado Alvarez v. R.J. Reynolds Tobacco Co.*, 405 F.3d 36, 39-43 (1st Cir. 2005)). The *Prado Alvarez* case suggests that a person with a bachelor's degree in history and irrelevant experience would not satisfy Rule 702's qualification requirement such that they could testify to what was "common knowledge" to a group of people. 405 F.3d at 40. The court agrees with *Prado Alvarez*'s interpretation of Rule 702 – a person with a bachelor's degree in history alone is unlikely to be qualified as an expert about what a society knew.

Unlike the plaintiff in *Prado Alvarez*, Hynix does not attempt to qualify Mr. Allan as an expert regarding a reasonable Memory technology engineer's knowledge by virtue of his education. Indeed, his education in electrical engineering leaves him less qualified by virtue of education than the expert in *Prado Alvarez*. Hynix instead seeks to qualify Mr. Allan by virtue of his years of experience at JEDEC and by virtue of his having been involved in the memory industry during the relevant time period. Mr. Allan's lack of training in history or social sciences is therefore irrelevant; what matters is his experience. Rambus further argues that Mr. Allan's experience is in engineering and business, but that this experience cannot qualify him as an expert on what a reasonable memory technology engineer would have believed. The court disagrees because Mr. Allan has the requisite knowledge and experience to testify as to what an engineer reasonably skilled in memory technology, based upon the information available to JEDEC at the time the SDRAM standards were adopted, would have understood to be the scope of Rambus's interface technology. Mr. Allan has worked in memory technology for decades, attended JC-42.3 meetings, and has served as chairman of the JC-42.3 committee. Allan Report at 3. This experience satisfies Rule 702's qualification requirement. Mr. Allan is qualified to testify to what a memory technology engineer's opinion about Rambus's technology would have been based on the documents he has reviewed. Of course, Mr. Allan is not qualified to testify as to what any JEDEC member or memory technology engineer actually understood about Rambus's technology at the time the JEDEC SDRAM standards were

adopted.

### B. The Factual Basis for Mr. Allan's Report

Rambus next argues that Mr. Allan's opinion is not reliable because it is not based on sufficient facts or data. Rambus faults Mr. Allan for not conducting surveys or interviews of what JEDEC members believed about Rambus technology during the nineties. The failure to conduct surveys or interviews does not doom Mr. Allan's testimony. Indeed, his opinion would likely be less reliable if based on interviews due to hindsight bias and the widespread self-interest of those who would have been interviewed.

Instead, Mr. Allan formed his opinion based on his experience and on reviewing slightly over 200 documents. Allan Report at 4, Appendix B. Reviewing contemporaneous documents appears to be one of the more reliable methods of reconstructing what someone may have known during a specific time period. *See Prado Alvarez*, 405 F.3d at 41-42 (endorsing the other historian's thorough review of "weekly magazines, island-wide daily newspapers, Puerto Rican and national health publications, Puerto Rican laws relating to tobacco, smoking, cigarettes and health instruction; education materials, including health education courses and school texts; religious and church publications; polling and survey data; 'materials related to popular culture'; and various government documents"). To be sure, certain entries in Appendix B appear irrelevant, and even prejudicial, to forming an accurate opinion of what a reasonable memory technology engineer would have believed about Rambus technology from 1992 to 2000. For example, documents published after 2000 would seem irrelevant unless they provide historical context. *See, e.g., id.* at Appendix B, ¶¶ 165-170. While these mistakes in circumscribing the universe of materials he considered make Mr. Allan's testimony less reliable, they do not shake the court's finding that, by the preponderance of the evidence, Allan's testimony is reliable.

Rambus criticizes Mr. Allan's selection of documents to review, particularly his omission of Rambus licensing agreements, and specifically Hynix's agreement and its "Other DRAMs" clause. A failure to consider certain sources of data can render an expert's opinion unreliable. *See Carnegie Mellon Univ. v. Hoffman-LaRoche, Inc.*, 55 F. Supp. 2d 1024, 1039 (N.D. Cal. 1999) (citing cases).

The situations described in the case law, however, are far more egregious than Mr. Allan's failure to consider how various licensing agreements would shape a reasonable memory technology engineer's understanding of Rambus's technology. Rambus can most appropriately address this gap in Mr. Allan's opinion through cross-examination. Accordingly, Rambus's motion to exclude the testimony of Mr. Allan based upon Rambus's *Daubert* motion is denied.

