**E-filed:   7/16/2008**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAMBUS INC.,<br><br>            Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P.,<br><br>            Defendants. | No. C-05-02298 RMW<br><br>ORDER SUSTAINING IN PART AND OVERRULING IN PART SAMSUNG'S OBJECTIONS TO IMPLIED WAIVER ORDER<br><br>**[Re Docket Nos.  944, 957]** |
| RAMBUS INC.,<br><br>            Plaintiff,<br><br>     v.<br><br>HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC.,<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P.,<br><br>NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A.,<br><br>            Defendants. | No. C-05-00334 RMW<br><br>**[Re Docket Nos.  1929, 1952]** |

ORDER SUSTAINING IN PART AND OVERRULING IN PART SAMSUNG'S OBJECTIONS TO IMPLIED WAIVER
ORDER—C-05-00334; C-05-02298 RMW
TSF

1    This dispute arises from the court's previous order requiring the special master to conduct an *in camera* review of Samsung's[1] allegedly privileged documents to determine which documents should be produced to Rambus to allow Rambus to rebut Samsung's invocation of various doctrines for tolling the statutes of limitations governing Samsung's counterclaims. *See Rambus Inc. v. Samsung Elecs. Co., Ltd.*, 2007 WL 3444376 (N.D. Cal. Nov. 11, 2007). By that order, the court required the special master to closely tailor the eventual document production to turn over only documents that (1) "demonstrat[e] Samsung's subjective knowledge of Steinberg's work for Rambus, or the objective circumstances relating to Steinberg's work for Rambus, prior to the critical date(s) for Samsung's tolling allegations," and (2) "demonstrat[e] the confidential information that Steinberg knew which Samsung now alleges Steinberg and Rambus misused in breach of Steinberg's fiduciary duties." *Id.* at *7. The court further instructed that "[o]nly documents vital to Rambus' ability to fairly present its case should be produced." *Id.*

Samsung now objects to the June 30, 2008 order of the special master requiring Samsung to produce various privileged documents that the special master deemed vital to Rambus's case, unless it is allowed to redact certain passages. Specifically, Samsung asserts that the special master committed clear error[2] by ordering the production of the following nine documents without redaction of passages allegedly reflecting its attorneys' mental impressions: SSP 1483, SSP 1532, SSP 1619, SSP 1673, SSP 1686, SSP 1718, SSP 1719, SSP 1720, and SSP 1726. However, Samsung did not specifically direct the special master's attention to these passages but rather objected to the production of each document as a whole. Therefore, the special master had no reason to focus on the particular passages. Because time is of the essence as discovery is coming to a close, the court will rule on Samsung's objections at this time, rather than remand them to the special master.

---

[1]  "Samsung" collectively refers to all of the Samsung entities sued in these cases, namely Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.P.

[2]  As discussed in the court's prior order, "the Special Master's factual findings are reviewed for clear error, while the Special Master's legal determinations are reviewed de novo." *Rambus*, 2007 WL 3444376, at *3, *4. Here, the court reviews the special master's application of the law to the facts for clear error. *Id.* at *4.

*United States District Court*
*For the Northern District of California*

Samsung's briefing does not explain why any particular excerpt is not vital, but has generally explained that it does not believe these documents are necessary for Rambus to "fairly present" its case and that these excerpts reflect its attorneys' mental impressions. Rambus opposes the objections, but, because Rambus has not yet seen the documents at issue, it cannot tailor its arguments regarding whether a particular document is "vital."

To be clear, Samsung's implied waiver of its privileges extends only to documents that are "vital" to Rambus's ability to fairly present its case. *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975). "Vital" implies a level of probative value signifcantly greater than mere relevance. The difference between the two standards is particularly acute given Federal Rule of Evidence 401's exceedingly low threshold for relevance. *See Rambus*, 2007 WL 3444376, *6. A document is only "vital" if fairness requires disclosing the document to the opposing party to allow the party to present its case effectively. *See Bittaker v. Woodford*, 331 F.3d 715, 720-21 (9th Cir. 2003). Again, any implied waiver must be "closely tailored" to protect the privileges at issue. *Id.*

Samsung suggests that the passages under review are merely cumulative of information Rambus already possesses, and thus cannot be considered "vital." Samsung contends that contemporaneous documents from 2000 and 2001 are cumulative in light of Rambus's ability to depose witnesses and Rambus's access to deposition transcripts from 2001. The court disagrees. Fairness requires that Rambus be able to conduct a meaningful deposition and to refresh witnesses' memories with contemporaneous documents. Samsung's argument also overlooks the reality that a contemporaneous document is often much more persuasive than testimony several years after the fact and under the cloud of litigation.

