1

2

3                                                              E-filed:      8/18/2008

4

5                    IN THE UNITED STATES DISTRICT COURT

6                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

7                               SAN JOSE DIVISION

8

RAMBUS INC.,                                    No. C-05-02298 RMW

9
                    Plaintiff,                   **PUBLIC REDACTED** ORDER DENYING
10                                               RAMBUS' MOTION FOR SUMMARY
             v.                                  JUDGMENT ON THE JEDEC CLAIM IN
11                                               COUNT VII OF SAMSUNG'S
SAMSUNG ELECTRONICS CO., LTD.,                  COUNTERCLAIMS
12   SAMSUNG ELECTRONICS AMERICA,
INC., SAMSUNG SEMICONDUCTOR, INC.,              **[Re Docket No. 284]**
13   SAMSUNG AUSTIN SEMICONDUCTOR,
L.P.,                                            **[PUBLIC REDACTED VERSION]**
14
                    Defendants.
15

16   RAMBUS INC.,                                No. C-05-00334 RMW

17                  Plaintiff,
                                                 **[Re Docket No. 427]**
18           v.

19   HYNIX SEMICONDUCTOR INC., HYNIX
SEMICONDUCTOR AMERICA INC.,
20   HYNIX SEMICONDUCTOR
MANUFACTURING AMERICA INC.,
21
SAMSUNG ELECTRONICS CO., LTD.,
22   SAMSUNG ELECTRONICS AMERICA,
INC., SAMSUNG SEMICONDUCTOR, INC.,
23   SAMSUNG AUSTIN SEMICONDUCTOR,
L.P.,
24
NANYA TECHNOLOGY CORPORATION,
25   NANYA TECHNOLOGY CORPORATION
U.S.A.,
26
                    Defendants.
27

28

United States District Court
For the Northern District of California

1    Rambus moves for summary judgment with respect to Samsung's "JEDEC-related unfair

2    competition" counterclaim, arguing that Samsung released the claim when it entered a licensing

3    agreement with Rambus.  In the alternative, Rambus argues that Samsung waived the claim when

4    the licensing agreement was renegotiated one year later.  Samsung opposes the motion.  The court

5    has reviewed the papers and considered the arguments of counsel.  For the reasons set forth below,

6    the court denies Rambus's motion for partial summary judgment on Samsung's JEDEC-related unfair

7    competition claim.

8                                    **I.  BACKGROUND**

9    Samsung's unfair competition claim at issue in this motion focuses on Rambus's activities

10   before JEDEC.  As alleged by Samsung,

11   Rambus has engaged in at least the following unlawful, unfair, and anticompetitive
     business practices, and deceptive conduct:
12   * * *

13   e.        Unfair and anticompetitive business practices against DRAM manufacturers
     as a member of JEDEC as evidenced by the following facts: During the 1990's,
14   Rambus participated actively in industry meetings on standards for SDRAMs and
     DDR SDRAMs at the Joint Electron Device Engineering Council ("JEDEC").
15   Rambus improperly used information it obtained as a result of its membership in
     JEDEC to secure additional patents and claims. Rambus's use of this information was
16   in violation of policies applicable to all JEDEC members. Rambus (*sic*) failure to
     disclose to other members of JEDEC that it had taken information from JEDEC to
17   craft its patent claims, only to seek to enforce its claims against JEDEC-compliant
     products many years after JEDEC members had invested heavily in the technology
18   without notice of Rambus's conduct. This conduct was unfair and anticompetitI've
     to all DRAM manufacturers that were members of JEDEC, including Samsung.
19
20   Samsung's Second Amended Answer ¶ 259(e) (05-02298, Docket No. 87); Samsung's Second

21   Amended Answer ¶ 287(e) (05-00334, Docket No. 141) (identical allegation).  Rambus moves for

22   partial summary judgment with respect to this allegation, arguing that any claim Samsung may have

     had for unfair competition stemming from Rambus's JEDEC activities was released.
23
24   License negotiations between Rambus and Samsung culminated in a non-exclusive patent

25   license executed by Rambus on October 27, 2000 and by Samsung on October 31, 2000.  *See* Gross.

