**E-filed:   10/20/2008**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAMBUS INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC.,<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P.,<br><br>NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A.,<br><br>    Defendants. | No. C-05-00334 RMW<br><br>ORDER DENYING RAMBUS'S MOTION TO PRECLUDE THE MANUFACTURERS' REBUTTAL EXPERT REPORTS ON INFRINGEMENT<br><br>**[Re Docket No. 2344]** |
| RAMBUS INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P.,<br><br>    Defendants. | No. C-05-02298 RMW<br><br>**[Re Docket No. 1220]** |

ORDER DENYING RAMBUS'S MOTION TO PRECLUDE THE MANUFACTURERS' REBUTTAL EXPERT REPORTS ON
INFRINGEMENT —— C-05-00334 RMW; C-05-02298-RMW; C-06-00244-RMW
TSF

|  |  |
|---|---|
| RAMBUS INC., | No. C-06-00244 RMW |
| Plaintiff, | |
| v. | **[Re Docket No. 1473]** |
| MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC. | |
| Defendants. | |

Rambus has accused the Manufacturers[1] of infringing various patents. Each Manufacturer has retained a technical expert to testify about aspects of that Manufacturers' products that cause its products to not infringe Rambus's patents. This presages a consolidated trial with four experts testifying that various different, yet substantially identical, commodity DRAM products do not infringe Rambus's patent claims.

Rambus moves to require the Manufacturers to file a consolidated expert report and to designate one expert to testify on the infringement issue. The Manufacturers jointly oppose the motion. The parties stipulated to hear the motion on shortened time to maintain the expert discovery schedule. The court has reviewed the papers and considered the arguments of counsel. For the following reasons, the court denies the motion but places restrictions on the scope of the testimony from the experts.

## I. BACKGROUND

Rambus premises its motion on an alleged violation of the court's case management orders. Accordingly, it is necessary to examine the applicable orders.

### A.   The April 24, 2007 Joint Case Management Order[2]

The April 24, 2007 case management order limits the scope of expert testimony as follows:

---

[1]   The court collectively refers to the Hynix, Micron, Nanya, and Samsung entities in this suit as "the Manufacturers."

[2]   The court discussed the development of the case management order in *Hynix Semiconductor Inc. v. Rambus Inc.*, 250 F.R.D. 452 (N.D. Cal. 2008).

> Rambus shall disclose only one testifying expert on any particular issue. The Manufacturers shall agree on, disclose, and offer only one testifying expert on any particular issue common to one or more of the Manufacturers that is to be the subject of expert testimony, so as to avoid cumulative testimony. If the Manufacturers are unable to agree on a single expert for a particular issue, they may seek leave of court to offer more than one expert upon a showing of prejudice to one or more party's interests. Rambus may similarly seek leave to offer more than one expert on a subject matter upon a showing of prejudice if it were not allowed to do so.

*E.g.,* Joint Case Management Order, *Rambus Inc. v. Hynix Semiconductor Inc.*, C-05-00334, Docket No. 174 § 6(b) (N.D. Cal. Apr. 24, 2007) ("April 24, 2007 Order"). The court essentially adopted this provision from Rambus's proposed order on the scope of expert testimony. *Compare id. with* Docket No. 166 at 19-21 ("Proposed Order").

Section 6(b)'s context informs its application. Section 6(a) requires Hynix and Micron to share with the other Manufacturers the materials prepared by their experts "[t]o facilitate prompt and efficient preparation for the January 22 [2008] Trial." Section 6(c) imposes deadlines for disclosures of expert reports and rebuttal export reports in advance of the January 22, 2008 trial regarding Rambus's conduct. The case management order imposed a separate set of deadlines for expert disclosures regarding the anticipated patent trial. *See* April 24, 2007 Order, Attachment C.

### B.  The 2008 Patent Trial Scheduling Order

Following a jury verdict in Rambus's favor and the court's denial of the Manufacturers' motion for a new trial on their counterclaims based on Rambus's conduct, the court requested the parties to propose a schedule for the trial on Rambus's patent claims. *See, e.g.,* Docket No. 1950 (Jul. 9, 2008). The court issued its patent trial scheduling order a week later. *See, e.g.,* Docket No. 1963 (Jul. 16, 2008). That order set a variety of deadlines, including the close of fact discovery, expert report disclosures, rebuttal report disclosures, and the close of expert discovery. *Id.* at 2. The order discussed some issues regarding expert disclosures, but does not mention any limit on the number of experts. *See id.* at 3. The order also noted that the "schedule proceeds on the expectation of holding a consolidated trial" and set a deadline for parties to file a motion to sever. *Id.*

