E-filed: 12/29/2008

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAMBUS INC., <br><br> Plaintiff, <br><br> v. <br><br> HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC., <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P., <br><br> NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A., <br><br> Defendants. | No. C-05-00334 RMW <br><br> ORDER GRANTING MOTION FOR SUMMARY JUDGMENT No. 4 OF NON-INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS <br><br> **[Re Docket Nos. 2409, 2461]** |
| RAMBUS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P., <br><br> Defendants. | No. C-05-02298 RMW <br><br> **[Re Docket Nos. 1252, 1283]** |

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT No. 4 OF NON-INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS
C-05-00334 RMW; C-05-02298-RMW; C-06-00244-RMW
TSF

| | |
|---|---|
| RAMBUS INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>MICRON TECHNOLOGY, INC., and<br>MICRON SEMICONDUCTOR PRODUCTS,<br>INC.<br><br>        Defendants. | No. C-06-00244 RMW<br><br>**[Re Docket Nos. 1495, 1523]** |

Rambus has accused the Manufacturers[1] of infringing various patents. Trial is scheduled for January 19, 2009. Pursuant to a case management deadline for filing summary judgment motions, the Manufacturers have moved for summary judgment of non-infringement pursuant to the doctrine of equivalents based on Rambus's inability to prove such infringement. The Manufacturers have also filed a related evidentiary motion, and Rambus opposes both motions. The court has reviewed the papers and deemed this matter appropriate for decision without oral argument. Civil L.R. 7-1(b). For the following reasons, the court grants the motion for summary judgment and denies the evidentiary motion as moot.

Rambus relies on the report of its technical expert, Robert Murphy, to avoid summary judgment on its claims of infringement under the doctrine of equivalents. The report spans 132 pages and discloses Mr. Murphy's opinions that various products infringe Rambus's asserted claims. *See generally* Decl. of Sven Raz, *Rambus Inc. v. Hynix Semiconductor, Inc.*, C-05-00334, Docket No. 2425, Ex. 7 (N.D. Cal. Oct. 24, 2008) ("Murphy Report"). With respect to the doctrine of equivalents, Mr. Murphy states in a footnote:

> I understand that even if claim limitations are not met literally, that a claim limitation can be met if the accused product is insubstantially different with respect to that limitation or performs substantially the same function in substantially the same way to achieve substantially the same result. In my opinion, the claim limitations are met, and even pretending for a moment that certain limitations were not met, I already have provided my opinion as to the function, way, and result of certain limitations in previous reports or declarations such as my declaration in support of

---

[1] The court collectively refers to the Hynix, Micron, Nanya, and Samsung entities in this suit as "the Manufacturers."

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT No. 4 OF NON-INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS
C-05-00334 RMW; C-05-02298-RMW; C-06-00244-RMW
TSF        2

> Rambus's opposition to the Manufacturers' motion for summary judgment of non-infringement, which I understand is Docket No. 657. Certain of these limitations are carried over into Accused Products. I incorporate in this report those opinions as to those limitations and my opinion is that the accused products have elements that perform substantially the same function in substantially the same way to achieve substantially the same result, per the same analysis.

*Id.* at 90, fn. 70. This footnote is the only reference in the 132 pages of Mr. Murphy's report to infringement under the doctrine of equivalents.

The only material clearly incorporated into Mr. Murphy's report is that from the declaration filed as docket number 657 (hereinafter "Murphy DOE Decl.").[2] Rambus clarifies that it intends to rely on the opinions disclosed on pages 41-61 of the declaration. Opp'n at 7. In those pages, Mr. Murphy explained why he believed the Manufacturers' products would infringe Rambus's claims under the doctrine of equivalents if the court were to adopt the Manufacturers' proposed constructions of various claim terms. He began by explaining how the function/way/result test would be met if the court adopted the Manufacturers' proposed construction of "device" that included a multiplexing limitation. Murphy DOE Decl. ¶¶ 137-44. He next explained how the function/way/result test would be met if the court adopted the construction of the "transaction" terms that incorporated a packet-based limitation. *Id.* ¶¶ 145-50. Finally, he explained why he believed the accused devices still infringed under the doctrine of equivalents if the court construed the "clocking" terms to include an early clock/late clock limitation. *Id.* ¶¶ 151-56.

