**E-filed:** **12/29/2008**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAMBUS INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC.,<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P.,<br><br>NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A.,<br><br>　　　　Defendants. | No. C-05-00334 RMW<br><br>ORDER REGARDING CERTAIN MOTIONS *IN LIMINE* DECIDED WITHOUT ARGUMENT: RAMBUS'S MOTIONS Nos. 21 & 23; MANUFACTURERS' MOTIONS Nos. 23 & 35<br><br>**[Re Docket Nos. 2697, 2701, 2728, 2734]** |
| RAMBUS INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P.,<br><br>　　　　Defendants. | No. C-05-02298 RMW<br><br>**[Re Docket Nos. 1444, 1456, 1487, 1529]** |

ORDER REGARDING CERTAIN MOTIONS *IN LIMINE* DECIDED WITHOUT ARGUMENT: RAMBUS'S MOTIONS Nos. 21 & 23; MANUFACTURERS' MOTIONS Nos. 23 & 35 —— C-05-00334 RMW; C-05-02298-RMW; C-06-00244-RMW
TSF

RAMBUS INC.,

    Plaintiff,

    v.

MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC.

    Defendants.

No. C-06-00244 RMW

**[Re Docket Nos. 1679, 1685, 1719, 1752]**

Rambus has accused the Manufacturers[1] of infringing various patents. Trial is scheduled for January 19, 2009. Pursuant to a case management deadline for filing motions *in limine*, the parties have filed a number of motions. The court has reviewed the papers and deemed these matters appropriate for decision without oral argument. Civil L.R. 7-1(b).[2] The court rules on the motions as indicated below.

### I. RAMBUS'S MOTIONS *IN LIMINE*

**A.  Motion No. 21 – "Patent Trolls" and "Submarine Patents"**

Rambus moves for an order precluding that Manufacturers from referring to Rambus as a "patent troll" or to its patents as "submarine patents." The Manufacturers state that they "will not use the terms 'patent troll' and 'submarine patent' in the upcoming Patent Trial." The court therefore orders all of the parties to refrain from using those specific terms before the jury.

The Manufacturers note that Rambus' requested relief extends to all "derogatory characterizations of patents or patentholders, including but not limited to the terms 'patent troll' and 'submarine patent.'" The court's order extends only to the terms "patent troll" and "submarine patent." Any other relief requested by Rambus is too vague to put the parties on sufficient notice of what may and may not be said before the jury.

---

[1]  The court collectively refers to the Hynix, Micron, Nanya, and Samsung entities in this suit as "the Manufacturers."

[2]  The parties agreed that these motions could be determined without oral arguments. *Rambus Inc. v. Hynix Semiconductor, Inc.*, C-05-00334, Docket No. 2949 (Dec. 19, 2008) (the Manufacturers' letter); Docket No. 2956 (Dec. 22, 2008) (Rambus's letter).

ORDER REGARDING CERTAIN MOTIONS *IN LIMINE* DECIDED WITHOUT ARGUMENT: RAMBUS'S MOTIONS Nos. 21 & 23; MANUFACTURERS' MOTIONS Nos. 23 & 35 —— C-05-00334 RMW; C-05-02298-RMW; C-06-00244-RMW
TSF    2

### B. Motion No. 23 – Prior Court Comments Regarding Witness Credibility

Rambus moves to exclude any reference to comments and findings made by the trial court in *Rambus Inc. v. Infineon Technologies, AG*, C-00-524 (E.D. Va.) and *Samsung Electronics, Co. v. Rambus Inc.*, C-05-406 (E.D. Va.). The Manufacturers do not oppose the motion with respect to any affirmative use of such comments or findings. The court therefore grants the motion with respect to the affirmative use of such statements before the jury in the upcoming liability and (if necessary) damages phases of trial. The Manufacturers note, however, that such comments and findings may be relevant to the issue of willfulness. The court agrees and therefore does not reach the issue of whether such comments might be admissible with respect to willfulness (which will be tried separately before the court).

The Manufacturers also "reserve their right to refer to prior district court findings on cross-examination of any Rambus witness in the event that the findings fall within the scope of the direct examination or otherwise become the proper subject of cross examination." Opp'n at 1:10-13. The court cannot foresee how the Manufacturers might overcome the considerable hearsay and Rule 403 problems posed by the statements at issue. *See United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007) ("It is even more plain that the introduction of discrete judicial factfindings and analysis underlying the judgment to prove the truth of those findings and that analysis constitutes the use of hearsay."); *Hynix Semiconductor, Inc. v. Rambus Inc.*, 2008 WL 350654, *2 (N.D. Cal. Feb. 3, 2008). Nevertheless, if during cross-examination the Manufacturers believe such evidence has become relevant, the Manufacturers must first raise the issue with the court outside the presence of the jury.

