1

2   E-filed:      2/3/2009

3

4

5   IN THE UNITED STATES DISTRICT COURT

6   FOR THE NORTHERN DISTRICT OF CALIFORNIA

    SAN JOSE DIVISION

7

8

9   HYNIX SEMICONDUCTOR INC., HYNIX       No. C-00-20905 RMW
    SEMICONDUCTOR AMERICA INC.,
    HYNIX SEMICONDUCTOR U.K. LTD., and    ORDER ENTERING STAY OF
10  HYNIX SEMICONDUCTOR                    PROCEEDINGS IN CASE NOS. C-05-00334,
    DEUTSCHLAND GmbH,                      C-05-02298 AND C-06-00244
11
            Plaintiffs,
12
        v.
13
    RAMBUS INC.,
14
            Defendant.
15

16  RAMBUS INC.,                          No. C-05-00334 RMW

17          Plaintiff,

18      v.

19  HYNIX SEMICONDUCTOR INC., HYNIX
    SEMICONDUCTOR AMERICA INC.,
20  HYNIX SEMICONDUCTOR
    MANUFACTURING AMERICA INC.,
21
    SAMSUNG ELECTRONICS CO., LTD.,
22  SAMSUNG ELECTRONICS AMERICA,
    INC., SAMSUNG SEMICONDUCTOR, INC.,
23  SAMSUNG AUSTIN SEMICONDUCTOR,
    L.P.,
24
    NANYA TECHNOLOGY CORPORATION,
25  NANYA TECHNOLOGY CORPORATION
    U.S.A.,
26
            Defendants.
27

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

| | |
|---|---|
| RAMBUS INC., | No. C-05-02298 RMW |
| Plaintiff, | |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P., | |
| Defendants. | |
| RAMBUS INC., | No. C-06-00244 RMW |
| Plaintiff, | |
| v. | |
| MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC. | |
| Defendants. | |

Rambus has accused the Manufacturers[1] of infringing various patents.  In response, the Manufacturers have each asserted the defense of unenforceability alleging that Rambus has unclean hands resulting from its destruction of documents in the late 1990's.  In *Hynix Semiconductor Inc. v. Rambus, Inc.*, — F. Supp. 2d —, 2006 WL 565893 (N.D. Cal. Jan. 5, 2006) ("*Hynix I Action*"), this court determined after a bench trial that Hynix had not established the unclean hands defense.    In 2008, the district court in Delaware held a bench trial with respect to Micron's spoliation allegations and on January 9, 2009 issued a decision that Rambus's patents were unenforceable against Micron.  *Micron Tech., Inc. v. Rambus Inc.*, — F.R.D. —, 2009 WL 54887 (D. Del. Jan. 9, 2009) ("*Micron Del. Action*").

Invoking the doctrine of issue preclusion, Micron now moves for summary judgment of

---

[1]    The court collectively refers to the Hynix, Micron, Nanya, and Samsung entities in this suit as "the Manufacturers."

**United States District Court**
For the Northern District of California

unenforceability in Case No. C-06-0244 pending in this court ("*Micron N. Cal. Action*"). The *Micron Del. Action* and the *Micron N. Cal. Action* involve essentially the same unenforceability allegations, but with some difference in the patents asserted and products accused.  Nanya and Samsung likewise move for summary judgment of unenforceability based on the argument that the *Micron Del. Action* must be given preclusive effect in the actions against them (Case No. C-05-00334 ("*HNS Action*") and Case No. 05-02298 ("*Samsung Action*").  Hynix also moves in both the *HNS Action* and the *Hynix I Action* for summary judgment of unenforceability, as well as raising a variety of issues unique to the posture of its litigation with Rambus.  Rambus opposes the motions.

The court has reviewed the papers and considered the arguments of counsel.  The parties' arguments and the inconsistency of this court's decision in *Hynix I* with that in the *Micron Del. Action* persuades the court that the *Micron N. Cal. Action*, *HNS Action,* and the *Samsung Action* should be stayed pending the resolution of any appeal from the anticipated final judgment of unenforceability in the *Micron Del. Action.*  The proceedings in *Hynix I* will continue to move forward as expeditiously possible with the anticipation that any appeal from the judgment in that case will presumably be coordinated with any appeal in the *Micron Del. Action*.  The court will address Hynix's assertion of collateral estoppel in a separate order.