**C. The Scope of Mr. Allan's Testimony Regarding Prior Art**

While Mr. Allan's testimony is not properly excluded under Rule 702, the court is concerned about the scope of Mr. Allan's testimony in relation to Rule 403. The court stated in its ruling on Rambus's motion *in limine* no. 1 related to patent validity:

> The motion is granted to the extent that it seeks to preclude the Manufacturers from arguing the subject Rambus patents are invalid. However, this ruling does not prevent the testimony of McAlexander or Allan that Rambus's disclosures to JEDEC would not have put a reasonable memory technology engineer on notice that Rambus would seek patent rights covering features then under discussion at JEDEC. As pointed out by the FTC in *FTC Rambus* at 62: "The ability, after the fact, to determine from a written description that at the time of filing an applicant 'was in possession' of a particular invention 'now claimed' is not the same thing as the ability to predict, prior too publication, the potential scope of future claims." Nor does this ruling preclude Allan from testifying that at the time of JEDEC's adoption of the standards in question "programmable latency," programmable bust length," "dual edge clocking" and "programmable write latency" were well known techniques. However, he cannot challenge or suggest that Rambus's claimed inventions covering SDRAM and DDR SDRAM were not new and novel at the time of Rambus's original April 18, 1990 application and an instruction making clear that Rambus's claimed inventions were not anticipated may be necessary.

*Hynix Semiconductor, Inc. v. Rambus Inc.*, 2008 WL 350654, *1 (N.D. Cal. Feb. 3, 2008).

Mr. Allan's report, although not directly challenging the validity of Rambus's patents, discusses prior art suggesting that Rambus's patents were anticipated or obvious before the original application date of April 18, 1990. While this testimony has a legitimate use (that a memory technology engineer may not have believed a person could obtain a valid claim on certain technologies, and therefore had no reason to suspect Rambus was seeking such claims), it creates a pernicious inference that Rambus's patents are invalid. In arguing against instructing the jury regarding the prior patent infringement verdict in this case, Hynix submitted that for this phase of trial Rambus's patents would be assumed to be valid and infringed. Allowing Hynix to put on testimony that implicitly undermines that assumption creates substantial unfair prejudice for

Rambus.

If Mr. Allan limits his testimony to saying that between 1992 and 2000, a reasonably skilled engineer would have had certain "tools" and, therefore, would not have thought that someone could obtain a patent claim covering various aspects of JEDEC's proposed SDRAM standards, the unfair prejudice appears minimal compared to his testimony's probative value given that the patents date back to April 1990. However, if he discusses Rambus's patent claims and testifies that the technology embodied in those claims was well-known as of the application date, he is indirectly challenging the validity of the patents in an unfairly prejudicial way. Obviously, the balance between probative value and unfair prejudice is context-specific and cannot be defined in advance, but Hynix must be careful to limit the scope of Mr. Allan's testimony to minimize any inference that Rambus's patents are invalid. Hynix may revisit this issue if it believes Rambus's cross-examination of Mr. Allan justifies reconsideration.

### III. ORDER

For the foregoing reasons, the court denies Rambus's *Daubert* motion to exclude Mr. Allan's testimony. However, Mr. Allan may not testify that Rambus's claimed SDRAM patent claims were not new inventions at or before the original application date of Rambus's patents.