With these principles in mind, the court has reviewed the papers and considered the arguments of counsel. Following a review of the nine documents supplied by Samsung, the court sustains some of Samsung's objections and overrules others, as described in detail below.

| Document: | Excerpt: | Order and Reasoning: |
|---|---|---|
| SSP 1483 | Page 1, "Apparently . . ." | Sustained.  The passage reflects a Samsung attorney's mental impressions regarding potential patent litigation.  It is not vital to Rambus's ability to rebut Samsung's tolling allegations and does not demonstrate confidential information that Samsung alleges that Neil Steinberg misused. |
| SSP 1483 | Page 2, "which . . ." | Sustained.  The passage reflects a Samsung attorney's mental impressions regarding potential patent litigation.  It is not vital to Rambus's ability to rebut Samsung's tolling allegations and does not demonstrate confidential information that Samsung alleges that Neil Steinberg misused. |
| SSP 1483 | Page 2, "Actually . . ." | Overruled.  The passage reflects a Samsung attorney's mental impressions regarding Rambus's conduct at JEDEC.  This information is vital to Rambus's ability to rebut Samsung's tolling allegations related to its claim for unfair competition.[3] |
| SSP 1483 | Page 2, "This assumes . . ." | Overruled.  The passage reflects a Samsung attorney's mental impressions regarding Rambus's conduct at JEDEC.  This information is vital to Rambus's ability to rebut Samsung's tolling allegations related to its claim for unfair competition |
| SSP 1483 | Page 2, "In a new . . ." | Sustained.  This passage reflects a Samsung attorney's mental impressions regarding cross-examination strategy.  It is not vital to Rambus's ability to rebut Samsung's tolling allegations and does not demonstrate confidential information that Samsung alleges that Neil Steinberg misused. |
| SSP 1483 | Page 3, "In an aside . . ." | Overruled.  This passage reflects a Samsung attorney's mental impression of Neil Steinberg's trustworthiness.  This information is vital to Rambus's ability to rebut Samsung's tolling allegations related to its counterclaims based on Neil Steinberg's conduct. |
| SSP 1483 | Page 3, "Neil is . . ." | Sustained.  This passage reflects a Samsung attorney's mental impression of Neil Steinberg.  It does not, however, contain information vital to Rambus's ability to rebut Samsung's tolling allegations related to its counterclaims based on Neil Steinberg's conduct. |
| SSP 1483 | Page 3, "We need . . ." | Sustained.  This passage reflects a Samsung attorney's mental impressions regarding cross-examination strategy.  It is not vital to Rambus's ability to rebut Samsung's tolling allegations and does not demonstrate confidential information that Samsung alleges that Neil Steinberg misused. |
| SSP 1483 | Page 3, "I was . . ." | Sustained.  This passage reflects a Samsung attorney's mental impressions and advice regarding a transaction.  It is not vital to Rambus's ability to rebut Samsung's tolling allegations and does not demonstrate confidential information that Samsung alleges that Neil Steinberg misused. |

---

[3] The court's prior order only compelled production of documents related to Samsung's tolling allegations regarding its counterclaims based on Neil Steinberg's conduct.  *See Rambus*, 2007 WL 3444376, at *7.  That order's reasoning also supports requiring Samsung to produce documents demonstrating its subjective knowledge of its unfair competition claim arising from Rambus's conduct at JEDEC, and the special master did not err in extending the implied waiver to such materials.

ORDER SUSTAINING IN PART AND OVERRULING IN PART SAMSUNG'S OBJECTIONS TO IMPLIED WAIVER ORDER—C-05-00334; C-05-02298 RMW
TSF                                            4