     Decl., Ex. D at 27.  The license is titled "SDR/DDR IC AND SDR/DDR MEMORY MODULE
26
     PATENT LICENSE AGREEMENT" ("Agreement") and authorized Samsung to make and sell
27
28   **PUBLIC REDACTED** ORDER DENYING RAMBUS' MOTION FOR SUMMARY JUDGMENT ON THE JEDEC CLAIM IN
     COUNT VII OF SAMSUNG'S COUNTERCLAIMS
     C-05-02298 RMW; C-05-00334 RMW
     TSF                                          2

*United States District Court*
For the Northern District of California

SDRAM, DDR SDRAM, and controllers covered by various Rambus patents.  *See id.* §§ 1.2, 2.2.  In its "whereas" clauses, the Agreement recited that Rambus owns various patents and that Samsung wishes to license such patents.  *Id.* at 1.

A number of provisions bear on the scope of the claims that Samsung released when it entered into the Agreement.  Section 2 is titled "Release, Grant, Covenants, & Limitations Thereon" and contains the provisions at issue.  It begins with a release by Rambus of any claims for "any and all infringement of the Rambus Patents:"

> Upon timely payment of the license fee of Section 3.1(a), Rambus hereby releases, acquits and forever discharges Samsung and its subsidiaries from any and all claims and/or liabilities for any and all infringement of the Rambus Patents, arising from acts and/or events prior to the Effective Date hereof, provided such acts and/or events fall within the license granted in Section 2.2 of this Agreement if such acts and/or events occurred during the term of this Agreement. UPON THE ADVICE OF LEGAL COUNSEL, RAMBUS AND ITS SUBSIDIARIES WAIVE AGAINST SAMSUNG AND ITS SUBSIDIARIES, ALL RIGHTS UNDER CALIFORNIA CIVIL CODE SECTION 1542 AND ANY OTHER STATE OR FEDERAL STATUTE OR COMMON LAW PRINCIPLE OF SIMILAR EFFECT.

*Id.* § 2.1.  The Agreement then grants Samsung a license to some of Rambus's patents and defines the contours of the license by explicitly excluding certain activities.  *See id.* §§ 2.2-2.9.

Section 2.10 contains four disclaimers, specifying what the Agreement does *not* imply or require.  The fourth is relevant to this dispute.  It provides that "[n]othing contained in this Agreement shall be construed as: . . . (d) a waiver of equitable defenses (e.g., estoppel) by Samsung relative to the Rambus Patents."  *Id.* § 2.10(d).

The final two subsections of Section 2 address Samsung's covenants and releases of claims against Rambus.  First, "Samsung covenants not to sue Rambus or any of its Subsidiaries, anywhere in the world, for any alleged induced and/or contributory infringement of any and all present or future patents owned or controlled by Samsung or its Subsidiaries during the term of this Agreement."  *Id.* § 2.11.  Second, Samsung granted the release which is the main focus of Rambus's motion.

> Samsung and its subsidiaries hereby release, acquit and forever discharge Rambus and its subsidiaries from any and all claims and/or liabilities of any nature and kind, whether known or unknown, as of the Effective Date, relating to or arising out of the subject matter of this Agreement.  UPON THE ADVICE OF LEGAL COUNSEL,

**PUBLIC REDACTED** ORDER DENYING RAMBUS' MOTION FOR SUMMARY JUDGMENT ON THE JEDEC CLAIM IN COUNT VII OF SAMSUNG'S COUNTERCLAIMS
C-05-02298 RMW; C-05-00334 RMW
TSF

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1

2

3

SAMSUNG AND ITS SUBSIDIARIES WAIVE AGAINST RAMBUS AND ITS SUBSIDIARIES, ALL RIGHTS UNDER CALIFORNIA CIVIL CODE SECTION 1542 AND ANY OTHER STATE OR FEDERAL STATUTE OR COMMON LAW PRINCIPLE OF SIMILAR EFFECT.