## II.  ANALYSIS

### A.  The Scope of Section 6(b)

Rambus argues that non-infringement is a "particular issue common to one or more of the

ORDER DENYING RAMBUS'S MOTION TO PRECLUDE THE MANUFACTURERS' REBUTTAL EXPERT REPORTS ON INFRINGEMENT —— C-05-00334 RMW; C-05-02298-RMW; C-06-00244-RMW
TSF                                                                             3

1  Manufacturers" pursuant to section 6(b) of the April 24, 2007 order. Rambus therefore argues that
2  the case management order requires the Manufacturers to submit a single rebuttal report on
3  infringement and present only one expert at trial. The court cannot agree for two reasons. The first
4  is that section 6 does not show that the parties or the court necessarily intended for it to apply
5  beyond the completed conduct trial. The second is that whether infringement is an issue "common"
6  to the Manufacturers depends on how one defines "common."

7  Section 6(b) is worded generally, and it appears to impose caps on the number of expert
8  witnesses that each side may rely upon. Its surrounding provisions, however, provide context that
9  limits section 6(b) to the conduct trial held in January 2008. Section 6(a) requires the Manufacturers
10 to share expert materials already prepared "[t]o facilitate prompt and efficient preparation for the
11 January 22 [2008] Trial." This language regarding the purpose of section 6(a) originated in
12 Rambus's proposed case management order. Proposed Order at 19. As explained by Rambus in its
13 proposal, the court had previously expressed concern about the number of experts testifying in the
14 conduct trial. *Id.* at 20; Tr. 57:24-58:2 (N.D. Cal. Apr. 4, 2007) ("I also agree with Rambus that
15 there has to be some limitation on the number of experts to be utilized by the defendants, and
16 Rambus, *in the conduct case*.") (emphasis added). Section 6(c) buttresses this limit on section 6's
17 scope. Section 6(c) set the deadlines for these expert disclosures in the context of the January 22,
18 2008 conduct trial. Section 6(c) did not purport to set deadlines for expert disclosures for the patent
19 portion of these cases. On the contrary, those deadlines were sketched out in a separate attachment.

20 Even if section 6(b) was intended to apply to the upcoming patent trial, it is unclear as to
21 how it would apply. Section 6(b) only limits the Manufacturers to a single witness on "issue[s]
22 common to one or more of the Manufacturers." It is true that non-infringement is a defense asserted
23 by each Manufacturer. It is also true that although each Manufacturer's expert advances a slightly
24 different set of theories as to non-infringement, there is substantial overlap between these theories.
25 But each Manufacturer has a different stable of representative accused products. The jury will have
26 to make findings with respect to each Manufacturer's products. This means that the ultimate issue of
27 infringement will be different as to each Manufacturer.
28

ORDER DENYING RAMBUS'S MOTION TO PRECLUDE THE MANUFACTURERS' REBUTTAL EXPERT REPORTS ON
INFRINGEMENT –– C-05-00334 RMW; C-05-02298-RMW; C-06-00244-RMW
TSF                                                          4

Moreover, the Manufacturers' experts do advance some distinct theories as to non-infringement. For example, Nanya's expert intends to testify as to two theories that no other expert intends to advance. Hynix's expert has declined to embrace a number of theories advanced by the other Manufacturers. The court cannot speculate as to why these differences exist, but it must recognize them. This further undercuts Rambus's position that infringement is "common" across the four Manufacturers. Forcing the Manufacturers to retain a common expert witness in this content would yoke one defendant to arguments it does not wish to make. This may lead to due process concerns, and it strikes the court as unfair.

### B.  The Prejudice to Rambus Caused by Four Expert Witnesses

Nevertheless, the jury's findings should be consistent across most, if not all, of the accused products because it is the court's understanding that the accused products are made to an industry standard, designed to be interchangeable, and functionally identical in most respects. Putting aside whether the case management order requires a common expert witness, Rambus argues that it will be unfairly prejudiced if the Manufacturers can introduce cumulative testimony from their four technical experts. Rambus argues this prejudice infects both the pretrial preparation period and the trial.

Rambus first argues that it will be unfairly prejudiced by having to take four expert depositions during the limited time remaining before trial. In its papers, Rambus submits that this will be wasteful because the depositions will be "largely duplicative." That concern can be addressed by having the Manufacturers identify prior to the first deposition which issues they concede are "common" to more than one Manufacturer. As discussed further below, the court will only allow one expert to testify on a "common" issue. It may be that these identifications will obviate the need to take all the expert's depositions, or at least shorten those depositions.