In other words, Mr. Murphy's incorporated declaration is useless. Under the proper construction of the claims, Mr. Murphy believes there is direct infringement – not infringement under the doctrine of equivalents. *See* Murphy Report at 90, fn. 70. "Pretending for a moment" that there is not direct infringement because a claim limitation has not been met, Mr. Murphy's incorporated opinions are not helpful because they purport to explain how the Manufacturers' products accomplish the same function as a device using a multiplexed bus, transaction requests sent in request packets, or clock signals created by an early clock/late clock scheme. The incorporated

---

[2] Mr. Murphy's vague reference to "previous reports or declarations" is not sufficient to provide a "complete statement" of any additional opinion contained in those materials given the large body of his "previous reports or declarations." *See* Fed. R. Civ. P. (26(a)(2)(B)(i).

opinions do not explain how the equivalent of any of the *actual* claim limitations can be found in the Manufacturers' accused products.

To oppose the Manufacturers' motion for summary judgment, Rambus has the burden of producing "particularized testimony and linking argument on a limitation-by-limitation basis that create[s] a genuine issue of material fact as to equivalents." *AquaTex Industries, Inc. v. Techniche Solutions*, 479 F.3d 1320, 1328-29 (Fed. Cir. 2007). The Federal Circuit clearly emphasizes that such testimony must "(on a limitation-by-limitation basis) describe[] the claim limitations and establish[] that those skilled in the art would recognize the equivalents." *Id.* at 1329. Rambus has failed to produce any such evidence.

Rambus points out that Mr. Murphy's report contains a lengthy discussion of the accused products and how their various features function. While true, this is not sufficient because Mr. Murphy does not compare or explain the equivalence between any particular feature and a limitation of an asserted patent claim. The only case Rambus cites, *Cornell Research Foundation, Inc. v. Hewlett-Packard Co.*, is not to the contrary. *See* 2007 U.S. Dist. LEXIS 89637, *86 (N.D.N.Y. 2007). In that case, the expert did not "incant" the common function/way/result test for determining infringement under the doctrine of equivalents. *Id.* The expert did, however, "outline[] in considerable detailed the similarities between the '115 patent claims and the accused processors, comparing the two in relation to the method for detecting essential dependencies, the function of the dispatch stack in carrying out the desired detection of instructions free of data dependencies, and the manner in which it was done." *Id.* at *84-*85. In other words, the report "closely mimics the function-way-result analysis[.]" *Id.* at *85. Mr. Murphy's report presents the opposite problem of the expert's in *Cornell.* He has incanted the magic words (once, in a footnote), but left out the analysis that compares each limitation of a claim to the accused product and explains why the two are equivalent.

Rambus also argues that the Manufacturers "should not now be heard to criticize Rambus or Mr. Murphy" for their failure to elicit Mr. Murphy's opinions about the doctrine of equivalents at Mr. Murphy's deposition. Rambus cites no legal basis for denying a motion for summary judgment

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT No. 4 OF NON-INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS
C-05-00334 RMW; C-05-02298-RMW; C-06-00244-RMW
TSF                           4

1   on such grounds, and there is none.  It is not the Manufacturers' responsibility to produce the
2   evidence of Mr. Murphy's opinions – it is Rambus's.