## II. THE MANUFACTURERS' MOTIONS *IN LIMINE*

### A. Motion No. 23 – Townsend & Townsend & Crew

Hynix moves to prevent Rambus from referring to its counsel's (Townsend & Townsend & Crew) prior, simultaneous representation of Rambus and the SyncLink Consortium. Rambus has not filed an opposition to the motion. The court agrees that any reference to Townsend's prior representation of Rambus is irrelevant to the issues to be tried in the patent trial. The court therefore

grants the unopposed motion – no party shall refer to Townsend's prior representation of Rambus.

### B.  Motion No. 35 – Micron and Nanya's MeiYa Joint Venture

Nanya moves to exclude any reference to its recent joint venture, MeiYa, with Micron. Rambus argues that the joint venture is relevant "to damages and other issues." Opp'n at 1:22-23. Rambus explains that "contrary to Nanya's attempts to portray itself as an isolated DRAM manufacturer with no ties to the other defendants, the [agreement] 'demonstrates the synergistic combinations of Nanya and Micro[n].'" *Id.* at 2:6-9 (quoting a Nanya press release). Thus, Rambus argues, the agreement is "plainly relevant." *Id.* at 2:9.

The court disagrees. Rambus does not explain this "plain relevance." That Nanya and Micron entered into a joint venture in 2008 does not make it more likely that a specific product infringes Rambus's claims. Nor does the existence of MeiYa impact the validity of Rambus's claims, which turns on events occurring around 1990, not 2008. The agreement might have some relevance to establishing the parties' background or probing any bias held by a Nanya or Micron witness. However, any relevance to these subjects is substantially outweighed by the prejudicial suggestion that Micron and Nanya have somehow colluded or conspired against Rambus. The parties therefore may not refer to MeiYa during the upcoming liability phase of trial. In the event that Rambus believes that testimony about MeiYa is necessary to probe a witness' bias, it must first raise the issue with the court outside the presence of the jury.

The joint venture may have some relevance to any damages phase of trial. The court's ruling does not extend to any phase of trial other than the liability phase.

### III.  ORDER

For the foregoing reasons, the court rules on the motions as described above.

DATED:   12/29/2008

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge

Notice of this document has been electronically sent to counsel in:

C-05-00334, C-05-02298, C-06-00244.

| Counsel | Email | Appearances: | | |
| --- | --- | --- | --- | --- |
| | | 05-00334 | 05-02298 | 06-00244 |
| **Elpida:** | | | | |
| Eric R. Lamison | elamison@kirkland.com | x | | |
| | | | | |
| **Hynix:** | | | | |
| Theodore G. Brown, III | tgbrown@townsend.com | x | x | x |
| Karin Morgan Cogbill | kfrenza@thelen.com, pawilson@thelen.com | x | | x |
| Daniel J. Furniss | djfurniss@townsend.com | x | | |
| Joseph A. Greco | jagreco@townsend.com | x | | |
| Julie Jinsook Han | JJHan@townsend.com | x | x | x |
| Tomomi Katherine Harkey | tharkey@omm.com | x | | |
| Jordan Trent Jones | jtjones@townsend.com | x | | |
| Patrick Lynch | plynch@omm.com | x | | |
| Kenneth Lee Nissly | kennissly@omm.com | x | | x |
| Kenneth Ryan O'Rourke | korourke@omm.com | x | | |
| Belinda Martinez Vega | bvega@omm.com | x | x | x |
| Geoffrey Hurndall Yost | gyost@thelenreid.com | x | x | x |
| Susan Gregory van Keulen | svankeulen@omm.com | x | | x |
| | | | | |
| **Interdigital:** | | | | |
| Nathan Loy Walker | nathan.walker@wilmerhale | x | | |
| | | | | |
| **Micron:** | | | | |
| Robert Jason Becher | robertbecher@quinnemanuel.com | x | | x |
| John D Beynon | john.beynon@weil.com | x | x | x |
| Jared Bobrow | jared.bobrow@weil.com | x | x | x |
| Yonaton M Rosenzweig | yonirosenzweig@quinnemanuel.com | x | | x |
| Harold Avrum Barza | halbarza@quinnemanuel.com | | | x |
| Linda Jane Brewer | lindabrewer@quinnemanuel.com | | | x |
| Aaron Bennett Craig | aaroncraig@quinnemanuel.com | | | x |
| Leeron Kalay | kalay@fr.com | | | x |
| David J. Lender | david.lender@weil.com | | | x |
| Rachael Lynn Ballard McCracken | rachaelmccracken@quinnemanuel.com | | | x |
| Sven Raz | sven.raz@weil.com | | | x |
| David J. Ruderman | davidruderman@quinnemanuel.com | | | x |
| Elizabeth Stotland Weiswasser | elizabeth.weiswasser@weil.com | | | x |
| | | | | |
| **Nanya:** | | | | |
| Jason Sheffield Angell | jangell@orrick.com | x | x | x |
| Kristin Sarah Cornuelle | kcornuelle@orrick.com | x | x | x |
| Chester Wren-Ming Day | cday@orrick.com | x | | |
| Jan Ellen Ellard | jellard@orrick.com | x | | x |
| Vickie L. Feeman | vfeeman@orrick.com | x | x | x |
| Robert E. Freitas | rfreitas@orrick.com | x | | |
| Craig R. Kaufman | hlee@orrick.com | x | | |
| Hao Li | hli@orrick.com | x | | |
| Cathy Yunshan Lui | clui@orrick.com | x | | |