### A.    The Status of These Cases

Broadly understood, this litigation involves four cases in the Northern District of California. In each case, Rambus has accused Manufacturers of infringing patents to DRAM interface technology.  The Manufacturers have asserted defenses of unclean hands based on Rambus's destruction of certain documents, as well as a variety of counterclaims including fraud and monopolization (Hynix, Nanya, and Micron) and breach of contract (Samsung).  The following table briefly summarizes the status of the cases:

| Case: | 00-20905 | 05-00334 | 05-02298 | 06-00244 |
|---|---|---|---|---|
| Manufacturers involved: | Hynix | Hynix, Nanya, Samsung | Samsung | Micron |
| Shorthand Reference: | *Hynix I Action* | *HNS Action* | *Samsung Action* | *Micron N. Cal. Action* |

ORDER ENTERING STAY OF PROCEEDINGS IN CASE NOS. C-05-00334, C-05-02298 AND C-06-00244
C-00-20905 RMW; C-05-00334 RMW; C-05-02298 RMW; C-06-00244 RMW
TSF                                                                3

**United States District Court**
For the Northern District of California

| Spoliation Trial Status: | Completed. *Hynix,* 2006 WL 565893. | Submitted for decision (Samsung). Unresolved (Hynix, Nanya). | Submitted for decision. | Unresolved. |
|---|---|---|---|---|
| Conduct Trial Status:[2] | Completed. | Completed (Hynix, Nanya). Submitted for decision (Samsung). | Submitted for decision. | Completed. |
| Patent Trial Status: | Completed. | Awaiting trial. | Awaiting trial. | Awaiting trial. |

The court has currently scheduled a consolidated patent trial for February 17, 2009 between Rambus and the four Manufacturers. On January 9, 2009 the district court in Delaware issued an opinion contrary to this court's earlier opinion in *Hynix I* regarding the applicability of the defense of unclean hands. Specifically, the Delaware court held that Rambus's destruction of documents compelled a finding that the patents at issue in that case are unenforceable. Four of those patents are also selected for trial in the *Micron N. Cal. Action*, *HNS Action,* and *Samsung Action*. The remaining patents-in-suit are in the same family as those held unenforceable in Delaware. This court has held two hearings with substantial briefing on whether the *Micron Del. Action* has any preclusive effect as between Rambus and Micron and as between Rambus and the other Manufacturers and on the wisdom of proceeding to trial between Rambus and Samsung, Nanya and Hynix before the Federal Circuit reviews the two spoliation decisions.

The court has been resolving numerous and complex post-trial motions from the *Hynix I* case. *E.g.*, *Hynix Semiconductor, Inc. v. Rambus Inc.*, 2008 WL 2951341 (Jul. 24, 2008) (denying new trial on fraud and monopolization claims); 2008 WL 5100791 (Dec. 2, 2008) (denying new trial on infringement); 2009 WL 112834 (Jan. 156, 2009) (denying new trial on obviousness and anticipation); 2009 WL — (Jan. 27, 2009) (denying new trial on written description). The court must still enter findings of fact and conclusions of law on the equitable defenses raised by Hynix and the other Manufacturers in the consolidated conduct trial and rule on Rambus's request for additional

---

[2]      By "conduct trial," the court refers to the trial held in January 2008 between Rambus and Hynix, Micron and Nanya. The Manufacturers' equitable defenses have been submitted for decision. Samsung's "conduct trial" related to its breach of contract claims and was held in September 2008; it has been submitted for decision.

**United States District Court**
For the Northern District of California

1    damages, injunctive relief, and attorney's fees in the *Hynix I Action*. The court anticipates that the

2    parties will file at least two further motions after final judgment is entered in the *Hynix I Action*.

3    Nevertheless, the court hopes to enter judgment soon to enable the Federal Circuit to consolidate the

4    appeals from the *Micron Del. Action* and *Hynix I* cases.