DATED:  2/13/08

RONALD M. WHYTE
United States District Judge

**United States District Court**
For the Northern District of California

**Notice of this document has been electronically sent to:**

| Counsel for Rambus Inc., all actions | | **Counsel for Hynix entities, C-00-20905 and C-05-00334** | |
|---|---|---|---|
| Burton Alexander Gross | Burton.Gross@mto.com | Allen Ruby | ruby@allenrubylaw.com |
| Carolyn Hoecker Luedtke | carolyn.luedtke@mto.com | Belinda Martinez Vega | bvega@omm.com |
| Catherine Rajwani | crajwani@sidley.com | Daniel J. Furniss | djfurniss@townsend.com |
| Craig N. Tolliver | ctolliver@mckoolsmith.com | Geoffrey Hurndall Yost | gyost@thelenreid.com |
| David C. Yang | david.yang@mto.com | Jordan Trent Jones | jtjones@townsend.com |
| Douglas A. Cawley | dcawley@mckoolsmith.com | Joseph A. Greco | jagreco@townsend.com |
| Erin C. Dougherty | erin.dougherty@mto.com | Kenneth Lee Nissly | kennissly@thelenreid.com |
| Gregory P. Stone | gregory.stone@mto.com | Kenneth Ryan O'Rourke | korourke@omm.com |
| Jennifer Lynn Polse | jen.polse@mto.com | Patrick Lynch | plynch@omm.com |
| Keith Rhoderic Dhu Hamilton, II | keith.hamilton@mto.com | Susan Gregory VanKeulen | svankeulen@thelenreid.com |
| Kelly Max Klaus | kelly.klaus@mto.com | Theodore G. Brown, III | tgbrown@townsend.com |
| Miriam Kim | Miriam.Kim@mto.com | Tomomi Katherine Harkey | tharkey@thelen.com |
| Peter A. Detre | detrepa@mto.com | **Counsel for Micron entities, C-06-00244** | |
| Pierre J. Hubert | phubert@mckoolsmith.com | Aaron Bennett Craig | aaroncraig@quinnemanuel.com |
| Rosemarie Theresa Ring | rose.ring@mto.com | David J. Ruderman | davidruderman@quinnemanuel.com |
| Scott L Cole | scole@mckoolsmith.com | Harold Avrum Barza | halbarza@quinnemanuel.com |
| Scott W. Hejny | shejny@sidley.com | Jared Bobrow | jared.bobrow@weil.com |
| Sean Eskovitz | sean.eskovitz@mto.com | John D Beynon | john.beynon@weil.com |
| Steven McCall Perry | steven.perry@mto.com | Leeron Kalay | leeron.kalay@weil.com |
| Thomas N Tarnay | ttarnay@sidley.com | Linda Jane Brewer | lindabrewer@quinnemanuel.com |
| William Hans Baumgartner, Jr | wbaumgartner@sidley.com | Rachael Lynn Ballard McCracken | rachaelmccracken@quinnemanuel.com |
| | | Robert Jason Becher | robertbecher@quinnemanuel.com |
| | | Yonaton M Rosenzweig | yonirosenzweig@quinnemanuel.com |

ORDER DENYING RAMBUS'S MOTION *IN LIMINE* No. 8 TO EXCLUDE CERTAIN TESTIMONY OF GRAHAM ALLAN
C-00-20905; C-05-00334 RMW
TSF                                                                 7

| Counsel for Nanya entities, C-05-00334 | | Counsel for Samsung entities, C-05-00334 and C-05-02298 | |
| --- | --- | --- | --- |
| Chester Wren-Ming Day | cday@orrick.com | Ana Elena Kadala | anita.kadala@weil.com |
| Craig R. Kaufman | ckaufman@orrick.com | Claire Elise Goldstein | claire.goldstein@weil.com |
| Glenn Michael Levy | glevy@orrick.com | David J. Healey | david.healey@weil.com |
| Jan Ellen Ellard | jellard@orrick.com | Edward Robert Reines | Edward.Reines@weil.com |
| Jason Sheffield Angell | jangell@orrick.com | Matthew D. Powers | matthew.powers@weil.com |
| Kaiwen Tseng | ktseng@orrick.com | | |
| Mark Shean | mshean@orrick.com | | |
| Robert E. Freitas | rfreitas@orrick.com | | |
| Vickie L. Feeman | vfeeman@orrick.com | | |

| Counsel for intervenor, Texas Instruments, Inc., C-05-00334 | |
| --- | --- |
| Kelli A. Crouch | kcrouch@jonesday.com |
| **Counsel for intervenor, United States Department of Justice, C-00-20905** | |
| Eugene S. Litvinoff | eugene.litvinoff@usdoj.gov |
| May Lee Heye | may.heye@usdoj.gov |
| Nathanael M. Cousins | nat.cousins@usdoj.gov |
| Niall Edmund Lynch | Niall.Lynch@USDOJ.GOV |
| **Counsel for intervenor, Elpida Memory, Inc., C-00-20905 and C-05-00334** | |
| Eric R. Lamison | elamison@kirkland.com |
| John J. Feldhaus | jfeldhaus@foley.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program in each action.

**Dated:** 2/13/08

TSF
**Chambers of Judge Whyte**

ORDER DENYING RAMBUS'S MOTION *IN LIMINE* No. 8 TO EXCLUDE CERTAIN TESTIMONY OF GRAHAM ALLAN
C-00-20905; C-05-00334 RMW
TSF        8