| | | |
|---|---|---|
| SSP 1483 | Page 4, "We need . . ." | Sustained.  This passage reflects a Samsung attorney's mental impressions and advice regarding a transaction.  It is not vital to Rambus's ability to rebut Samsung's tolling allegations and does not demonstrate confidential information that Samsung alleges that Neil Steinberg misused. |
| SSP 1532[4] | Page 2, "Apparently . . ." | Sustained.  The passage reflects a Samsung attorney's mental impressions regarding potential patent litigation.  It is not vital to Rambus's ability to rebut Samsung's tolling allegations and does not demonstrate confidential information that Samsung alleges that Neil Steinberg misused. |
| SSP 1532 | Page 3, "He apparently . . ." | Overruled.  The passage reflects a Samsung attorney's mental impressions regarding Rambus's conduct at JEDEC.  This information is vital to Rambus's ability to rebut Samsung's tolling allegations related to its claim for unfair competition. |
| SSP 1532 | Page 3, "He can . . ." | Sustained.  The passage reflects a Samsung attorney's mental impressions regarding potential patent litigation.  It is not vital to Rambus's ability to rebut Samsung's tolling allegations and does not demonstrate confidential information that Samsung alleges that Neil Steinberg misused. |
| SSP 1532 | Page 3, "Actually . . ." | Overruled.  The passage reflects a Samsung attorney's mental impressions regarding Rambus's conduct at JEDEC.  This information is vital to Rambus's ability to rebut Samsung's tolling allegations related to its claim for unfair competition. |
| SSP 1532 | Page 4, "This assumes . . ." | Overruled.  The passage reflects a Samsung attorney's mental impressions regarding Rambus's conduct at JEDEC.  This information is vital to Rambus's ability to rebut Samsung's tolling allegations related to its claim for unfair competition |
| SSP 1532 | Page 4, "In a new . . ." | Sustained.  This passage reflects a Samsung attorney's mental impressions regarding cross-examination strategy.  It is not vital to Rambus's ability to rebut Samsung's tolling allegations and does not demonstrate confidential information that Samsung alleges that Neil Steinberg misused. |
| SSP 1532 | Page 4, "This is known . . ." | Sustained.  The passage reflects a Samsung attorney's mental impressions regarding potential patent litigation.  It is not vital to Rambus's ability to rebut Samsung's tolling allegations and does not demonstrate confidential information that Samsung alleges that Neil Steinberg misused. |
| SSP 1532 | Page 5, "In an aside . . ." | Overruled.  This passage reflects a Samsung attorney's mental impression of Neil Steinberg's trustworthiness.  This information is vital to Rambus's ability to rebut Samsung's tolling allegations related to its counterclaims based on Neil Steinberg's conduct. |
| SSP 1532 | Page 5, "Neil is . . ." | Sustained.  This passage reflects a Samsung attorney's mental impression of Neil Steinberg.  It does not, however, contain information vital to Rambus's ability to rebut Samsung's tolling allegations related to its counterclaims based on Neil Steinberg's conduct. |

---

[4]     SSP 1532 is a retyped, formatted and expanded version of the memo in SSP 1483.

| | | |
|---|---|---|
| SSP 1532 | Page 6, "We need . . ." | Sustained.  This passage reflects a Samsung attorney's mental impressions regarding cross-examination strategy.  It is not vital to Rambus's ability to rebut Samsung's tolling allegations and does not demonstrate confidential information that Samsung alleges that Neil Steinberg misused. |
| SSP 1532 | Page 6, "I was . . . " | Sustained.  This passage reflects a Samsung attorney's mental impressions and advice regarding a transaction.  It is not vital to Rambus's ability to rebut Samsung's tolling allegations and does not demonstrate confidential information that Samsung alleges that Neil Steinberg misused. |
| SSP 1532 | Page 6, "We need . . ." | Sustained.  This passage reflects a Samsung attorney's mental impressions and advice regarding a transaction.  It is not vital to Rambus's ability to rebut Samsung's tolling allegations and does not demonstrate confidential information that Samsung alleges that Neil Steinberg misused. |
| SSP 1619 | Page "2," "Rambus diavowal . . ." | Overruled.  The passage reflects a Samsung attorney's mental impressions regarding Rambus's conduct at JEDEC.  This information is vital to Rambus's ability to rebut Samsung's tolling allegations related to its claim for unfair competition. |
| SSP 1619 | Page "1", "Anita thinks . . ." | Overruled.  This passage reflects a Samsung attorney's mental impressions regarding the confidential information misused by Neil Steinberg.  The information is vital to both Rambus ability to rebut Samsung's tolling allegations related to its Neil Steinberg claims and to Rambus's ability to know what confidential information was allegedly misused. |
| SSP 1619 | Page "1," "Our initial review . . ." | Overruled.  This passage reflects a Samsung attorney's mental impressions regarding Neil Steinberg's conduct.  The information is vital to Rambus ability to rebut Samsung's tolling allegations related to its Neil Steinberg claims. |
| SSP 1619 | Page "2," "My guess is . . ." | Sustained.  The passage reflects a Samsung attorney's mental impressions regarding potential patent litigation.  It is not vital to Rambus's ability to rebut Samsung's tolling allegations and does not demonstrate confidential information that Samsung alleges that Neil Steinberg misused. |
| SSP 1673 | Page "1," "Finally we need . . . " | Overruled.  This passage reflects a Samsung attorney's mental impressions regarding the confidential information misused by Neil Steinberg.  The information is vital to both Rambus ability to rebut Samsung's tolling allegations related to its Neil Steinberg claims and to Rambus's ability to know what confidential information was allegedly misused. |
| SSP 1686[5] | Page "2," "Rambus diavowal . . ." | Overruled.  The passage reflects a Samsung attorney's mental impressions regarding Rambus's conduct at JEDEC.  This information is vital to Rambus's ability to rebut Samsung's tolling allegations related to its claim for unfair competition. |
| SSP 1718 | "Seems to me . . ." | Overruled.  This passage reflects a Samsung attorney's mental impression regarding Rambus's conduct at JEDEC.  The special master did not clearly err in finding this information vital to Rambus's ability to rebut Samsung's tolling allegations related to its unfair competition counterclaim. |