4

*Id.* § 2.12.

5

6

7

8

Finally, the parties specified that the Agreement would be interpreted under California and U.S. federal law. *Id.* ¶ 9.1. The Agreement concludes with an integration clause which provides that the terms and conditions of the Agreement "constitute the entire agreement between the parties and supersede all previous agreements and understandings, whether oral or written, between the parties herein with respect to the subject matter hereof." *Id.* ¶ 10.14.

9

**II.  ANALYSIS**

10

**A.     Partial Summary Judgment**

11

12

13

14

15

16

Samsung initially argues that Rambus's summary judgment motion is "facially invalid" because it addresses only a portion of Samsung's unfair competition claim and not the entire claim. Samsung submits that a court lacks the power to summarily adjudicate a "portion of a claim" or "intermediate facts," but only "entire claims or defenses." Because Rambus' motion does not resolve Samsung's four other allegations that comprise its unfair competition claim**,** Samsung contends that Rambus' motion must fail.

17

18

19

20

21

22

23

24

25

26

27

Samsung's argument ignores the text of Rule 56(b) of the Federal Rules of Civil Procedure. It provides that "[a] party against whom relief is sought may move at any time . . . for a summary on all or *part* of the claim." Fed. R. Civ. P. 56(b) (emphasis added). Rule 56(d) further instructs the court to narrow the issues for trial where summary judgment does not wholly dispose of a case. Rule 56(b) clearly allows the court to enter partial summary judgment with respect to an issue. *See, e.g., First Nat. Ins. Co. v. F.D.I.C.*, 977 F. Supp. 1051, 1055 (S.D. Cal. 1997) ("[T]he Court may still grant summary adjudication as to specific issues if it will narrow the issues for trial."); *Baker v. Norman*, 651 F.2d 1107, 1123 (5th Cir. 1981) ("In cases that involve complicated fact patterns and multiple causes of action, summary judgment may be proper as to some causes of action but not as to others, or as to some issues but not as to others, or as to some parties but not as to others[.]").

28

**B.     The Scope of the Release in the Agreement**

Rambus argues that the release provision in Section 2.12 of the Agreement bars Samsung's JEDEC claim because it "relat[es] to or aris[es] out of the subject matter" of the Agreement. The parties do not dispute the effect of this provision; it is a general release that bars all claims that relate to or arise out of the subject matter of this Agreement. Instead, the parties dispute the scope of this limitation, i.e., does Samsung's JEDEC-related unfair competition claim "relate to or arise out of the subject matter of this Agreement"?

**1.     "The Subject Matter of This Agreement"**

First, the parties disagree about the "subject matter" of the Agreement. The license is styled as a "Patent License Agreement" and the "whereas" clauses describe how Rambus owns various patents and how Samsung wishes to license them. Samsung argues, however, that "[b]ecause the subject matter of the SDR/DDR License is clearly the licensing of certain Rambus patents to Samsung, Samsung's release of claims relating to or arising out of' the subject matter of the agreement *only* covers claims that relate to or arise out of Samsung's manufacture and sale of memory products covered by the licensed patents (*e.g.* past infringement)." Opp'n at 9 (emphasis in original).

The Agreement is not reasonably susceptible to Samsung's interpretation. Samsung's argument that the "subject matter" of the Agreement is Samsung's manufacture and sale of the licensed memory products makes little, if any, sense because that interpretation would essentially render the release meaningless. Section 2.12 releases Samsung's claims against Rambus. But it is difficult to imagine how Rambus could be liable to Samsung for any claim relating to or arising out of Samsung's manufacture of the licensed products. Section 2.12 must be construed so as to have some substantive value from Rambus's standpoint.