Rambus next argues that it will be prejudiced at trial because the jury will be given the impression that "the party with the greatest number of experts has the better of the argument." The court agrees that this could present a problem. However, this potential prejudice can be addressed

by the court's instructing the jury that the court limited each party to one expert on infringement.[3] The court will also instruct the jury that to the extent that a non-infringement issue was common to more than one Manufacturer, the Manufacturers were required to choose one expert to explain the Manufacturers's analysis and avoid cumulative testimony. For example, it appears that all four experts intend to testify that their Manufacturer's DRAMs do not infringe because they do not output data in response to the edge of the external clock signal. Instead, each expert appears to intend to testify that the DRAMs output data in response to DQ strobe. The court will permit a "lead expert" to testify regarding the function of DQ strobe and how it may differ from the external clock signal. That lead expert may then opine that his Manufacturer's products do not infringe the asserted claims with the "synchronously with respect to" limitations. The other three Manufacturers' experts may identify the DQ strobe within their Manufacturer's respective products but may not repeat the factual description of the function of DQ strobe and how it differs from the external clock signal. Those experts will be limited to opining that their Manufacturer's products do not infringe for the reasons described by the "lead expert" without repeating the analysis.

To that end, the court orders as follows. At least five days before the commencement of the depositions of the four non-infringement experts, the Manufacturers must identify all issues on which their non-infringement analyses are "common" to more than one of them. For each issue "common" to more than one Manufacturer, those Manufacturers must identify a "lead expert" who will testify at trial regarding that common issue. The Manufacturers must also identify any non-infringement issues unique to a Manufacturer. The Manufacturers may offer their own expert with respect to these unique non-infringement defenses.

Whether an issue is "common" to more than one Manufacturer could no doubt generate hours of abstract debate. The court is confident, however, that the parties can in good faith identify and agree upon the issues "common" to more than one Manufacturer. *If* a dispute were to arise, the

---

[3] By "party," the court intends to refer to five entities or groups of related entities: Rambus, Hynix, Micron, Nanya and Samsung. For example, Nanya Technology Corporation and Nanya Technology Corporation U.S.A. are a single "Manufacturer" in the court's parlance. *Accord* Docket No. 2335, Ex. A at 4-5 (Oct. 2, 2008).

affected parties will have to submit letter briefs and forgo oral argument, as the court will be unavailable for oral argument during the period leading up to the expert depositions.

Obviously, this opinion cannot address every contingency. To provide guidance to the parties, the court refers them to the following discussion:

> It is not the province of witnesses to advocate the cause of the party who calls him, nor to pass upon the questions of law and facts presented by the controversy. Frequently an expert witness may be of much aid to the court in explaining matters which can only be appreciated and understood by learning higher than the ordinary; but his province is to instruct and not to decide; and even the instruction is of uncertain value when it is colored from standing in the place of a partisan for one of the parties. Usually the testimony of one competent witness on each side is enough to insure a full and fair elucidation of what is recondite in the case. The voice of a single teacher is worth more than a confusion of many tongues. And the expense is worse than useless.

*American Stove Co. v. Cleveland Foundry Co.*, 158 F. 978, 984-85 (6th Cir. 1908). Unfortunately, it seems that today's practice has lost track of this historical purpose. Nevertheless, this court has not, and it will rely on these principles in resolving any disputes.

### III. CONCLUSION

For the reasons set forth above, the court denies the motion to preclude the Manufacturers' rebuttal reports on infringement. However, at least five days before the commencement of the four expert's depositions, the Manufacturers must identify the "common" non-infringement issues and identify a "lead expert" who will testify with respect to each "common" issue. The Manufacturers must also identify any unique non-infringement defenses, on which each Manufacturer may offer their own expert witness.