3   Finally, there is the matter of Rambus's failure to comply with the Patent Local Rules.  The
4   Patent Local Rules governing these cases require a patentee to disclose "[w]hether each element of
5   each asserted claim is claimed to be literally present or present under the doctrine of equivalents in
6   the Accused Instrumentality."  Patent L.R. 3-1(d); 3-6(a).  Rambus's Final Infringement Contentions
7   fall far short of this requirement with respect to the doctrine of equivalents.  *See generally* Decl. of
8   Theodore G. Brown, III, *Rambus*, Docket No. 2469-3, Ex. N (N.D. Cal. Oct. 24, 2008).  Rambus's
9   sole recognition of this duty is to note that "[t]o the extent that any limitation is found to be not
10  literally present, Rambus asserts that such limitation is present under the doctrine of equivalents."
11  *Id.* at 10.  The Patent Local Rules require a limitation-by-limitation analysis, not a boilerplate
12  reservation.  The doctrine of equivalents exists to prevent "a fraud on the patent."  *Graver Tank &*
13  *Mfg. Co. v. Linde Air Products Co.,* 339 U.S. 605, 608 (1950).  It is not designed to give a patentee a
14  second shot at proving infringement "[t]o the extent that any limitation is found to be not literally
15  present."  Rambus's failure to comply with the Patent Local Rules (again, *see* Docket No. 2307
16  (Sept. 29, 2008) (striking GDDR5 contentions)) provides ample, alternative justification for
17  dismissing Rambus's claims of infringement under the doctrine of equivalents.

18  For the foregoing reasons, the court grants the Manufacturers' motion for summary judgment
19  no. 4.  The court denies the Manufacturers' *Daubert* motion to preclude Mr. Murphy from testifying
20  regarding the doctrine of equivalents as moot.

22  DATED:   12/29/2008

23  RONALD M. WHYTE
    United States District Judge

28  ORDER GRANTING MOTION FOR SUMMARY JUDGMENT No. 4 OF NON-INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS
    C-05-00334 RMW; C-05-02298-RMW; C-06-00244-RMW
    TSF                                                            5

Notice of this document has been electronically sent to counsel in:

C-05-00334, C-05-02298, C-06-00244.

| Counsel | Email | Appearances: | | |
| --- | --- | --- | --- | --- |
| | | 05-00334 | 05-02298 | 06-00244 |
| **Elpida:** | | | | |
| Eric R. Lamison | elamison@kirkland.com | x | | |
| | | | | |
| **Hynix:** | | | | |
| Theodore G. Brown, III | tgbrown@townsend.com | x | x | x |
| Karin Morgan Cogbill | kfrenza@thelen.com, pawilson@thelen.com | x | | x |
| Daniel J. Furniss | djfurniss@townsend.com | x | | |
| Joseph A. Greco | jagreco@townsend.com | x | | |
| Julie Jinsook Han | JJHan@townsend.com | x | x | x |
| Tomomi Katherine Harkey | tharkey@omm.com | x | | |
| Jordan Trent Jones | jtjones@townsend.com | x | | |
| Patrick Lynch | plynch@omm.com | x | | |
| Kenneth Lee Nissly | kennissly@omm.com | x | | x |
| Kenneth Ryan O'Rourke | korourke@omm.com | x | | |
| Belinda Martinez Vega | bvega@omm.com | x | x | x |
| Geoffrey Hurndall Yost | gyost@thelenreid.com | x | x | x |
| Susan Gregory van Keulen | svankeulen@omm.com | x | | x |
| | | | | |
| **Interdigital:** | | | | |
| Nathan Loy Walker | nathan.walker@wilmerhale | x | | |
| | | | | |
| **Micron:** | | | | |
| Robert Jason Becher | robertbecher@quinnemanuel.com | x | | x |
| John D Beynon | john.beynon@weil.com | x | x | x |
| Jared Bobrow | jared.bobrow@weil.com | x | x | x |
| Yonaton M Rosenzweig | yonirosenzweig@quinnemanuel.com | x | | x |
| Harold Avrum Barza | halbarza@quinnemanuel.com | | | x |
| Linda Jane Brewer | lindabrewer@quinnemanuel.com | | | x |
| Aaron Bennett Craig | aaroncraig@quinnemanuel.com | | | x |
| Leeron Kalay | kalay@fr.com | | | x |
| David J. Lender | david.lender@weil.com | | | x |
| Rachael Lynn Ballard McCracken | rachaelmccracken@quinnemanuel.com | | | x |
| Sven Raz | sven.raz@weil.com | | | x |
| David J. Ruderman | davidruderman@quinnemanuel.com | | | x |
| Elizabeth Stotland Weiswasser | elizabeth.weiswasser@weil.com | | | x |
| | | | | |
| **Nanya:** | | | | |
| Jason Sheffield Angell | jangell@orrick.com | x | x | x |
| Kristin Sarah Cornuelle | kcornuelle@orrick.com | x | x | x |
| Chester Wren-Ming Day | cday@orrick.com | x | | |
| Jan Ellen Ellard | jellard@orrick.com | x | | x |
| Vickie L. Feeman | vfeeman@orrick.com | x | x | x |
| Robert E. Freitas | rfreitas@orrick.com | x | | |
| Craig R. Kaufman | hlee@orrick.com | x | | |
| Hao Li | hli@orrick.com | x | | |