ORDER REGARDING CERTAIN MOTIONS *IN LIMINE* DECIDED WITHOUT ARGUMENT: RAMBUS'S MOTIONS Nos. 21 & 23; MANUFACTURERS' MOTIONS Nos. 23 & 35 — C-05-00334 RMW; C-05-02298-RMW; C-06-00244-RMW
TSF

**United States District Court**
For the Northern District of California

| | | | | |
|---|---|---|---|---|
| Theresa E. Norton | tnorton@orrick.com | x | | |
| Mark Shean | mshean@orrick.com | x | | |
| Kaiwen Tseng | ktseng@orrick.com | x | | |

**Rambus:**

| | | | | |
|---|---|---|---|---|
| Kathryn Kalb Anderson | Kate.Anderson@mto.com | x | | x |
| Peter A. Detre | detrepa@mto.com | x | x | x |
| Erin C. Dougherty | erin.dougherty@mto.com | x | x | x |
| Sean Eskovitz | sean.eskovitz@mto.com | x | x | x |
| Burton Alexander Gross | Burton.Gross@mto.com | x | x | x |
| Keith Rhoderic Dhu Hamilton, II | keith.hamilton@mto.com | x | x | x |
| Pierre J. Hubert | phubert@mckoolsmith.com | x | x | x |
| Andrea Jill Weiss Jeffries | Andrea.Jeffries@mto.com | x | x | x |
| Miriam Kim | Miriam.Kim@mto.com | x | x | x |
| Carolyn Hoecker Luedtke | carolyn.luedtke@mto.com | x | x | x |
| Steven McCall Perry | steven.perry@mto.com | x | x | x |
| Jennifer Lynn Polse | jen.polse@mto.com | x | x | x |
| Matthew Thomas Powers | mpowers@sidley.com | x | | |
| Rollin Andrew Ransom | rransom@sidley.com | x | x | x |
| Rosemarie Theresa Ring | rose.ring@mto.com | x | x | x |
| Gregory P. Stone | gregory.stone@mto.com | x | x | x |
| Craig N. Tolliver | ctolliver@mckoolsmith.com | x | x | x |
| Donald Ward | Bill.Ward@mto.com | x | x | x |
| David C. Yang | david.yang@mto.com | x | x | x |
| Douglas A. Cawley | dcawley@mckoolsmith.com | | | x |
| Scott L Cole | scole@mckoolsmith.com | | | x |

**Samsung:**

| | | | | |
|---|---|---|---|---|
| Steven S. Cherensky | steven.cherensky@weil.com | x | x | |
| Claire Elise Goldstein | claire.goldstein@weil.com | x | x | |
| Dana Prescott Kenned Powers | dana.powers@weil.com | x | x | x |
| Matthew Douglas Powers | matthew.powers@weil.com, matthew.antonelli@weil.com | x | x | |
| Edward Robert Reines | Edward.Reines@weil.com | x | x | |

**Texas Instruments:**

| | | | | |
|---|---|---|---|---|
| Kelli A. Crouch | kcrouch@jonesday.com | x | x | x |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program in each action.

**Dated:**      12/29/2008                             TSF
                                                **Chambers of Judge Whyte**