5         **B.    The Court's Inherent Power to Stay Litigation**

6         The trial court possesses inherent authority to control its docket, including the power to stay

7    pending litigation. *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). Plainly, the power to

8    postpone justice requires the court to exercise its discretion wisely. Thus, the court must weigh the

9    equities, taking into account (1) the possible damage caused by a stay, (2) the hardships of

10   proceeding without a stay, and (3) "the orderly course of justice measured in terms of the

11   simplifying or complicating of issues, proof, and questions of law which could be expected to result

12   from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962).[3] The Ninth Circuit has also

13   cautioned that "case management standing alone is not necessarily a sufficient ground to stay

14   proceedings" and that an order entering a stay should be definite. *Dependable Highway Exp., Inc. v.*

15   *Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007). The Ninth Circuit appears to require

16   the trial court to explain its decision to stay a case to ensure that the trial court has, in fact, exercised

17   its prudent discretion. *Cf. id.* at 1066 ("The district court's stay order is extremely terse. It consists

18   of four paragraphs and contains citations to only two cases . . .").

19        **C.    The Equities Regarding a Stay**

20         Over the course of 2008, the court has strived to balance resolving the outstanding issues in

21   ─────────────────────────

22        [3]    These matters invoke the Federal Circuit's appellate jurisdiction, and on some matters
     pertaining to patent law, the Federal Circuit applies its own precedent. *Midwest Industries, Inc. v.*
23   *Karavan Trailers, Inc.*, 175 F.3d 1356, 1360 (Fed. Cir. 1999) (en banc in relevant part). It does not
     appear that the decision to stay proceedings in a patent case implicates Federal Circuit law. *See, e.g.*,
24   *Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366, 1371 (Fed. Cir. 2006) (applying Ninth Circuit law in
     deciding whether to affirm a denial of a stay pending arbitration). Nevertheless, the Federal Circuit's
25   guidance regarding the court's authority to stay is similar to the Ninth Circuit's. *Compare Cherokee*
     *Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) *with CMAX*, 300 F.2d at
26   269. The only apparent difference is the Federal Circuit's requirement that a trial court "must first
     identify a pressing need for the stay." *Cherokee Nation*, 124 F.3d at 1416. Otherwise, the Federal
27   Circuit's guidance that a court "balance interests favoring a stay against interests frustrated by the
     action" and consider "the court's paramount obligation to exercise jurisdiction timely in cases properly
28   before it" accord with the Ninth Circuit's law.

the *Hynix I Action* while keeping the other three cases on schedule for a consolidated trial on infringement and validity.  In light of the unenforceability opinion in the *Micron Del. Action*, however, maintaining the February 17, 2009 trial date no longer serves judicial economy and fairness.  The *Micron Del. Action* raises difficult issues of preclusion that put into question the wisdom of proceeding to trial while that opinion is in place.  The desire to prevent inconsistent outcomes persuades this court that the fairest and most economically efficient way to proceed is to expeditiously enter judgment in the *Hynix I Action* so that the Federal Circuit can undertake a consolidated review of the spoliation question and bring some finality to the issue.  This lingering issue of whether or not Rambus's patents are enforceable (or subject to some lesser sanction) creates a pressing need for this court to postpone the patent infringement trial and work swiftly to prepare the *Hynix I Action* for appellate review.  A stay pending appeal of *Hynix I* may also benefit the parties and expedite the final resolution of these cases, as the decision on appeal may put to rest some vigorously contested claim construction issues that pervade these cases.

In addition, the court's ability to entertain and resolve the disputes churned up by this litigation has limits.  Even were it desirable, the court simply lacks the resources to resolve the issues in *Hynix I* to enable a swift appeal while simultaneously preparing for the consolidated patent trial in the other three cases.[4]  The court has thus concluded that a stay of the Northern California actions except *Hynix I* pending the Federal Circuit's resolution of the spoliation appeals will simplify the proceedings and conserve the parties' and the judiciary's resources.