---

[5]   SSP 1686 appears to be another copy of a portion of SSP 1619.

| | | |
|---|---|---|
| SSP 1719 | | SSP 1719 is substantively identical to SSP 1483 and SSP 1532, and the court sustains and overrules the objections in the same manner. |
| SSP 1720 | "Sections . . . " | Sustained. The passage reflects a Samsung attorney's mental impressions regarding potential contract litigation. It is not vital to Rambus's ability to rebut Samsung's tolling allegations and does not demonstrate confidential information that Samsung alleges that Neil Steinberg misused. |
| SSP 1726 | "With Neil . . ." | Overruled. The passage reflects a Samsung attorney's mental impressions regarding potential patent litigation, Rambus's conduct at JEDEC and Neil Steinberg's alleged misuse of confidential information. It is vital to Rambus's ability to rebut Samsung's tolling allegations and it demonstrates some confidential information that Samsung alleges that Neil Steinberg misused. |

Two points regarding Rambus's opposition merit brief discussion. Rambus argues that Samsung cannot invoke work-product protection for any of the documents at issue because work-product protection requires a party to anticipate litigation, and Samsung has steadfastly argued that it had no subjective knowledge or objective reason to believe that it had claims against Rambus. Rambus mistakenly assumes that the *only* litigation Samsung might contemplate involved the allegedly time-barred counterclaims. As reflected above, this order distinguishes between documents prepared in anticipation of litigation on Samsung's allegedly tolled counterclaims and any other Samsung claim. In addition, Samsung has asserted the attorney-client privilege as well as work product protection with respect to these documents.

Rambus also argues that Samsung should not be allowed to withhold documents for which it has not demonstrated that a privilege applies. That issue is not before the court on this appeal. The only issues presented to this court by Samsung's objections were: (1) whether the passages of the documents at issue were "vital" to Rambus's case, and (2) whether Samsung had impliedly waived its privileges by asserting that its tolling defenses to the statutes of limitations.[6] The court therefore does not address whether Samsung has established an applicable privilege as to any of these documents.

For the reasons set forth above, the court orders Samsung to produce the nine documents

---

[6] Samsung included this objection to preserve this issue for appeal. The court has already rejected this argument in its prior order on implied waiver and declines to revisit it. *See Rambus Inc. v. Samsung Elecs. Co., Ltd.*, 2007 WL 3444376 (N.D. Cal. Nov. 11, 2007).

ORDER SUSTAINING IN PART AND OVERRULING IN PART SAMSUNG'S OBJECTIONS TO IMPLIED WAIVER ORDER—C-05-00334; C-05-02298 RMW
TSF                              7

with only the redactions the court has allowed. Samsung must produce these documents to Rambus at least two hours before the beginning of the second day of Mr. Park's current deposition to permit Rambus to review the newly produced documents.

If Rambus wishes to supplement its briefing on its pending summary judgment motion based upon the running of the statute of limitations, it must submit such supplemental briefing and evidence by Wednesday, July 23. Samsung may then file any response by Friday, August 1. The motion will then be deemed submitted for decision.

DATED:   7/16/2008

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to: counsel in C-05-00334 and C-05-02298.**