At the hearing on the motion, Samsung proffered a new explanation for the provision. It pointed to the covenant in Section 2.11, in which Samsung promises not to sue Rambus for any current or future contributory or induced infringement of any of Samsung's patents. Samsung then argues that Section 2.12 is the counterpart to Section 2.11, and that the "subject matter of this

United States District Court
For the Northern District of California

1    Agreement" refers not to Rambus's patents, but to the possible secondary infringement liability

2    discussed in Section 2.11.  Under this interpretation, the effect of Sections 2.11 and 2.12 is that

3    Samsung agrees not to sue Rambus for secondary infringement for the duration of the Agreement

4    and releases Rambus from any past secondary liability for patent infringement.

5         Samsung's interpretation of the relationship between Sections 2.11 and 2.12 has some

6    theoretical logic to it but does not compel the result Samsung desires.  Section 2.11 does suggest that

7    the subject matter of the Agreement is not limited to Rambus's patents as contended by Rambus but

8    it does not limit Section 2.12 to releasing only claims for secondary infringement by Rambus of

9    Samsung's patents.  Simply put, Section 2.11 is *part* of "this Agreement," but it is not the exclusive

10   whole of "this Agreement."  If the parties intended such a narrow release, they could easily have said

11   that Samsung released any and all claims relating to or arising out of Section 2.11, or related to

12   Samsung's patents, or related to Rambus's conduct in contributing to or inducing other parties'

13   infringement of Samsung's patents.  But Samsung released claims related to "this Agreement" in its

14   entirety.  This includes the Rambus patents licensed to Samsung which are at the heart of "this

15   Agreement."

16              **2.        "Relating To Or Arising Out Of"**

17        Having determined that the "subject matter of this Agreement" encompasses Rambus's

18   patents, the court turns to the scope of the release related to the patents.  In short, Rambus and

19   Samsung dispute the meaning of "relating to or arising out of" and whether Samsung's JEDEC claim

20   "relates to or arises out of" the Rambus Patents.

21        Rambus begins by citing multiple cases showing that this phrase is understood to be "broad"

22   and "expansive" when applied in the context of arbitration clauses, where it is standard,

23   recommended language.  *See Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458,

24   1464 (9th Cir. 1983).  In that context, a claim "relates to" certain subject matter if it "touches" the

25   subject matter.  *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625

26   n.13 (1985); *Pennzoil Exploration and Production Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1068

27   (5th Cir.1998).  This broad interpretation of "relating to" stems, however, from the "strong federal

28

**PUBLIC REDACTED** ORDER DENYING RAMBUS' MOTION FOR SUMMARY JUDGMENT ON THE JEDEC CLAIM IN
COUNT VII OF SAMSUNG'S COUNTERCLAIMS
C-05-02298 RMW; C-05-00334 RMW
TSF                                                      6

*United States District Court*
For the Northern District of California

policy in favor of arbitration." *Pennzoil Exploration*, 139 F.3d at 1068; *see also Mitsubishi Motors*, 473 U.S. at 625 n.13 ("[T]he Court of Appeals properly resolved any doubts in favor of arbitrability."). None of Rambus' cases interpret the phrase in the context of a general release, which, in contrast, should be construed narrowly because a release eliminates liability. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 755 (5th Cir. 1996) (applying Texas contract law); Williston on Contracts § 73.9 (4th ed. 2003). Because the clause at issue is contained in a release and not in an arbitration agreement, the construction given its use in arbitration agreements offers little guidance.