DATED: 10/20/2008

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to: counsel in 05-00334, 05-02298, and 06-00244.**

| Counsel for Rambus Inc., all actions | | Counsel for Hynix entities, C-00-20905 and C-05-00334 | |
|---|---|---|---|
| Burton Alexander Gross | Burton.Gross@mto.com | Allen Ruby | ruby@allenrubylaw.com |
| Carolyn Hoecker Luedtke | carolyn.luedtke@mto.com | Belinda Martinez Vega | bvega@omm.com |
| Catherine Rajwani | crajwani@sidley.com | Daniel J. Furniss | djfurniss@townsend.com |
| Craig N. Tolliver | ctolliver@mckoolsmith.com | Geoffrey Hurndall Yost | gyost@thelenreid.com |
| David C. Yang | david.yang@mto.com | Jordan Trent Jones | jtjones@townsend.com |
| Douglas A. Cawley | dcawley@mckoolsmith.com | Joseph A. Greco | jagreco@townsend.com |
| Erin C. Dougherty | erin.dougherty@mto.com | Kenneth Lee Nissly | kennissly@thelenreid.com |
| Gregory P. Stone | gregory.stone@mto.com | Kenneth Ryan O'Rourke | korourke@omm.com |
| Jennifer Lynn Polse | jen.polse@mto.com | Patrick Lynch | plynch@omm.com |
| Keith Rhoderic Dhu Hamilton, II | keith.hamilton@mto.com | Susan Gregory VanKeulen | svankeulen@thelenreid.com |
| Kelly Max Klaus | kelly.klaus@mto.com | Theodore G. Brown, III | tgbrown@townsend.com |
| Miriam Kim | Miriam.Kim@mto.com | Tomomi Katherine Harkey | tharkey@thelen.com |
| Peter A. Detre | detrepa@mto.com | **Counsel for Micron entities, C-06-00244** | |
| Pierre J. Hubert | phubert@mckoolsmith.com | Aaron Bennett Craig | aaroncraig@quinnemanuel.com |
| Rosemarie Theresa Ring | rose.ring@mto.com | David J. Ruderman | davidruderman@quinnemanuel.com |
| Scott L Cole | scole@mckoolsmith.com | Harold Avrum Barza | halbarza@quinnemanuel.com |
| Scott W. Hejny | shejny@sidley.com | Jared Bobrow | jared.bobrow@weil.com |
| Sean Eskovitz | sean.eskovitz@mto.com | John D Beynon | john.beynon@weil.com |
| Steven McCall Perry | steven.perry@mto.com | Leeron Kalay | leeron.kalay@weil.com |
| Thomas N Tarnay | ttarnay@sidley.com | Linda Jane Brewer | lindabrewer@quinnemanuel.com |
| William Hans Baumgartner, Jr | wbaumgartner@sidley.com | Rachael Lynn Ballard McCracken | rachaelmccracken@quinnemanuel.com |
| | | Robert Jason Becher | robertbecher@quinnemanuel.com |
| | | Yonaton M Rosenzweig | yonirosenzweig@quinnemanuel.com |

ORDER DENYING RAMBUS'S MOTION TO PRECLUDE THE MANUFACTURERS' REBUTTAL EXPERT REPORTS ON INFRINGEMENT –– C-05-00334 RMW; C-05-02298-RMW; C-06-00244-RMW
TSF                                                                                  8

| Counsel for Nanya entities, C-05-00334 | | Counsel for Samsung entities, C-05-00334 and C-05-02298 | |
|---|---|---|---|
| Chester Wren-Ming Day | cday@orrick.com | Ana Elena Kadala | anita.kadala@weil.com |
| Craig R. Kaufman | ckaufman@orrick.com | Claire Elise Goldstein | claire.goldstein@weil.com |
| Jan Ellen Ellard | jellard@orrick.com | David J. Healey | david.healey@weil.com |
| Jason Sheffield Angell | jangell@orrick.com | Edward Robert Reines | Edward.Reines@weil.com |
| Kaiwen Tseng | ktseng@orrick.com | Matthew D. Powers | matthew.powers@weil.com |
| Mark Shean | mshean@orrick.com | | |
| Robert E. Freitas | rfreitas@orrick.com | | |
| Vickie L. Feeman | vfeeman@orrick.com | | |

| Counsel for intervenor, Texas Instruments, Inc., C-05-00334 | |
|---|---|
| Kelli A. Crouch | kcrouch@jonesday.com |
| **Counsel for intervenor, United States Department of Justice, C-00-20905** | |
| Eugene S. Litvinoff | eugene.litvinoff@usdoj.gov |
| May Lee Heye | may.heye@usdoj.gov |
| Nathanael M. Cousins | nat.cousins@usdoj.gov |
| Niall Edmund Lynch | Niall.Lynch@USDOJ.GOV |
| **Counsel for intervenor, Elpida Memory, Inc., C-00-20905 and C-05-00334** | |
| Eric R. Lamison | elamison@kirkland.com |
| John J. Feldhaus | jfeldhaus@foley.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program in each action.

**Dated:**       10/20/2008                                                   TSF
                                                              **Chambers of Judge Whyte**