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT No. 4 OF NON-INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS
C-05-00334 RMW; C-05-02298-RMW; C-06-00244-RMW
TSF

*United States District Court* — *For the Northern District of California*

| Name | Email | | | |
|---|---|---|---|---|
| Cathy Yunshan Lui | clui@orrick.com | x | | |
| Theresa E. Norton | tnorton@orrick.com | x | | |
| Mark Shean | mshean@orrick.com | x | | |
| Kaiwen Tseng | ktseng@orrick.com | x | | |
| **Rambus:** | | | | |
| Kathryn Kalb Anderson | Kate.Anderson@mto.com | x | | x |
| Peter A. Detre | detrepa@mto.com | x | x | x |
| Erin C. Dougherty | erin.dougherty@mto.com | x | x | x |
| Sean Eskovitz | sean.eskovitz@mto.com | x | x | x |
| Burton Alexander Gross | Burton.Gross@mto.com | x | x | x |
| Keith Rhoderic Dhu Hamilton, II | keith.hamilton@mto.com | x | x | x |
| Pierre J. Hubert | phubert@mckoolsmith.com | x | x | x |
| Andrea Jill Weiss Jeffries | Andrea.Jeffries@mto.com | x | x | x |
| Miriam Kim | Miriam.Kim@mto.com | x | x | x |
| Carolyn Hoecker Luedtke | carolyn.luedtke@mto.com | x | x | x |
| Steven McCall Perry | steven.perry@mto.com | x | x | x |
| Jennifer Lynn Polse | jen.polse@mto.com | x | x | x |
| Matthew Thomas Powers | mpowers@sidley.com | x | | |
| Rollin Andrew Ransom | rransom@sidley.com | x | x | x |
| Rosemarie Theresa Ring | rose.ring@mto.com | x | x | x |
| Gregory P. Stone | gregory.stone@mto.com | x | x | x |
| Craig N. Tolliver | ctolliver@mckoolsmith.com | x | x | x |
| Donald Ward | Bill.Ward@mto.com | x | x | x |
| David C. Yang | david.yang@mto.com | x | x | x |
| Douglas A. Cawley | dcawley@mckoolsmith.com | | | x |
| Scott L Cole | scole@mckoolsmith.com | | | x |
| **Samsung:** | | | | |
| Steven S. Cherensky | steven.cherensky@weil.com | x | x | |
| Claire Elise Goldstein | claire.goldstein@weil.com | x | x | |
| Dana Prescott Kenned Powers | dana.powers@weil.com | x | x | x |
| Matthew Douglas Powers | matthew.powers@weil.com, matthew.antonelli@weil.com | x | x | |
| Edward Robert Reines | Edward.Reines@weil.com | x | x | |
| **Texas Instruments:** | | | | |
| Kelli A. Crouch | kcrouch@jonesday.com | x | x | x |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program in each action.

**Dated:** 12/29/2008

TSF
**Chambers of Judge Whyte**

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT No. 4 OF NON-INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS
C-05-00334 RMW; C-05-02298-RMW; C-06-00244-RMW
TSF                                                        7