The harm resulting from a stay should be relatively small.  With respect to the Manufacturers, a stay will delay a trial they have repeatedly urged be stayed.  As to the pending motions for issue preclusion and summary judgment, the Manufacturers can claim no harm from a stay.  Where the purportedly preclusive decision is subject to an appeal, the prudent course is to stay

---

[4]     Among other things, the parties filed roughly seventy motions *in limine*, ten *Daubert* motions, and fifteen summary judgment motions that impact the patent trial.  The court has also been resolving these motions. *See, e.g., Rambus Inc. v. Hynix Semiconductor, Inc.*, 2008 WL 5047924 (Nov. 24, 2008) (partial summary judgment of infringement); 2008 WL 5234043 (Dec. 15, 2008) (denial of summary judgment of anticipation); --- F.R.D. ----, 2008 WL 5411571 (Dec. 29, 2008) (partially granting the Manufacturers' *Daubert* Motion No. 1); 2008 WL 5411564 (Dec. 29, 2008) (granting summary judgment regarding the doctrine of equivalents).

United States District Court
For the Northern District of California

1   any determination on the second action while the appeal is resolved.  *See, e.g.*, *Arco Polymers, Inc.*

2   *v. Studiengesellschaft Kohle*, 710 F.2d 798 (Fed. Cir. 1983) ("[W]e think it appropriate to suspend

3   further proceedings in this case until we have decided *Dart*.  The decision in *Dart* may be

4   dispositive of the present case. If it is, there would be no need for us to determine the *res judicata*

5   issue in the present case."); *Maryland ex rel. Gliedman v. Capital Airlines, Inc.*, 267 F. Supp. 298,

6   305 (D. Md. 1967).  Here, the existence of inconsistent decisions on spoliation counsel against a

7   hasty application of issue preclusion to one while ignoring the other.  Although Rambus may suffer

8   some prejudice as the terms of its patents near expiration, Rambus's counsel stated at the hearing that

9   its first priority is entry of judgment in the *Hynix I Action.*[5]

10       The court is mindful that "case management standing alone" may not warrant a stay, though

11  on these facts the court believes that a stay is necessary to enable the issues to be resolved in a just

12  and expeditious manner.  The patent trial will cost, at a minimum, millions of dollars for all of the

13  parties involved.  The resolution of the spoliation question as well as claim construction questions

14  may dictate settlement, obviate the need for trial or at least narrow the issues that need to be tried.

15      **D.**    **The Contours of the Stay**

16       Both the Federal Circuit and Ninth Circuit encourage stay orders to be "definite," i.e., to set

17  an expiration and to explain their scope.  The stay imposed by this order is intended to last until the

18  Federal Circuit's resolution of at least the appeal from the judgment of unenforceability the court

19  anticipates will be entered in the *Micron Del. Action*.  This resolution will bring some clarity to the

20  _____

21       [5]

The Court:    What – priority-wise, is starting trial on February 17th or the finalization of *Hynix I* more
22               important to you?

23  Mr. Stone:    I guess the finalization of *Hynix I*.  I guess in order to ensure that this court's decisions
go up and there can be a coordinated appeal of the decision from Delaware, I think, I
think the *Hynix I* should be finalized if I had to make the choice between the two. . . .
24              I think the burden on this court as a result of these cases is extraordinary.  And I think
we – the parties need to accept the fact that that has taxed the resouces of the court and
25              we have to accept the consequences of that in terms of the scheduling, and I do.  And I
think if the – if the resources are such that we, that it takes time to get *Hynix I* resolved
26              and judgment entered before we could start a trial, then I think the trial, in my view,
should be delayed until you've had the opportunity to get *Hynix I* out[.]
27

28  *See* Rough Hrg. Tr. 73:1-74:23 (Jan. 30, 2008).

ORDER ENTERING STAY OF PROCEEDINGS IN CASE NOS. C-05-00334, C-05-02298 AND C-06-00244
C-00-20905 RMW; C-05-00334 RMW; C-05-02298 RMW; C-06-00244 RMW
TSF                7

legal standards applied to the application of the unclean hands doctrine and permit the court to make a reasoned determination on the application of issue preclusion should the Federal Circuit conclude the defense has application.