| Counsel for Rambus Inc., all actions | | Counsel for Hynix entities, C-00-20905 and C-05-00334 | |
|---|---|---|---|
| Burton Alexander Gross | Burton.Gross@mto.com | Allen Ruby | ruby@allenrubylaw.com |
| Carolyn Hoecker Luedtke | carolyn.luedtke@mto.com | Belinda Martinez Vega | bvega@omm.com |
| Catherine Rajwani | crajwani@sidley.com | Daniel J. Furniss | djfurniss@townsend.com |
| Craig N. Tolliver | ctolliver@mckoolsmith.com | Geoffrey Hurndall Yost | gyost@thelenreid.com |
| David C. Yang | david.yang@mto.com | Jordan Trent Jones | jtjones@townsend.com |
| Douglas A. Cawley | dcawley@mckoolsmith.com | Joseph A. Greco | jagreco@townsend.com |
| Erin C. Dougherty | erin.dougherty@mto.com | Kenneth Lee Nissly | kennissly@thelenreid.com |
| Gregory P. Stone | gregory.stone@mto.com | Kenneth Ryan O'Rourke | korourke@omm.com |
| Jennifer Lynn Polse | jen.polse@mto.com | Patrick Lynch | plynch@omm.com |
| Keith Rhoderic Dhu Hamilton, II | keith.hamilton@mto.com | Susan Gregory VanKeulen | svankeulen@thelenreid.com |
| Kelly Max Klaus | kelly.klaus@mto.com | Theodore G. Brown, III | tgbrown@townsend.com |
| Miriam Kim | Miriam.Kim@mto.com | Tomomi Katherine Harkey | tharkey@thelen.com |
| Peter A. Detre | detrepa@mto.com | **Counsel for Micron entities, C-06-00244** | |
| Pierre J. Hubert | phubert@mckoolsmith.com | Aaron Bennett Craig | aaroncraig@quinnemanuel.com |
| Rosemarie Theresa Ring | rose.ring@mto.com | David J. Ruderman | davidruderman@quinnemanuel.com |
| Scott L Cole | scole@mckoolsmith.com | Harold Avrum Barza | halbarza@quinnemanuel.com |
| Scott W. Hejny | shejny@sidley.com | Jared Bobrow | jared.bobrow@weil.com |
| Sean Eskovitz | sean.eskovitz@mto.com | John D Beynon | john.beynon@weil.com |
| Steven McCall Perry | steven.perry@mto.com | Leeron Kalay | leeron.kalay@weil.com |
| Thomas N Tarnay | ttarnay@sidley.com | Linda Jane Brewer | lindabrewer@quinnemanuel.com |
| William Hans Baumgartner, Jr | wbaumgartner@sidley.com | Rachael Lynn Ballard McCracken | rachaelmccracken@quinnemanuel.com |
| | | Robert Jason Becher | robertbecher@quinnemanuel.com |
| | | Yonaton M Rosenzweig | yonirosenzweig@quinnemanuel.com |

ORDER SUSTAINING IN PART AND OVERRULING IN PART SAMSUNG'S OBJECTIONS TO IMPLIED WAIVER
ORDER—C-05-00334; C-05-02298 RMW
TSF                                                            9

United States District Court
For the Northern District of California

| Counsel for Nanya entities, C-05-00334 | | Counsel for Samsung entities, C-05-00334 and C-05-02298 | |
|---|---|---|---|
| Chester Wren-Ming Day | cday@orrick.com | Ana Elena Kadala | anita.kadala@weil.com |
| Craig R. Kaufman | ckaufman@orrick.com | Claire Elise Goldstein | claire.goldstein@weil.com |
| Jan Ellen Ellard | jellard@orrick.com | David J. Healey | david.healey@weil.com |
| Jason Sheffield Angell | jangell@orrick.com | Edward Robert Reines | Edward.Reines@weil.com |
| Kaiwen Tseng | ktseng@orrick.com | Matthew D. Powers | matthew.powers@weil.com |
| Mark Shean | mshean@orrick.com | | |
| Robert E. Freitas | rfreitas@orrick.com | | |
| Vickie L. Feeman | vfeeman@orrick.com | | |

| Counsel for intervenor, Texas Instruments, Inc., C-05-00334 | |
|---|---|
| Kelli A. Crouch | kcrouch@jonesday.com |
| **Counsel for intervenor, United States Department of Justice, C-00-20905** | |
| Eugene S. Litvinoff | eugene.litvinoff@usdoj.gov |
| May Lee Heye | may.heye@usdoj.gov |
| Nathanael M. Cousins | nat.cousins@usdoj.gov |
| Niall Edmund Lynch | Niall.Lynch@USDOJ.GOV |
| **Counsel for intervenor, Elpida Memory, Inc., C-00-20905 and C-05-00334** | |
| Eric R. Lamison | elamison@kirkland.com |
| John J. Feldhaus | jfeldhaus@foley.com |
| **Counsel for witness, Joel Karp, C-05-00334 and C-05-02298** | |
| Nicole C. Harvat | nharvat@gordonrees.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program in each action.

**Dated:** 7/16/2008

TSF
**Chambers of Judge Whyte**