Nonetheless, the court agrees with Rambus that the "relating to or arising out of" language creates a broader release than "arising out of" alone. *Cf. Mediterranean Enterprises*, 708 F.2d at 1464. Combined, the "relating to" and "arising out of" language demonstrate a clear intent to release all claims having anything to do with the licensing of the patents. Samsung maintains that claims based on anything other than the parties' licensing relationship cannot "relat[e] to or aris[e] out of" the subject matter of the license. Samsung points to the release used in *Winet v. Price*, which used an "arising out of or in any manner connected with" formulation. 4 Cal. App. 4th 1159, 1163 (1992). Based on that clause, Samsung argues that Rambus could have achieved the broad release it now wants, but only if the release had read, "arising out of or in any manner connected with Rambus's patents." The only difference then between Samsung's proffered language and the language used in the license is the difference between "relating to" and "in any manner connected with." Samsung does not explain how these two terms would differ in scope. Nor can the court discern what subset of potential claims would be released by "arising out of or in any manner connected with" but not released by "arising out of or relating to." General language cannot meaningfully bear so many fine gradations. The two must therefore be interpreted similarly. The language of the release in Section 2.12 is as broad as the phrase "relating to or arising out of" suggests, and as broad as the *Winet* court interpreted "arising out of or in any manner connected with" to be.

Section 2.10(d) strongly suggests that the parties considered claims relating to the enforceability of Rambus's patents as "relating to or arising out of the subject matter of this

United States District Court
For the Northern District of California

Agreement."  In Section 2.10(d) the parties expressly confirmed that the Agreement was not to be construed to release Samsung's right to assert "equitable defenses (e.g. estoppel) . . . relative to the Rambus Patents."  If the release was not intended to cover claims related to the enforceability of Rambus's patents, this provision would have been unnecessary.  Had Samsung wished to preserve an affirmative claim for events arising out of JEDEC, it could have done so, as it did with its equitable defenses.

Samsung submits extrinsic evidence to try to demonstrate that the release is reasonably susceptible to a narrower interpretation than that urged by Rambus.  Some of the evidence is irrelevant, but some of it is admissible and supports the conclusion that the parties did not intend by their language for the release to be broad enough to cover an unfair competition claim based upon Rambus's conduct before JEDEC.

First, Samsung relies on affidavits executed on October 5, 2007 by two of its negotiators of the Agreement,  *See* Goldstein Decl., Exs. 5 at ¶¶ 4-7, 6 at ¶¶ 4-7.  Paragraphs four to seven of the two affidavits contain virtually identical "understandings" of the meaning of the license negotiated almost seven years earlier.  However, as Samsung explains in its briefing, "subjective, uncommunicated intent is irrelevant to contract interpretation."  *See* Opp'n at 21 (citing *Yount v. Acuff Rose-Opryland*, 103 F.3d 830, 836 (9th Cir. 1996)); *see also Winet*, 4 Cal. App. 4th at 1167.  The substantially similar affidavits do not include any statement that Mr. Donohoe or Mr. Shim shared these understandings with Rambus.  Accordingly, the court cannot rely on them in construing the scope of Samsung's release.

Samsung next proffers an October 16, 2000 email discussing a draft of the Agreement.  The draft included a provision barring Samsung from challenging the validity or enforceability of Rambus's patents without first terminating the license.  The email indicates that the parties deleted the provision in favor of a provision allowing Samsung to terminate the license at any time and a provision allowing Rambus to terminate the license if Samsung challenged the patents' validity or enforceability.  Samsung argues that the deleted provision sheds light on the meaning of the release because the provision would have been "unnecessary" if through Section 2.12 Samsung had already

released any claims asserting unenforceability or other relief based upon JEDEC conduct.
Therefore, Samsung submits that the language in Section 2.12 does not encompass its 17200 claim.
Although Rambus may ultimately establish that this parol evidence does not support Samsung's
position or is outweighed by other evidence, it is sufficient to raise a triable issue of fact regarding
the scope of Samsung's release.