Although the court hereby stays the Northern California actions other than the *Hynix I Action*, it will continue to issue orders on matters other than *in limine* motions under submission in those cases.  The stay will not apply to any request pertaining to those orders or to any otherwise applicable time limit with respect to them.  All presently scheduled hearing dates and trial dates are vacated.  The parties shall appear for a case management conference on May 22, 2009 at 10:30 a.m. to update the court on the status of any pending appeals and to address whether or not the stay should remain in effect until an opinion is issued by the Federal Circuit.

**E.     Order**

For the foregoing reasons, the court stays the proceedings in the *HNS Action,* the *Samsung Action* and the *Micron N. Cal. Action*.  The stay will expire upon the Federal Circuit's resolution of Rambus's appeal from the Delaware court's spoliation order or further order of this court.  The parties shall appear for a case management conference on May 22, 2009 at 10:30 a.m. to address whether the stay should remain in place.

DATED:     2/3/2009

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

United States District Court
For the Northern District of California

Notice of this document has been electronically sent to counsel in: all cases.

| Counsel | Email | Appearances: 05-00334 | 05-02298 | 06-00244 | 00-20905 |
|---|---|---|---|---|---|
| **Rambus:** | | | | | |
| Kathryn Kalb Anderson | Kate.Anderson@mto.com | x | | x | |
| Peter A. Detre | detrepa@mto.com | x | x | x | x |
| Erin C. Dougherty | erin.dougherty@mto.com | x | x | x | x |
| Sean Eskovitz | sean.eskovitz@mto.com | x | x | x | x |
| Burton Alexander Gross | Burton.Gross@mto.com | x | x | x | x |
| Keith Rhoderic Dhu Hamilton, II | keith.hamilton@mto.com | x | x | x | x |
| Pierre J. Hubert | phubert@mckoolsmith.com | x | x | x | x |
| Andrea Jill Weiss Jeffries | Andrea.Jeffries@mto.com | x | x | x | |
| Miriam Kim | Miriam.Kim@mto.com | x | x | x | x |
| Carolyn Hoecker Luedtke | carolyn.luedtke@mto.com | x | x | x | x |
| Steven McCall Perry | steven.perry@mto.com | x | x | x | x |
| Jennifer Lynn Polse | jen.polse@mto.com | x | x | x | x |
| Matthew Thomas Powers | mpowers@sidley.com | x | | | |
| Rollin Andrew Ransom | rransom@sidley.com | x | x | x | x |
| Rosemarie Theresa Ring | rose.ring@mto.com | x | x | x | x |
| Gregory P. Stone | gregory.stone@mto.com | x | x | x | x |
| Craig N. Tolliver | ctolliver@mckoolsmith.com | x | x | x | x |
| Donald Ward | Bill.Ward@mto.com | x | x | x | |
| David C. Yang | david.yang@mto.com | x | x | x | x |
| Douglas A. Cawley | dcawley@mckoolsmith.com | | | x | |
| Scott L Cole | scole@mckoolsmith.com | | | x | |
| William Hans Baumgartner, Jr | wbaumgartner@sidley.com | | | | x |
| Scott W. Hejny | shejny@sidley.com | | | | x |
| Kelly Max Klaus | kelly.klaus@mto.com | | | | x |
| Catherine Rajwani | crajwani@sidley.com | | | | x |
| Thomas N Tarnay | ttarnay@sidley.com | | | | x |
| **Hynix:** | | | | | |
| Theodore G. Brown , III | tgbrown@townsend.com | x | x | x | x |
| Daniel J. Furniss | djfurniss@townsend.com | x | | | x |
| Joseph A. Greco | jagreco@townsend.com | x | | | x |
| Julie Jinsook Han | JJHan@townsend.com | x | x | x | |
| Tomomi Katherine Harkey | tharkey@omm.com | x | | | x |
| Jordan Trent Jones | jtjones@townsend.com | x | | | x |
| Patrick Lynch | plynch@omm.com | x | | | x |
| Kenneth Lee Nissly | kennissly@omm.com | x | | x | |
| Kenneth Ryan O'Rourke | korourke@omm.com | x | | | x |
| Belinda Martinez Vega | bvega@omm.com | x | x | x | x |
| Geoffrey Hurndall Yost | gyost@thelenreid.com | x | x | x | x |
| Susan Gregory van Keulen | svankeulen@omm.com | x | | x | x |
| Allen Ruby | ruby@allenrubylaw.com | | | | x |
| **Micron:** | | | | | |
| Robert Jason Becher | robertbecher@quinnemanuel.com | x | | x | x |
| John D Beynon | john.beynon@weil.com | x | x | x | x |
| Jared Bobrow | jared.bobrow@weil.com | x | x | x | x |
| Yonaton M Rosenzweig | yonirosenzweig@quinnemanuel.com | x | | x | x |