Samsung also argues that Rambus's conduct during 2001 suggests that any JEDEC-related
unfair competition claim falls outside the release. California law allows subsequent acts of the
parties to a contract to help determine a contract's meaning. *See Universal Sales Corp. v. California
Press Mfg. Co.*, 20 Cal. 2d 751, 761 (1942); 1 Witkin, Summary of California Law, Contracts § 749
(10th ed. 2005).[1] Samsung asks the court to interpret the license's release in light of Rambus's
course of conduct "after information about Rambus's misconduct at JEDEC was brought to
Samsung's attention in the course of the 2001 *Infineon* trial." Opp'n at 14. Samsung contends that
had Rambus believed that Section 2.12 released Rambus from any JEDEC-related unfair
competition claim, it surely would have raised that point during the 2001 renegotiation of the
Agreement. Rambus responds by pointing out that Rambus had an incentive to work with Samsung
to renegotiate the Agreement even though it, Rambus, believed that Section 2.12 barred Samsung
from bringing an affirmative unfair competition claim based upon Rambus's JEDEC conduct.
Although Rambus's explanation for its failure to raise the issue in the 2001 negotiations makes some
sense, the light that the evidence sheds on the intent of the parties at the time of the execution of the
Agreement is best left to the trier of fact.

Finally, Samsung argues that its unfair competition counterclaim does not fall within the
release in Section 2.12 because the "general release does not include or contemplate counterclaims."
This argument lacks merit. The release is broadly worded and sweeps in "any and all claims and/or
liabilities of any nature and kind." The Federal Rules of Civil Procedure clearly provide that a

---

[1]      This rule of construction limits consideration of subsequent conduct to that occurring
before there is controversy between the parties with regard to the contract. *See id.* However, neither
party raised the issue of whether that rule precludes consideration of the parties' renegotiation conduct.

1   counterclaim is a "claim for relief."  Fed. R. Civ. P. 8(a).  Samsung also argues that its unfair

2   competition claim is "more akin to a defense than an affirmative claim in the context of the license."

3   Opp'n at 15.  Samsung's unfair competition counterclaim is an affirmative claim.  It is not "akin to a

4   defense."

5           **C.    The Effect of the Release**

6           Although judicial interpretations of general releases requires "the parties entering into a

7   settlement agreement to expressly reserve in the agreement any rights that they wish to maintain

8   beyond the date of the settlement of agreement" (*Augustine Medical, Inc. v. Progressive Dynamics,*

9   *Inc.*, 194 F.3d 1367, 1373 (Fed. Cir. 1999)), there remains here a triable issue of fact concerning

10  what the parties intended to cover by the language "relating to or arising out of the subject matter of

11  this Agreement."  The language is reasonably susceptible to different interpretations, and the court

12  therefore denies Rambus's motion for summary judgment.

13          **D.    Implied Waiver**

14          Rambus makes the alternative argument that Samsung waived any JEDEC-related 17200

15  claim when it successfully negotiated the 2001 Amendment with full knowledge of the *Infineon*

16  fraud verdict.  Rambus contends that since Samsung took advantage of the verdict as a bargaining

17  tool to obtain a tremendous reduction in royalties owed or payable in the future, it waived its 17200

18  claim.  Rambus relies primarily on *Oakland Raiders v. Oakland-Alameda County Coliseum*, 144

19  Cal. App. 4th 1175 (2006) in which the court of appeals reversed a judgment in favor of the Raiders,

20  which had sued the Coliseum for inducing the team to leave Los Angeles and come to Oakland by

21  misrepresenting the status of season ticket sales.  The court held that the Oakland Raiders impliedly

22  waived its misrepresentation claim because it knew the status of the ticket sales when it renegotiated

23  the allegedly fraudulently induced contract, it did not mention the fraud and it obtained substantial

24  benefits as a result of the renegotiation.  *Id.* at 1190-91.