ORDER ENTERING STAY OF PROCEEDINGS IN CASE NOS. C-05-00334, C-05-02298 AND C-06-00244
C-00-20905 RMW; C-05-00334 RMW; C-05-02298 RMW; C-06-00244 RMW
TSF

**United States District Court**
For the Northern District of California

| | | | | | |
|---|---|---|---|---|---|
| 1 | Harold Avrum Barza | halbarza@quinnemanuel.com | | | x | |
| | Linda Jane Brewer | lindabrewer@quinnemanuel.com | | | x | |
| 2 | Aaron Bennett Craig | aaroncraig@quinnemanuel.com | | | x | x |
| | Leeron Kalay | kalay@fr.com | | | x | |
| 3 | David J. Lender | david.lender@weil.com | | | x | |
| | Rachael Lynn Ballard McCracken | rachaelmccracken@quinnemanuel.com | | | x | |
| 4 | Sven Raz | sven.raz@weil.com | | | x | |
| | David J. Ruderman | davidruderman@quinnemanuel.com | | | x | |
| 5 | Elizabeth Stotland Weiswasser | elizabeth.weiswasser@weil.com | | | x | |

**Nanya:**

| | | | | | |
|---|---|---|---|---|---|
| Jason Sheffield Angell | jangell@orrick.com | x | x | x | x |
| Kristin Sarah Cornuelle | kcornuelle@orrick.com | x | x | x | |
| Chester Wren-Ming Day | cday@orrick.com | x | | | |
| Jan Ellen Ellard | jellard@orrick.com | x | | x | |
| Vickie L. Feeman | vfeeman@orrick.com | x | x | x | |
| Robert E. Freitas | rfreitas@orrick.com | x | | | |
| Craig R. Kaufman | hlee@orrick.com | x | | | |
| Hao Li | hli@orrick.com | x | | | |
| Cathy Yunshan Lui | clui@orrick.com | x | | | |
| Theresa E. Norton | tnorton@orrick.com | x | | | |
| Mark Shean | mshean@orrick.com | x | | | |
| Kaiwen Tseng | ktseng@orrick.com | x | | | |

**Samsung:**

| | | | | |
|---|---|---|---|---|
| Steven S. Cherensky | steven.cherensky@weil.com | x | x | |
| Dana Prescott Kenned Powers | dana.powers@weil.com | x | x | x |
| Matthew Douglas Powers | matthew.powers@weil.com, matthew.antonelli@weil.com | x | x | |
| Edward Robert Reines | Edward.Reines@weil.com | x | x | x |

**United States Dept. of Justice**

| | | |
|---|---|---|
| May Lee Heye | may.heye@usdoj.gov | x |
| Eugene S. Litvinoff | eugene.litvinoff@usdoj.gov | x |
| Niall Edmund Lynch | Niall.Lynch@USDOJ.GOV | x |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program in each action.

**Dated:**    2/3/2009            _____
                                              TSF            
                                 **Chambers of Judge Whyte**

ORDER ENTERING STAY OF PROCEEDINGS IN CASE NOS. C-05-00334, C-05-02298 AND C-06-00244
C-00-20905 RMW; C-05-00334 RMW; C-05-02298 RMW; C-06-00244 RMW
TSF