25          As recognized by the California Court of Appeal, the *Oakland Raiders* case is an outlier

26  because whether a contract renegotiation waives a claim "is ordinarily a question of fact."  *Id.*  It is

27  only a question of law where "the underlying facts are undisputed or the evidence is susceptible of

28
    **PUBLIC REDACTED** ORDER DENYING RAMBUS' MOTION FOR SUMMARY JUDGMENT ON THE JEDEC CLAIM IN
    COUNT VII OF SAMSUNG'S COUNTERCLAIMS
    C-05-02298 RMW; C-05-00334 RMW
    TSF                                                  10

*United States District Court*
For the Northern District of California

only one reasonable conclusion." *Id.* (internal citations omitted). In *Oakland Raiders*, the Raiders' conduct in renegotiating the contract was "manifestly inconsistent with the intention to enforce a known right." *See id.*

The record in this case is not free of disputes, and it is not so one-sided that it is "susceptible of only one reasonable conclusion." For example, one of the decisive facts in *Oakland Raiders* was that the Raiders renegotiated the contract and, after securing a better deal, sued on the prior misrepresentation. This case is different because Samsung only brought its claim after *Rambus* terminated the license. It bears noting that Rambus had also previously terminated the amended agreement in 2005 and restored the parties' relationship to the terms of the original agreement. *See Rambus Inc. v. Hynix Semiconductor Inc.*, 2008 WL 2795135, *2 (N.D. Cal. Jul. 15, 2008). Nor was Samsung's conduct *manifestly* inconsistent with the intention of enforcing the right. As noted, Rambus could terminate the amended agreement and the parties' agreements did not extend for the life of the patents. As these exemplary distinctions indicate, this case is not *Oakland Raiders*. The court cannot agree with Rambus that the factual issue of implied waiver can be determined here as a matter of law. Accordingly, the court denies Rambus's motion regarding implied waiver.

### III. ORDER

For the foregoing reasons, the court denies Rambus's motion for partial summary judgment on Samsung's JEDEC-related unfair competition claim. An unredacted copy of this order will be publicly filed within seven (7) days of the date of this order, absent a meritorious request by a party that certain portions of the order be redacted from the publicly filed copy.[2]

DATED:   8/6/2008

RONALD M. WHYTE
United States District Judge

United States District Court
For the Northern District of California

---

[2]      As of August 18, 2008, neither party requested that any portion of this order be redacted. Accordingly, the court publicly files this order in its unredacted form.

PUBLIC REDACTED ORDER DENYING RAMBUS' MOTION FOR SUMMARY JUDGMENT ON THE JEDEC CLAIM IN COUNT VII OF SAMSUNG'S COUNTERCLAIMS
C-05-02298 RMW; C-05-00334 RMW
TSF                                                                11

**Notice of this document has been electronically sent to counsel in C-05-00334 & C-05-02298.**

| Counsel for Rambus Inc., all actions | | Counsel for Hynix entities, C-00-20905 and C-05-00334 | |
|---|---|---|---|
| Burton Alexander Gross | Burton.Gross@mto.com | Allen Ruby | ruby@allenrubylaw.com |
| Carolyn Hoecker Luedtke | carolyn.luedtke@mto.com | Belinda Martinez Vega | bvega@omm.com |
| Catherine Rajwani | crajwani@sidley.com | Daniel J. Furniss | djfurniss@townsend.com |
| Craig N. Tolliver | ctolliver@mckoolsmith.com | Geoffrey Hurndall Yost | gyost@thelenreid.com |
| David C. Yang | david.yang@mto.com | Jordan Trent Jones | jtjones@townsend.com |
| Douglas A. Cawley | dcawley@mckoolsmith.com | Joseph A. Greco | jagreco@townsend.com |
| Erin C. Dougherty | erin.dougherty@mto.com | Kenneth Lee Nissly | kennissly@thelenreid.com |
| Gregory P. Stone | gregory.stone@mto.com | Kenneth Ryan O'Rourke | korourke@omm.com |
| Jennifer Lynn Polse | jen.polse@mto.com | Patrick Lynch | plynch@omm.com |
| Keith Rhoderic Dhu Hamilton, II | keith.hamilton@mto.com | Susan Gregory VanKeulen | svankeulen@thelenreid.com |
| Kelly Max Klaus | kelly.klaus@mto.com | Theodore G. Brown, III | tgbrown@townsend.com |
| Miriam Kim | Miriam.Kim@mto.com | Tomomi Katherine Harkey | tharkey@thelen.com |
| Peter A. Detre | detrepa@mto.com | **Counsel for Micron entities, C-06-00244** | |
| Pierre J. Hubert | phubert@mckoolsmith.com | Aaron Bennett Craig | aaroncraig@quinnemanuel.com |
| Rosemarie Theresa Ring | rose.ring@mto.com | David J. Ruderman | davidruderman@quinnemanuel.com |
| Scott L Cole | scole@mckoolsmith.com | Harold Avrum Barza | halbarza@quinnemanuel.com |
| Scott W. Hejny | shejny@sidley.com | Jared Bobrow | jared.bobrow@weil.com |
| Sean Eskovitz | sean.eskovitz@mto.com | John D Beynon | john.beynon@weil.com |
| Steven McCall Perry | steven.perry@mto.com | Leeron Kalay | leeron.kalay@weil.com |
| Thomas N Tarnay | ttarnay@sidley.com | Linda Jane Brewer | lindabrewer@quinnemanuel.com |
| William Hans Baumgartner, Jr | wbaumgartner@sidley.com | Rachael Lynn Ballard McCracken | rachaelmccracken@quinnemanuel.com |
| | | Robert Jason Becher | robertbecher@quinnemanuel.com |
| | | Yonaton M Rosenzweig | yonirosenzweig@quinnemanuel.com |

<u>**PUBLIC REDACTED**</u> ORDER DENYING RAMBUS' MOTION FOR SUMMARY JUDGMENT ON THE JEDEC CLAIM IN
COUNT VII OF SAMSUNG'S COUNTERCLAIMS
C-05-02298 RMW; C-05-00334 RMW
TSF

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

| Counsel for Nanya entities, C-05-00334 | | Counsel for Samsung entities, C-05-00334 and C-05-02298 | |
|---|---|---|---|
| Chester Wren-Ming Day | cday@orrick.com | Ana Elena Kadala | anita.kadala@weil.com |
| Craig R. Kaufman | ckaufman@orrick.com | Claire Elise Goldstein | claire.goldstein@weil.com |
| Glenn Michael Levy | glevy@orrick.com | David J. Healey | david.healey@weil.com |
| Jan Ellen Ellard | jellard@orrick.com | Edward Robert Reines | Edward.Reines@weil.com |
| Jason Sheffield Angell | jangell@orrick.com | Matthew D. Powers | matthew.powers@weil.com |
| Kaiwen Tseng | ktseng@orrick.com | | |
| Mark Shean | mshean@orrick.com | | |
| Robert E. Freitas | rfreitas@orrick.com | | |
| Vickie L. Feeman | vfeeman@orrick.com | | |

| Counsel for intervenor, Texas Instruments, Inc., C-05-00334 | |
|---|---|
| Kelli A. Crouch | kcrouch@jonesday.com |
| **Counsel for intervenor, United States Department of Justice, C-00-20905** | |
| Eugene S. Litvinoff | eugene.litvinoff@usdoj.gov |
| May Lee Heye | may.heye@usdoj.gov |
| Nathanael M. Cousins | nat.cousins@usdoj.gov |
| Niall Edmund Lynch | Niall.Lynch@USDOJ.GOV |
| **Counsel for intervenor, Elpida Memory, Inc., C-00-20905 and C-05-00334** | |
| Eric R. Lamison | elamison@kirkland.com |
| John J. Feldhaus | jfeldhaus@foley.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program in each action.

**Dated:**   8/18/2008                                TSF
                                                **Chambers of Judge Whyte**

**PUBLIC REDACTED** ORDER DENYING RAMBUS' MOTION FOR SUMMARY JUDGMENT ON THE JEDEC CLAIM IN
COUNT VII OF SAMSUNG'S COUNTERCLAIMS
C-05-02298 RMW; C-05-00334 RMW
TSF                                   13